**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **TIMOTHY RANIERI AND** | § | |
| **RENEE BURGESS** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant, United Property & Casualty Insurance Company ("United Property" or "Defendant") hereby gives notice of removal of the above-captioned matter from the County Court at Law No. 3 of Galveston County, Texas to the United States District Court for the Southern District of Texas. This Notice is timely filed pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446(b)(3) and 1446(c)(1). In support of removal, United Property states the following:

## I.      BACKGROUND

1.      On September 24, 2018, Plaintiffs, Timothy Ranieri and Renee Burgess ("Plaintiffs"), filed this action in the County Court at Law No. 3 of Galveston County, Texas, bearing Cause No. CV-0081964 (the "State Court Action") against United Property. *See* State Court Action Petition, attached hereto in **Exhibit B**. In their Original Petition, Plaintiffs seek the recovery of alleged property damages sustained during Hurricane Harvey. Attached to Plaintiffs' Original Petition was a document entitled "Exhibit E," purporting to be a binding stipulation limiting Plaintiffs' potential recovery in this suit to $75,000.00, exclusive of interests and costs.[1]

---

[1] *See* Plaintiffs' Original Petition, attached hereto in **Exhibit B**, pg. 35.

2.      On February 27, 2019, Plaintiffs' counsel sent Defendant a Proof of Loss signed and sworn to by Plaintiffs, which stated that Plaintiffs' swore that the amount claimed to be owed to them under their policy with United Property was $86,634.[2]

3.      On March 21, 2019, United Property filed a Notice of Removal to the United States District Court for the Southern District of Texas, seeking removal on diversity grounds.

4.      On June 7, 2019, Judge George C. Hanks Jr. of the United States District Court for the Southern District of Texas remanded the case to state court, finding the Plaintiffs' attachment of a binding stipulation that they would not accept damages in excess of $75,000 defeated diversity jurisdiction. *See* Order Granting Plaintiffs' Motion to Remand, attached hereto as **Exhibit C**. As a result, Judge Hanks held that United Property did not show by a preponderance of the evidence that the amount in controversy exceeded $75,000.[3] In remanding the case for jurisdictional issues for failing to establish the amount in controversy, Judge Hanks noted that if Plaintiffs were to amend their state-court petition in the future in a way that somehow negates their existing stipulation, Defendant could seek removal again at that time.

5.      After the case was remanded back to County Court in Galveston County, the parties exchanged written discovery and, after obtaining a court order compelling Plaintiffs' to appear for depositions[4], United Property deposed the Plaintiffs on September 24, 2019. At her deposition, Plaintiff Renee Burgess testified that her damages in this lawsuit exceeded $75,000, and that she was not aware of *any* stipulation limiting her potential recovery to $75,000, let alone one attached to her Petition. *See* excerpts of Plaintiff Burgess' deposition transcript, attached

---

[2] *See* Plaintiffs' Signed and Sworn Proof of Loss, attached hereto in **Exhibit B**, pg. 110.
[3] In remanding the case for jurisdictional issues for failing to establish the amount in controversy, Judge Hanks noted that if Plaintiffs were to amend their state-court petition in the future in a way that somehow negates their existing stipulation, Defendant could seek removal again at that time. *See* **Exhibit C**, at pg. 3.
[4] *See* Order Denying Plaintiffs' Motions to Quash and for Protective Orders, attached hereto in **Exhibit B**, pgs. 170-171.

hereto as **Exhibit D**. Plaintiff Burgess further testified that if such stipulation was attached to her Petition, it was done so in error, as her damages are fluid and increase daily.[5] Plaintiff Burgess testified that the $86,634 shown in the Proof of Loss was a number she, her attorneys, and their retained engineers came up with together.[6] Plaintiff Burgess' deposition testimony established that the amount in controversy in this case exceeds $75,000, and that the stipulation was attached to the Petition in bad faith, as her attorney had no power under Texas law to compromise his client's claim or enter into a stipulation surrendering his client's claim without specific authorization. *U.S. v. State of Texas*, 523 F. Supp. 703, 711-712 (E.D. Tex. 1981) ("A settlement approved by the parties' attorney is presumed valid, but can be subsequently declared void upon proof that either counsel lacked special authority from his client to enter into such an agreement"); *see also Cleere v. Blaylock*, 605 S.W.2d 294, 296 (Tex. App.—Dallas 1980).

6.    Defendant received copies of Plaintiffs' deposition transcripts on October 7, 2019. As discussed in more detail below, this case is properly and timely removed to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446(b)(3) and 1446(c)(1). Therefore, this Notice of Removal is timely filed within thirty days of the receipt of the Plaintiffs' deposition transcripts because they were the first papers "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 491 (5th Cir. 1996) (holding that a deposition transcript is "other paper" sufficient to trigger the thirty day removal clock).

## II.    PROCEDURAL STATEMENT

7.    United Property was served/received notice of the Plaintiffs' Original Petition on February 19, 2019. This Court, however, found on June 7, 2019 that it did not have subject-

---

[5] *See* **Exhibit D**.
[6] *Id*.

matter jurisdiction over the case, because the stipulation attached to Plaintiffs' Petition [that they would not accept damages exceeding $75,000] defeated diversity jurisdiction. However, in her deposition, Plaintiff Burgess testified that her damages exceeded $75,000, and that she was not aware of, and did not agree to, the stipulation attached to the Original Petition. United Property received Plaintiff Burgess' deposition transcript on October 7, 2019. Therefore, this Notice of Removal has been timely filed within 30 days of receipt of the first removable document pursuant to 28 U.S.C. § 1446(b). *See, e.g., S.W.S. Erectors,* 72 F.3d at 494 (finding defense counsel's affidavit of his understanding of the amount in controversy not to be "other paper," but deposition testimony of plaintiff's officer was "other paper"); *see also Delaney v. Viking Freight, Inc.*, 41 F.Supp.2d 672, 677 (E.D. Tex. 1999) ("The Fifth Circuit has squarely held that a deposition transcript qualifies as 'other paper' within the meaning of 28 U.S.C. § 1446(b) that can start accrual of the 30–day period for removing."); *Cox v. United Parcel Service, Inc*., No. 99-2045, 2000 WL 28176, *2 (E.D. La. Jan. 12, 2000) (upholding removal as timely based on the defendant's removal of the case within thirty days of receipt of the plaintiff's deposition transcript); *Sanchez v. Southwest Texas Equipment Distributors, Inc.*, No. SA-05-CA-1237-XR, 2006 WL 488309, *2 (W.D. Tex. Jan. 27, 2006) ("Under *S.W.S. Erectors*, the receipt of the written deposition transcript, not the oral testimony itself, triggers the running of section 1446(b)'s thirty-day removal period"); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 613 (5th Cir. 2018) (adopting bright-line rule that Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript); *Nelson v. Wal-Mart Stores Inc.*, No. 09-0302, 2009 WL 1098905, at *7 (W.D. La. Apr. 22, 2009) (removal timely when Defendants removed case within thirty days of their receipt of the deposition transcript); *Tebon v. Travelers Ins. Co.*, 392 F.Supp.2d 894, 898 (S.D. Tex. 2005).

8.      Generally, a case may not be removed under 28 U.S.C. § 1446(b)(3) on the basis of diversity jurisdiction more than 1 year after the lawsuit was initiated. 28 U.S.C. § 1446(c). "Congress created an exception to this time bar where 'the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.'" *Hoyt v. Lane Construction Corporation*, 927 F.3d 287, 292-93 (5th Cir. 2019); 28 U.S.C. § 1446(c)(1). Here, Plaintiffs' counsel acted in bad faith by attaching an invalid stipulation to the Original Petition, purporting to limit his clients' potential damages without their knowledge or consent, which precluded federal diversity jurisdiction as the amount in controversy element could not be met. Indeed, this Court granted Plaintiffs' Motion to Remand specifically because of the stipulation.[7]

### III.      DIVERSITY OF CITIZENSHIP

9.      The State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

10.      Plaintiffs are citizens of Texas. In their Petition, Plaintiffs allege that they are individuals who reside in Texas, own property in Dickinson, Texas, and own the policy of insurance issued by Defendant to cover that property.[8]

11.      United Property is not a citizen of the State of Texas. United Property is a foreign organization incorporated pursuant to the laws of the State of Florida and has its principle place of business is in Florida.

12.      Thus, there is complete diversity of citizenship between Plaintiffs and United Property.

---

[7] *See* **Exhibit C**.
[8] *See* Plaintiffs' Original Petition, attached hereto in **Exhibit B**, pgs. 10-12, at ¶¶ 1, 4, 9, and 10.

## IV.     AMOUNT IN CONTROVERSY

13.     The amount in controversy exceeds $75,000. Plaintiff Burgess admitted in her deposition that her damages exceed $75,000.[9] Plaintiff Burgess also testified that (1) she was not aware of the stipulation attached to her Petition[10]; (2) her damages are fluid, as they are "a lot more now than they were six months after Harvey"[11]; and (3) if she had ever seen the limitation, she would not have agreed to it[12]. Thus, Plaintiff Burgess' deposition testimony establishes that the amount in controversy exceeds $75,000, and the stipulation attached to her Petition was done so in bad faith, as it pleads an amount far below that which she plans to seek – and which is recoverable under Texas law – at trial. United Property first became aware this case was removable during Plaintiff Burgess' deposition on September 24, 2019. United Property then received the transcript of Plaintiff Burgess' deposition on October 7, 2019. Accordingly, this removal is timely because it is made within thirty days after the receipt by United Property of the document which first demonstrated the case was removable.

## V.     VENUE

14.     The United States District Court for the Southern District of Texas embraces the county in which the State Court Action is currently pending and, therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 1441(a).

## VI.     ATTACHMENTS

15.     Pursuant to 28 U.S.C. § 1446(a), United Property has attached to this Notice of Removal true and correct copies of the processes, pleadings orders, and other filings in the State

---

[9] *See* **Exhibit D**, Excerpts of Plaintiff Burgess' Deposition Transcript, at Page 95 Line 25 to Page 96 Line 2.
[10] *Id.* at Page 87 Lines 14-17; Page 88 Lines 6-14; and Page 95 Lines 21-24.
[11] *Id.* at Page 88 Lines 19-21.
[12] *Id.* at Page 93 Lines 2-4.

Court Action. The following documents are being filed with this Court as exhibits to this Notice of Removal:

| | |
|---|---|
| **EXHIBIT A** | **Index of Matters Being Filed** |
| **EXHIBIT B** | **All executed process in this case, including a copy of the Plaintiffs' Original Petition and a copy of Defendant's Original Answer**[13] |
| **EXHIBIT C** | **June 7, 2019 Order Granting Plaintiffs' Motion to Remand** |
| **EXHIBIT D** | **Excerpts of Plaintiff Burgess' Deposition Transcript** |
| **EXHIBIT E** | **List of all Counsel of Record** |
| **EXHIBIT F** | **Civil Cover Sheet** |

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiffs' counsel, and a copy will be promptly filed with the Clerk of the Court for the County Court at Law No. 3 of Galveston County, Texas.

## VII.   CONCLUSION

17.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

---

[13] The following is a list of all documents filed in the State Court Action, which are attached hereto in **Exhibit B**: Plaintiffs' Original Petition; Case Cover Sheet; Citation on United Property & Casualty Insurance Company; Status Conference Setting; Court Fax Transmission of Notice of Case Setting/Action to Plaintiffs' Counsel; Defendant's Original Answer to Plaintiffs' Original Petition; Defendant's Notice of Removal; Order Remanding Case From Higher Court; Court Fax Transmission of Notice of Case Setting/Action to Plaintiffs' Counsel; Court Fax Transmission of Notice of Case Setting/Action to Defense Counsel; Docket Control Order; Motion to Quash Notice of Deposition of Timothy Ranieri and for Protective Order; Proposed Order Granting Plaintiff Timothy Ranieri's Motion to Quash and for Protective Order; Motion to Quash Notice of Deposition of Renee Burgess and for Protective Order; Proposed Order Granting Plaintiff Renee Burgess' Motion to Quash and for Protective Order; Notice of Oral Hearing on Plaintiff Renee Burgess' Motion to Quash and for Protective Order; Notice of Oral Hearing on Plaintiff Timothy Ranieri's Motion to Quash and for Protective Order; Plaintiffs' First Amended Designation of Expert Witnesses; Defendant's Response to Plaintiffs' Motions to Quash Depositions and for Protective Orders; Signed Order Denying Plaintiffs' Motions to Quash and for Protective Orders; and Plaintiffs' Second Amended Designation of Expert Witnesses.

WHEREFORE, Defendant, United Property & Casualty Insurance Company, respectfully prays that the State Court Action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court and that this Court issue all necessary orders. United Property further requests any additional relief to which it may be justly entitled.

DATE: November 6, 2019.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
       Sarah R. Smith
       Texas State Bar No. 24056346
       USDC-SD Texas No. 1196616
       Sarah C. Plaisance
       Texas State Bar No. 24102361
       USDC-SD Texas No. 3310762
       24 Greenway Plaza, Suite 1400
       Houston, Texas 77046
       Telephone: 713.659.6767
       Facsimile: 713.759.6830
       sarah.smith@lewisbrisbois.com
       sarah.plaisance@lewisbrisbois.com

       ATTORNEYS FOR DEFENDANT,
       UNITED PROPERTY & CASUALTY
       INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on November 6, 2019, via e-filing addressed to:

Eric B. Dick                          ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

                                        */s/ Sarah R. Smith*
                                        Sarah R. Smith