# EXHIBIT B

## Case Information

CV-0081964 | Timothy Ranieri, et al vs. United Property & Casualty Insurance Company

| Case Number | Court | Judicial Officer |
|---|---|---|
| CV-0081964 | County Court at Law No. 3 | Ewing, Jack |

| File Date | Case Type | Case Status |
|---|---|---|
| 09/24/2018 | Contract - Consumer/Commercial/Debt | Re-Opened |

## Party

Plaintiff
Ranieri, Timothy

Active Attorneys ▾
Lead Attorney
Dick, Eric B.
Retained

Plaintiff
Renee Burgess

Active Attorneys ▾
Lead Attorney
Dick, Eric B.
Retained

Defendant
United Property & Casualty Insurance Company

Address
Ct Corporation System - 1999 BRYAN Street, Suite 900
Dallas TX 75201-3136

Active Attorneys ▾
Lead Attorney
Smith, Sarah R.
Retained

## Events and Hearings

09/24/2018 Original Petition (OCA) ▾

Original Petition

09/24/2018 Case Cover Sheet ▾

Case Cover Sheet

Comment
e-mail citation to dickdidit911@gmail.com (citation paid)

09/26/2018 Status Conference ▾

Status Conference

09/26/2018 Citation - Service ▾

Anticipated Server
Private Process Server
Anticipated Method
In Person
Comment
e-mailed to dickdidit911@gmail.com

01/10/2019 Status Conference ▾

Judicial Officer(s)
Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack
Hearing Time
1:30 PM
Result
Failure to Appear - Unexcused

02/07/2019 Court Fax Transmission ▾

Court Fax Transmission

02/19/2019 Dismissal Docket ▾

Original Type
Dismissal Docket
Judicial Officer(s)
Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack

Hearing Time

Held

Comment
**Missed Court Date: SC 1/10**

03/18/2019 Original Answer ▼

Original Answer

03/21/2019 Notice Of Removal ▼

Notice Of Removal (OCA)

04/11/2019 Status Conference ▼

Judicial Officer(s)
**Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack**

Hearing Time
**1:30 PM**

Cancel Reason
**Case Disposed**

Comment
**Retained from 2/19 DD. Must enter a DCO. FTA=dism**

06/11/2019 Order Remanding Case From Higher Court (OCA) ▼

Order Remanding Case From Higher Court (OCA)

06/13/2019 Court Fax Transmission ▼

Court Fax Transmission

06/13/2019 Court Fax Transmission ▼

Court Fax Transmission

06/25/2019 Status Conference Judge ▼

Judicial Officer(s)
**Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack**

Hearing Time
**9:30 AM**

Result
**Other**

Comment
**Order Remanding Case**

07/08/2019 Proposed Order ▾

Proposed Order to Quash

   Comment
   **To Quash**

07/08/2019 Motion To Quash ▾

Motion To Quash

07/08/2019 Proposed Order ▾

Proposed Order to Quash

   Comment
   **To Quash**

07/11/2019 Notice Of Oral Hearing ▾

Notice Of Oral Hearing

07/11/2019 Notice Of Oral Hearing ▾

Notice Of Oral Hearing

07/12/2019 Docket Control Order ▾

Docket Control Order

07/15/2019 Designation Of Expert Witnesses ▾

Designation Of Expert Witnesses

07/16/2019 Response To Motion To Quash ▾

Response To Motion To Quash

07/17/2019 Motion Hearing ▾

Original Type
**Motion Hearing**

Judicial Officer(s)
**Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack**

Hearing Time
**9:30 AM**

Result
**Held**

Motion to Quash

07/17/2019 Court Coordinator's Case Notes ▼

Comment
Order on Plaintiff's Motion to Quash and for Protective Order /s/
JDE

07/17/2019 Order Denying Motion ▼

Order Denying Motion

Comment
to Quash and for Protective Orders

10/15/2019 Designation Of Expert Witnesses ▼

Second Amended Designation Of Expert Witnesses

Comment
Second Amended

02/14/2020 Pre-Trial Conference ▼

Judicial Officer(s)
Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack

Hearing Time
10:00 AM

02/24/2020 Bench Trial ▼

Judicial Officer(s)
Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack

Hearing Time
10:00 AM

## Financial

Ranieri, Timothy
Total Financial Assessment　　　　$267.00

| Date | Transaction | Receipt | Party | Amount |
|---|---|---|---|---|
| 9/25/2018 | Transaction Assessment | | | $263.00 |
| 9/25/2018 | Payment | Receipt # 2018-16226-CC | Ranieri, Timothy | ($263.00) |
| 7/8/2019 | Transaction Assessment | | | $2.00 |
| 7/8/2019 | Payment | Receipt # 2019-14604-CC | Ranieri, Timothy | ($2.00) |
| 7/8/2019 | Transaction Assessment | | | $2.00 |
| 7/8/2019 | Payment | Receipt # 2019-14605-CC | Ranieri, Timothy | ($2.00) |

**United Property & Casualty Insurance Company**

| | | | |
|---|---|---|---|
| Total Financial Assessment | | | $10.00 |
| Total Payments and Credits | | | $10.00 |

| Date | Transaction | Receipt | Party | Amount |
|---|---|---|---|---|
| 3/19/2019 | Transaction Assessment | | | $2.00 |
| 3/19/2019 | Payment | Receipt # 2019-5434-CC | United Property & Casualty Insurance Company | ($2.00) |
| 3/22/2019 | Transaction Assessment | | | $2.00 |
| 3/22/2019 | Payment | Receipt # 2019-6018-CC | United Property & Casualty Insurance Company | ($2.00) |
| 6/24/2019 | Transaction Assessment | | | $2.00 |
| 6/24/2019 | Payment | Receipt # 2019-13521-CC | United Property & Casualty Insurance Company | ($2.00) |
| 7/11/2019 | Transaction Assessment | | | $2.00 |

| | | | | |
|---|---|---|---|---|
| 7/11/2019 | Payment | Receipt # 2019-14923-CC | United Property & Casualty Insurance Company | ($2.00) |
| 7/16/2019 | Transaction Assessment | | | $2.00 |
| 7/16/2019 | Payment | Receipt # 2019-15209-CC | United Property & Casualty Insurance Company | ($2.00) |

Renee Burgess

| | | | |
|---|---|---|---|
| Total Financial Assessment | | | $2.00 |
| Total Payments and Credits | | | $2.00 |

| | | | | |
|---|---|---|---|---|
| 7/15/2019 | Transaction Assessment | | | $2.00 |
| 7/15/2019 | Payment | Receipt # 2019-15139-CC | Burgess, Renne | ($2.00) |

## Documents

Original Petition

Case Cover Sheet

United Property & Casualty Insurance Company - Cit

Status Conference

Court Fax Transmission

Original Answer

Notice Of Removal (OCA)

Order Remanding Case From Higher Court (OCA)

Court Fax Transmission

Court Fax Transmission

Docket Control Order

Motion To Quash

Proposed Order to Quash

Details

Notice Of Oral Hearing

Notice Of Oral Hearing

Designation Of Expert Witnesses

Response To Motion To Quash

Order Denying Motion

Second Amended Designation Of Expert Witnesses

Filed
9/24/2018 5:41 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

NO. _____.
CV-0081964

| | | |
|---|---|---|
| TIMOTHY RANIERI and RENEE BURGESS, | § | IN THE COUNTY CIVIL COURT |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | AT LAW NUMBER _____ . |
| | § | Galveston County - County Court at Law No. 3 |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY, | § | |
| *Defendant* | § | GALVESTON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TIMOTHY RANIERI and RENEE BURGESS (herein "Plaintiff"), who files this, its Original Petition, against UNITED PROPERTY & CASUALTY INSURANCE COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

### I.

### Preliminary Information and Definitions

1. Insured:               TIMOTHY RANIERI and RENEE BURGESS (herein "Plaintiff")

   Policy Number:      4310023712000 (herein "Policy")

   Claim Number:      2017TX030028 (herein "Claim" or "Claim Number")

   Date of Loss:         8/27/2017 (herein "Date of Loss")

   Insured Property:   2442 KINSDALE AVENUE, DICKINSON, TX 77539

   (herein "Property" or "Insured Property")

   Insurer:                UNITED PROPERTY & CASUALTY INSURANCE COMPANY

   (herein "Defendant")

   Defendant's attorney for service is: CT CORPORATION SYSTEM

   1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201-3136

### II.

## Discovery Control Plan

2. Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

### III.

## Request for Expedited Trial Date

3. Plaintiff requests that the set the case for a trial date that is within 90 days after the discovery period in Rule 190.2(b)(1) ends.

### IV.

## Parties

4. Plaintiff is an individual who resides in Texas.

5. Defendant is a "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

### V.

## Jurisdiction

6. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks monetary relief less than $100,000 or less, including damages or any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Specifically, Plaintiff seeks damages less than $75,000.00 and will not accept any more than $75,000.00 at this time.

7. The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

### VI.

## Venue

8. Venue is proper in GALVESTON County, Texas because the insured property is situated in

GALVESTON County, Texas and/or the contract was signed in GALVESTON County, Texas. TEX. CIV.

PRAC. & REM. CODE. § 15.032

## VII.

## Facts

9.  Plaintiff was the owner of the Policy issued by Defendant.

10. Plaintiff owns the insured property.

11. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff.

12. The Plaintiff suffered a significant loss with respect to the property at issue and may have suffered additional living expenses.

13. Plaintiff submitted its claim to Defendant with a Date of Loss for damage to the dwelling and contents of the home.

14. Defendant assigned a Claim Number to Plaintiff's claim.

15. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

16. Defendant improperly paid Plaintiffs claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

17. The person hired by Defendant to prepare an estimate on Plaintiff's property appeared to be an advocate for Defendant as he/she advocated for a minimal sum of damages Plaintiff sustained.

18. Furthermore, the adjuster hired by Defendant was improperly trained, had inadequate knowledge of the type and scope of loss, have very little or no hands on experience with construction, and was not qualified to prepare the underlying estimate for damages Plaintiff suffered.

19. As Defendant briefly inspected Plaintiff's home, it created a scope of damages that was significantly less than the amount of damages Plaintiff suffered.

20. Defendant has created this environment of hiring poorly trained adjusters so as to create estimates that are substantially less than what its insured's have actually suffered.

21. Therefore Defendant failed to properly adjust both claims and summarily improperly paid the claims with

obvious knowledge and evidence of serious cosmetic and structural damage – hoping that Plaintiff would lack the knowledge of the amount of damage she actually suffered.

22. As Plaintiff strongly disagrees with the lowball scope of loss that Defendant's advocate prepared, Plaintiff has invoked appraisal.

23. All conditions precedent upon the policy had been carried out and accomplished by Plaintiff.

24. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear.

25. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.

26. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

27. Plaintiffs experience is not an isolated case.

28. The acts and omissions Defendant committed in this case, or similar acts and omission, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims.

29. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

30. Plaintiff anticipates that Defendant has and will continue to manipulate the claims process and appraisal process in an effort to underpay or deny the claim.

31. Furthermore, Plaintiff anticipates that Defendant has or will require additional steps in claiming policy benefits to which do not exist in the policy.

32. For example, Defendant routinely requires that Plaintiff prove that a dispute exists as to the claimed benefits – even though Plaintiff has sent demand letters, invoked appraisal, and filed this lawsuit to force the appraisal process.

33. Plaintiff anticipates that Defendant will require or attempt to require that Plaintiff sign a unilateral release of claims against Defendant in order for Defendant to pay any appraisal award when the policy for

insurance benefits doesn't require that.

34. Specifically, Plaintiff anticipates that Defendant will require a unilateral release of claims against Defendant before issuing payment as a result of the appraisal process.

35. This behavior is strictly forbidden under Texas Insurance Code 541.060.

36. The above actions from Defendant show that it has no intent preform on the contract when performance is due – namely, to pay policy benefits after an insured has suffered a covered loss.

37. This lawsuit is not about the *amount* of loss. Indeed, it is about Defendant's refusal to participate in the appraisal process and the actual damages Plaintiff suffered in forcing Defendant to participate in the appraisal process.

38. Plaintiff reserves all rights to invoke appraisal under the terms of insurance and is filing this lawsuit to enforce its rights of appraisal.

## VIII.

## Causes of Action:

## COUNT 1:

## Breach of Contract

1. Plaintiff and Defendant have entered into a contract for insurance benefits.

2. One of the conditions in the policy is appraisal.

3. Plaintiff has timely invoked appraisal yet Defendant refuses to participate.

4. After numerous demands, Defendant has forced Plaintiff to file a lawsuit to make Defendant participate in appraisal.

5. Plaintiff seeks an order forcing Defendant to participate in appraisal.

6. Plaintiff seeks the actual damages she/he has suffered in forcing Defendant to participate in appraisal.

7. The purpose of appraisal is to determine the amount of an insured loss.  Appraisal is a remedy available under the applicable policy to determine the amount of loss when the parties disagree.

Plaintiff has invoked the appraisal clause of the policy.  Plaintiff seeks Defendant to abide by its own policy provision and asks the Court to order the parties to participate in appraisal.

### Appraisal Demand

8.  As set forth above, Plaintiff and Defendant do not agree on the amount of Plaintiff's losses.  Therefore, Plaintiff has sent notice to Defendant that Plaintiff named its appraiser and invoked the Policy's appraisal clause referenced above.

### Once Invoked Appraisal is Mandatory and Enforceable

9.  Texas courts specifically enforce the appraisal clause in property insurance policies and this Court has the authority to order the parties to participate in compliance with this policy condition.  *State Farm v. Johnson*, 290 S.W.3d 886 (Tex. 2009); *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002).  Since 1888, when the Texas Supreme Court decided *Scottish Union & National Ins. Co. v. Clancy*, Texas courts have regularly and consistently enforced appraisal clauses by ordering the parties to comply.  *See Clancy,* 8 S.W. 63 (Tex. 1888); *In re Allstate*, 85 S.W.3d at 196.

10. Texas has consistently recognized appraisal awards as binding and enforceable, and courts indulge every reasonable presumption to sustain them.  *See, e.g., Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

    Once invoked, appraisal is mandatory.

11. A party who refuses to engage in the process is subject to judicial compulsion.  Because the amount of loss must be determined in every property damage case, "appraisals should generally go forward without preemptive intervention by the courts."  *Johnson*, 290 S.W.3d at 894.  Therefore, a court faced with a motion to compel appraisal lacks any discretion to deny it, assuming the party has timely invoked the process and otherwise complied with the policy.  *In re Allstate County Mut. Ins. Co*., 85 S.W.3d 193 (Tex. 2002) (orig. proceeding).  *Johnson*, 290 S.W.3d at 888 ("While trial courts have some discretion as to the timing of an appraisal, they have no discretion to ignore a valid appraisal clause entirely."); *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo 1999, no pet.) (mandamus will issue against a failure to order an appraisal in the proper circumstances).  An appraisal clause binds

the parties to have the extent or amount of the loss determined in a particular way. *Johnson*, 290 S.W.3d at 895.

12. The appraisal clause is thus mandatory and non-revocable and is specifically enforceable by either party. *See, e.g., Standard Fire Ins. Co. v. Fraiman*, 514 S.W.2d 343, 344-46 (Tex. Civ. App.—Houston [14th Dist] 1974, no writ) (holding that an insured can enforce the appraisal provision against an unwilling insurer); *Laas v. State Farm Mut. Ins. Co.*, 2000 WL 1125287, at *4-5 (Tex. App.—Houston [14th Dist] 2000, pet. denied) (holding the trial court has power to appoint an umpire when the parties' appointed appraisers fail to do so).

13. In *Allstate*, the Texas Supreme Court explained that denying appraisal vitiates the insurer's ability to defend against a breach of contract claim because appraisal goes to the heart of such a claim. *Allstate*, 85 S.W.3d at 196. Accordingly, the *Allstate* Court granted mandamus relief when the trial court denied a motion to compel appraisal, finding that the denial constituted an abuse of discretion and that the insurer lacked an adequate remedy by appeal.

14. The appraisal clause is a condition precedent to coverage for damages under property insurance policies. *State Farm v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009) ("…appraisal is intended to take place before suit is filed; [the Texas Supreme Court] and others have held that it is a condition precedent to suit."). The Policy contains provisions that specifically condition coverage actions on compliance by the insured with policy conditions such as the appraisal clause.

15. Pursuant to the appraisal clause and the suit against us clause, compliance with the appraisal process is a condition precedent to coverage and to the validity of Plaintiff's suit against Defendant. Either party can invoke appraisal. Both parties are bound by that invocation. Whether appraisal begins before or during litigation, the lawsuit must be abated. *Woodward v. Liberty Mut. Ins. Co.*, No. 3:09- CV-0228-G, 2010 WL 1186323 *3 (N.D. Tex. Mar. 26, 2010). "When one party to an insurance contract properly invokes the contract's appraisal clause ... a court should exercise its discretion to stay the suit pending completion of the appraisal." *Woodward*, 2010 WL 1186323 at *3; *see also In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[a] remedy to enforce a condition

precedent in its policy is abatement of the case"); *see also United Neurology, P A v. Hartford Lloyd's Ins. Co.,* No. H-10-4248, 2012 WL 423417 (S.D. Tex. Feb. 8, 2012) (abating case while the appraisal goes forward); *Rice v. Certain Underwriters at Lloyds*, Civ. A. No. H-10-4660, 2011 WL 240421 (S.D. Tex. Jan. 21, 2011) (abating case until appraisal process is complete).  There is no legal, contractual or case law support for an attempt to avoid the appraisal process.

16. If either party fails to comply with the appraisal clause, Plaintiff cannot recover under the Policy.  Further, because the respective appraisal clauses are binding upon the respective parties, there can be no breach of contract action for failure to pay amounts in excess of the award.  *Scottish Union & National Ins. Co. v. Clancy*, 8 S.W. 630, 632 (Tex. 1888); *Waterhill Cos. Ltd. v. Great American Assurance Co.*, 2006 WL 696577, slip op. at *2 (S.D. Tex. March 16, 2006); *Brownlow v. United States Automobile Ass'n*, 2005 WL 608252 (Tex. App.—Corpus Christi 2005, pet. denied); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied); P*rovidence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 878 (Tex. App.—San Antonio 1994, no writ).

17. The combination of the appraisal clause and the "suit against us" clause entitles either party to abatement of the insured's action until the completion of the appraisal.  *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo 1999, no pet) (the appraisal and no action clauses of the policy are unambiguous and enforceable, and the insureds could not sue before they complied with the appraisal clause).

18. The Policy provides a specific mechanism for resolution of disputes about the amount of loss.  That mechanism is appraisal, and it is binding on all parties.  As discussed by the courts in *Waterhill*, *Brownlow*, and *Breshears*, *supra*, if Defendant complies with the appraisal award, there can be no breach of contract, making Plaintiff's suit unnecessary.  Therefore, abatement of any further proceedings in this lawsuit pending completion of the appraisal process promotes judicial efficiency.  *See Slavonic,* 308 S.W.3d at 565; *see also Butler v Prop. & Cas. Ins. Co. of Hartford,* Civ. A. No H-10-3613, 2011 WL 2174965 (S.D. Tex. June 3, 2011) (holding that abatement of the case pending appraisal is appropriate and "in the interest of the efficient and inexpensive administration of justice").

## IX.

## **DAMAGES AND PRAYER**

19. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that

   Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from

   Defendant the following:

   a. Actual damages that Plaintiff has suffered as a result of Defendant refusing to participate in
      appraisal;

   b. Actual damages and benefit of the bargain from Defendant's refusal to pay proper policy benefits;

   c. Attorney fees that Plaintiff has incurred as a result of Defendant refusing to participate in appraisal;
      and

   d. A court order requiring Defendant to participate in appraisal

## X.

## **RESERVATION OF RIGHTS TO APPRAISAL PROCESS**

20. Plaintiff has invoked appraisal prior to filing this lawsuit.

21. Furthermore, by filing this Petition Plaintiff again invokes appraisal and renews its requests for appraisal

   as further needed and maintains its rights to the appraisal process.

22. Plaintiff specifically reserve any rights to change, supplement, amend, and add or remove disputed items

   to present to the Appraisal Panel as these items are discovered during the appraisal process.

23. In the event the appraisers are unable to select an umpire during the time period allotted, Defendant is

   formally given notice that Plaintiff intends to ask this Court to select an *independent* umpire.

24. Defendant is given notice that this lawsuit is filed without any intent to waive any appraisal rights because

   this lawsuit is not relating the *amount* of loss.

25. More specifically, this is a lawsuit brought to prevent Defendant from continuing in its attempts to avoid

   participation in the appraisal process.

26. Plaintiff reserves all rights to seek any attorney fees and actual damages that Plaintiff incurred for having

   this Court compel the appraisal process.

# XI.

## PLAINTIFF MAKES 194 REQUESTS TO DEFENDANT

27. Plaintiff makes 194.2 requests to Defendant.

28. In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all documents, electronic information, and tangible items that the Defendant has in its possession, custody, or control and may use to support Defendant's claims or defenses.


Respectfully Submitted,


**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
(713) 893-6931 Facsimile
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

<u>**EXHIBIT "A"**</u>
<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES**</u>

**I.**
**DEFINITIONS:**

1.  "You" or "Your" means the party responding to these requests.

2.  "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3.  "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

4.  The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

5.  "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

6.  "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

7.  "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

8.  "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

**II.**
**INSTRUCTIONS:**

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## III.
## <u>INTERROGATORIES</u>

1.  Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from the claim subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

ANSWER:

2.  If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

ANSWER:

3.  Identify by date, author, and result the reports generated as a result of your investigation.

ANSWER:

4.  State the following concerning notice of claim and timing of payment:
    a. The date and manner in which you received notice of the claim
    b. The date and manner in which you acknowledged receipt of the claim
    c. The date and manner in which you commenced investigation of the claim
    d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
    e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

ANSWER:

5.  Identify by date, amount and reason, the insurance payments made by you to the Plaintiff.

ANSWER:

6.  Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

ANSWER:

7.  Do you contend that appraisal is improper in this matter?

ANSWER:

8.  Do you contend that the Plaintiff has properly invoked appraisal?

9. Do you contend that Defendant should not communicate to any umpire *ex parte*?

ANSWER:

10. What relationship do you have, if any, with any umpire that you or your appraiser has suggested?

ANSWER:

11. What relationship do you have, if any, of the umpire selected or appointed in this appraisal?

<u>EXHIBIT "B"</u>
<u>PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION</u>

## I.
## DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

4. The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

5. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

6. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

7. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

8. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## PRODUCTION PROTOCOL RELATING TO
## ELECTRONICALLY STORED INFORMATION
## (ESI ATTENDANT TO DISCOVERY REQUESTS TO DEFENDANT)

1. "Information items" as used herein encompasses individual documents and records (including associated metadata) whether on paper or film, as discrete "files" stored electronically, optically, or magnetically or as a record within a database, archive, or container file. The term should be read broadly to include e-mails, messaging, word processed documents, digital presentations, and spreadsheets.

2. Consistent with Texas Rule of Civil Procedure 196.4, responsive electronically stored information (ESI) has been requested by Plaintiff in its native form; that is, in the form in which the information was customarily created, used, and stored by the native application employed by the producing party in the ordinary course of business. The producing party shall not produce in a format not requested and later assert that production as a basis of not producing in the requested format, except upon agreement by the parties prior to production or ordered by the Court. The parties are reminded of their obligation to confer and to make reasonable efforts to resolve disputes regarding production without court intervention. *See In re Weekly Homes, L.P.,* 295 S.W.3d 309 (Tex.2009); TEX. R. CIV. P. 192.4(b).

3. If it is infeasible or unduly burdensome to produce an item of responsive ESI in its native form, it may be produced in an agreed-upon near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure, or functionality as compared to the native form. Static image production formats serve as near-alternatives only for information items that are natively static images (i.e., photographs and scans). Any and all agreements between the parties on a non-native form of production shall occur prior to initial production and the agreements shall be in writing. If no agreement can be made between the parties, consistent with Texas Rule of Civil Procedure 196.4, Defendant(s) will object and file with the Court evidence that production in native or near-native form is unduly burdensome or requires extraordinary steps. In the event the Court determines that production in native or near-native format is infeasible, production shall be made in accordance with the instruction of this Protocol.

4. The table below supplies examples or agreed-upon native or near-native forms in which specific types of ESI should be produced:

| Source ESI | Native or Near Native Form or Forms Sought |
|---|---|
| | |
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |
| WordPerfect Documents | .WPD |
| Adobe Acrobat Documents | .PDF |

| Photographs | .JPG, .PDF |
|---|---|
| E-mail | Messages should be produced in a form or forms that |
| | readily support import into standard e-mail client |
| | programs; that is, the form of production should adhere to |
| | the conventions set out in RFC 5322 (the internet e-mail |
| | standard). For Microsoft Exchange or Outlook |
| | messaging, .PST format will suffice. Single message |
| | production formats like .MSG or .EML may be |
| | furnished, if source foldering data is preserved and |
| | produced. For Lotus Notes mail, furnish .NSF files or |
| | convert to .PST. If your workflow requires that |
| | attachments be extracted and produced separately from |
| | transmitting messages, attachments should be produced |
| | in their native forms with parent/child relationships to the |
| | message and container(s) preserved and produced in a |
| | delimited text file. |
| | |

5. Absent the showing of need, a party shall only produce reports from databases that can be generated in the ordinary course of business (i.e., without specialized programming skills), and these shall be produced in a delimited electronic format preserving field and record structures and names. The parties will meet and confer prior to initial production regarding programming database productions as necessary.

6. Information items that are paper documents or that require redaction shall be produced in static image formats, e.g., single-page .TIF or multipage .PDF images. If an information item contains color, the producing party shall not produce the item in a form that does not display color. The full content of each document will be extracted by optical character recognition (OCR) or other suitable method to a searchable text file produced with the corresponding page image(s) or embedded within the image file.

7. Parties shall take reasonable steps to ensure that text extraction methods produce usable, accurate, and complete searchable text.

8. Individual information items requiring redaction shall (as feasible) be redacted natively or produced in .PDF format and redacted using the Adobe Acrobat redaction feature. Redactions shall not be accomplished in a manner that serves to downgrade the ability to electronically search the unredacted portions of the item. To the extent a producing party asserts that production in .PDF format and redaction using the Adobe Acrobat redaction feature is unfeasible, the parties are directed to confer in an attempt to resolve any dispute without Court intervention. If the dispute cannot be resolved between the parties, the manner of production can be brought before the Court consistent with TEX. R. CIV. P. 196.4.

9.  Upon a showing of need, a producing party shall make a reasonable effort to locate and produce the native counterpart(s) of any .PDF or .TIF document produced. The parties agree to meet and confer prior to initial production regarding production of any such documents. This provision shall not serve to require a producing party to reveal redacted content.

10. Except as set out in this Protocol, a party need not produce identical information items in more than one form and shall globally de-duplicate identical items across custodians using each document's unique MD5 hash value. The content, metadata, and utility of an information item shall all be considered in determining whether information items are identical, and items reflecting different information shall not be deemed identical.

11. Production should be made using appropriate electronic media of the producing party's choosing provided that the production media chosen not impose undue burden or expense upon a recipient. All productions should be encrypted for transmission to the receiving party. The producing party shall, contemporaneously with production, supply decryption credentials and passwords to the receiving party for all items produced in an encrypted or password-protected form.

12. Each information item produced shall be identified by naming the item to correspond to a Bates identifier according to the following protocol:

    - The first four (4) characters of the filename will reflect a unique alphanumeric designation identifying the party making the production

    - The next nine (9) characters will be a unique, consecutive numeric value assigned to the time by the producing party. This value shall be padded with leading zeros as needed to preserve its length

    - The final five (5) characters are reserved to a sequence beginning with an underscore(_) followed by a four digit number reflecting pagination of the item when printed to a paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.

    - By way of example, a Microsoft Word document produced by Joe Johnson in its native form might be named: JJSN000000123.docx. Were the document printed out for use in deposition, page six of the printed item must be embossed with the unique identifier JJSN000000123_0006.

13. Information items designated Confidential may, at the Producing Party's option:

    - Be separately produced on electronic production media prominently labeled confidential to comply with a Protective Order, if applicable.

    - When any item so designated is converted to a printed format for any reason or

imaged format for use in any submission or proceeding, the printout or page image shall bear be labeled confidential on each page in a clear and conspicuous manner, but not so as to obscure content.

14. Producing party shall furnish a delimited load file supplying the metadata field values listed below for each information item produced (to the extent the values exist and as applicable)

**FIELD**

BeginBates

EndBates

BeginAttach

EndAttach

Custodian/Source

Source File Name

Source File Path

From/Author

To

CC

BCC

Date Sent

Time Sent

Subject/Title

Last Modified Date

Last Modified Time

Document Type

Redacted Flag (yes/no)

Hidden Content/Embedded Objects Flag (yes/no)

Confidential flag (yes/no)

MD5Hash value

Hash De-Duplicated Instances (by full path)

15. Each production should include a cross-reference load file that correlates the various files, images, metadata field values and searchable text produced.

16. Parties shall respond to each request for production by listing the Bates numbers/ranges or responsive documents produced, and where an information item responsive to these discovery requests has been withheld or redacted on a claim that it is privileged, the producing party shall furnish a privilege log in accordance with Texas Rule of Civil Procedure 193.3.

**III.**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

RESPONSE:

2. If you seek to recover attorney's fees in this lawsuit, please produce your attorney fee agreement, your attorney fee statements and invoices, any time-keeping records kept by you or your attorney, and your checks for payment of attorney's fees or expenses.

RESPONSE:

3. The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

RESPONSE:

4. A certified copy of the insurance policy pertaining to the claims involved in this suit.

RESPONSE:

5. For the last two years, your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of claims in Texas.

RESPONSE:

6. Contracts between you and the appraiser hired by you in this matter.

RESPONSE:



7. The emails, instant messages, and internal correspondence pertaining to Plaintiff's underlying claim.

RESPONSE:

8. The Plaintiff's file from the office of their insurance agent.

RESPONSE:

9. The documents reflecting reserves applied to the subject claim.

RESPONSE:

10. For the past three years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

11. For the last three years, the managerial bonus or incentive plan for managers responsible for claims.

RESPONSE:

12. The Complaint Log required to be kept by you for complaints in Texas filed over the past three years.

RESPONSE:

13. As relating to this underlying lawsuit, produce the responses, including all documents you have received, to all requests you have made for Deposition by Written Questions.

RESPONSE:

14. If you are requesting Plaintiff pay for your costs and/or expenses incurred as a result of this litigation, produce all invoices, statements, payment vouchers, payment records, checks, and proof of payment of all costs and/or expenses that you are claiming Plaintiff should be responsible for.

RESPONSE:

15. Your preferred umpire list.

RESPONSE:

## EXHIBIT "C"
## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

## I.
## DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against DEFENDANT in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of the claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against DEFENDANT in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against DEFENDANT in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

PLAINTIFF serves these requests for admissions on DEFENDANT, as allowed by Texas Rule of Civil Procedure 198.

## III.
## REQUESTS FOR ADMISSION

1.      PLAINTIFF has invoked the appraisal.

ANSWER:

2.      DEFENDANT has a preferred list of umpires.

ANSWER:

3.      PLAINTIFF has not waived its rights to appraisal.

ANSWER:

4.      DEFENDANT has refused to participate in appraisal.

ANSWER:

5.      PLAINTIFF has demanded appraisal prior to filing this lawsuit.

ANSWER:

6.      The insurance policy at issue has an appraisal provision.

ANSWER:

7.      DEFENDANT is not seeking for PLAINTIFF to pay for DEFENDANT'S attorney fees.

ANSWER:

8.      DEFENDANT is not seeking for PLAINTIFF to pay for DEFENDANT'S costs associated with this lawsuit.

ANSWER:

**EXHIBIT "D"**
**PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES**

NOW COMES Plaintiff who files this, its Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

**I.**

Plaintiff may call the following experts who are is retained:

1. Eric Dick, LL.M.
   **DICK LAW FIRM, PLLC**
   3701 Brookwoods Dr.
   Houston, Texas 77092
   (832) 207-2007
   (713) 893-6931 Fax

The above attorneys may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred and recoverable by any party to this lawsuit. Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims. The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

Information regarding Eric Dick:

| | |
|---|---|
| College: | Thomas M. Cooley |
| Degree: | Juris Doctorate |
| Distinctions: | Cum Laude |
| College: | University of Alabama |
| Degree: | Masters of Laws and Letters |

Notable information: Interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history. Named by Super Lawyers as a Rising Star. Elected as Harris County Department of Education Trustee. Elected as Vice President of the Board for Harris County Department of Education.

Mr Dick's report and resume, if not attached, will be provided to Defendant and are incorporated by reference.

The mental impressions and opinions are that fees and costs associated with this litigation are reasonable, necessary and customary in this county and surrounding counties. A reasonable fee to be charged in this case is $450.00 per hour in consideration with several factors, including:

- The nature and complexity of the case;
- The nature of the services provided by counsel;

- The time required for trial;
- The amount of money involved;
- The client's interest that is at stake;
- The responsibility imposed on counsel;
- The skill and expertise involved; and
- Those matters enumerated in State Bar Rule 1.04(b) (1)-(8), which are:
    o The time and labor required, the novelty and difficulty of the questions presented and the skill required to perform the legal services properly;
    o The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer;
    o The fee customarily charged in the locality for similar legal services;
    o The amount involved and the results obtained;
    o The time limitations imposed by the client or the circumstances;
    o The nature and length of the professional relationship with the client;
- The experience, reputation and ability of the lawyer or lawyers performing the service.

## II.

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## III.

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

## V.

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

## VI.

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## VII.

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

## VIII.

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric Dick, LLM
TBN: 24064316
**DICK LAW FIRM, PLLC**
3701 Brookwoods Dr.
Houston, Texas 77092
(832) 207-2007 Telephone
(713) 893-6931 Facsimile
eric@dicklawfirm.com

CAUSE NO. _CV-0081964_____

| | | |
|---|---|---|
| TIMOTHY RENIERI and | § | IN THE COUNTY CIVIL COURT |
| RENEE BURGESS | § | |
|     *Plaintiff,* | § | |
| | § | AT LAW NUMBER _____ |
| v. | § | |
| UNITED PROPERTY & CASUALTY | § | Galveston County - County Court at Law No. 3 |
| INSURANCE COMPANY | § | |
|     *Defendants.* | § | GALVESTON COUNTY, TEXAS |

## EXHIBIT E

COMES NOW Plaintiff by and through his/her attorney, who stipulates as follows:

1.    The total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

2.    The total damages sought by the Plaintiff in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

3.    Neither Plaintiff nor his/her attorney will accept an amount that exceeds $75,000.00 exclusive of interest and costs.

4.    Neither Plaintiff of his/her attorney will amend his/her petition after one year to plead an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5.    Neither Plaintiff nor his/her attorney will authorize anyone on his/her behalf or his/her future heirs and/or assigns, to make such an amendment.

6.    Plaintiff and his/her attorney understand and agree that Plaintiff's recovery is limited to an amount less than $75,000.00 exclusive of interest and costs.

Signed on February 9, 2018

**DICK LAW FIRM, PLLC**

_____

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
(713) 893-6931 Facsimile
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

Galveston County  County Court at Law No. 3

Filed
9/24/2018 5:41 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: CV-0081964      COURT *(FOR CLERK USE ONLY)*: _____

STYLED   TIMOTHY RANIERI and RENEE BURGESS V. UNITED PROPERTY & CASUALTY INSUANCE COMPANY

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: ERIC B. DICK, DICK LAW FIRM, ATTORNEY  Email: dickdidit911@gmail.com | Plaintiff(s)/Petitioner(s): TIMOTHY RANIERI and RENEE BURGESS | ■ Attorney for Plaintiff/Petitioner ☐ *Pro Se* Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: _____ |
| Address: 3701 BROOKWOODS DR.  Telephone: (832) 207-2007 | | Additional Parties in Child Support Case: |
| City/State/Zip: HOUSTON, TX 77092  Fax: (713) 893-6931 | Defendant(s)/Respondent(s): UNITED PROPERTY & CASUALTY INSURANCE COMPANY | Custodial Parent: |
| Signature:  State Bar No: 24064316 | [Attach additional page as necessary to list all parties] | Non-Custodial Parent:  Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ■ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: _____ | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: _____ | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: _____ | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____  ☐ Other Injury or Damage: _____ | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: _____ | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: _____ | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: _____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: _____ | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: _____ | | |
| **Tax** | *Probate & Mental Health* | | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
■ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

**FILE COPY**

County Court at Law No. 3 of Galveston County, Texas

**Case Information Statement**

September 26, 2018

*The case information statement is for administrative purposes only. It shall be filed with the parties' original pleadings and shall be served upon all other parties to the action.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Style:

**Timothy Ranieri, et al**

vs.

**United Property & Casualty Insurance Company**

Cause No. CV-0081964  Filed 09/24/18

**Status Conference Set For**
**01/10/19 @ 1:30 P.M.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Attorney for Petitioner or Pro Se | Attorney for Respondent or Pro Se |
| State Bar Number | State Bar Number |
| Address | Address |
| Phone Number | Phone Number |
| Fax Number | Fax Number |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Briefly describe the case including any special characteristics that may warrant extended discovery or accelerated disposition. If complex or expedited track requested, explain why. Attach additional sheets if necessary.

Estimated time for Discovery _____        Estimated time for Trial _____

Level 1                    Level 2                    Level 3

Signature of Attorney or Pro Se Party: _____    Date _____

Only attorney(s) or Pro Se Party(ies) are to be present at Conference
You may submit a Docket Control Order in lieu of appearance at the status conference.

# Failure to appear at status conference may result in case being Dismissed for Want of Prosecution

**Please Fill Out and Return**

FILED

2018 SEP 26  PM 3: 14



# County Court at Law No. 3
### Galveston, County, Texas

## Jack Ewing
### Judge

# NOTICE OF CASE SETTING/ACTION

February 04, 2019

ERIC B. DICK
DICK LAW FIRM PLLC
3701 BROOKWOODS DRIVE
HOUSTON TX 77092

FAX: 713-893-6931

Email: ERIC@DICKLAWFIRM.COM

CASE NUMBER: CV-0081964

CASE STYLE: TIMOTHY RANIERI, ET AL

VS.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE: February 19, 2019

TIME: 9:30 AM

TYPE OF SETTING/ACTION: DISMISSAL DOCKET
**FAILURE TO APPEAR AT THIS HEARING WILL RESULT IN DISMISSAL OF CASE**
**MISSED COURT DATE: STATUS CONFERENCE 01/10/2019**

FROM: */s/ Celeste Huffstetler /s/*
Celeste Huffstetler
COURT COORDINATOR
COUNTY COURT AT LAW NO.3
600 59TH ST, 2nd FLOOR
GALVESTON, TX 77551
(409) 621-7920

RETURN TO FAX NO.: (409) 765-3154

## CONFIDENTIALITY NOTE

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you.

# FAX CONFIRMATION

**Result: Failure**

## Sent by:

| | |
|---|---|
| Name: | Fax Sender |
| Voice Number: | |
| Fax Number: | |
| RightFax ID: | WALKUP |

*EMAILED*

## Sent to:

| | |
|---|---|
| Name: | Fax User |
| Company: | |
| Number/Address: | 7138936931 |
| Voice Number: | |
| Remote CSID: | Unknown |

---



**County Court at Law No. 3**
Galveston, County, Texas

**Jack Ewing**
Judge

**NOTICE OF CASE SETTING/ACTION**

February 04, 2019

ERIC B. DICK                                    FAX: 713-893-6931
DICK LAW FIRM PLLC
3701 BROOKWOODS DRIVE
HOUSTON TX 77092

CASE NUMBER:   CV-0081964

CASE STYLE:   TIMOTHY RANIERI ET AL

VS.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE:         February 19, 2019

TIME:         9:30 AM

TYPE OF SETTING/ACTION: DISMISSAL DOCKET
FAILURE TO APPEAR AT THIS HEARING WILL RESULT IN DISMISSAL OF CASE
MISSED COURT DATE: STATUS CONFERENCE 01/10/2019

FROM:     /s/ Celeste Huffstetler /s/
          Celeste Huffstetler
          COURT COORDINATOR
          COUNTY COURT AT LAW NO 3
          600 59TH ST, 2ND FLOOR
          GALVESTON, TX 77551
          (409) 621-7920
                                  RETURN TO FAX NO.: (409) 765-3154

CONFIDENTIALITY NOTE

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you.

## Details:

| | |
|---|---|
| Type: | Fax |
| Cover Sheet: | has a cover page |
| Body Pages: | 1 |
| Billing Code #1: | |
| Billing Code #2: | |
| Unique ID: | WAL5C584A78BE39 |
| Fax Channel: | 12 |
| Scanning Device: | 172.21.16.49 |
| Scanned at: | 02/04/19 14:21:43 |
| Submitted at: | 02/04/19 14:21:44 |
| Completed at: | 02/04/19 14:43:35 |

# Xerox WorkCentre 5330
## Transmission Report

Date & Time  02/06/2019  2 10 PM
Page   1(Last Page)

The job has been sent.

Job Date & Time          02/06/2019 2:10 PM



### County Court at Law No. 3
Galveston County, Texas

**Jack Ewing**
Judge

## NOTICE OF CASE SETTING/ACTION

February 04 2019

ERIC B DICK                                    FAX 713-893-6931
DICK LAW FIRM PLLC
3701 BROOKWOODS DRIVE                 Email - ERIC@DICKLAWFIRM.COM
HOUSTON TX 77092

CASE NUMBER    CV-0081964

CASE STYLE      TIMOTHY RANIERI ET AL

VS

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE              February 19 2019

TIME              9 30 AM

TYPE OF SETTING/ACTION  DISMISSAL DOCKET
**FAILURE TO APPEAR AT THIS HEARING WILL RESULT IN DISMISSAL OF CASE**
MISSED COURT DATE  STATUS CONFERENCE 01/10/2019

FROM        /s/ Celeste Huffstetler /s/
            Celeste Huffstetler
            COURT COORDINATOR
            COUNTY COURT AT LAW NO 3
            600 59TH ST  2ND FLOOR
            GALVESTON TX 77551
            (409) 621-7920

                              RETURN TO FAX NO  (409) 765-3154

CONFIDENTIALITY NOTE

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited  If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the documents from you

| Date & Time Sent | Recipient Information | Result |
|---|---|---|
| 02/06/2019 2 10 PM | eric@dicklawfirm.com | Completed |

## FILED

2019 FEB -7  AM 8: 35

COUNTY CLERK
GALVESTON COUNTY TEXAS

Filed
3/18/2019 10:43 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

## CAUSE NO: CV-0081964

| | | |
|---|---|---|
| **TIMOTHY RANIERI AND RENEE BURGESS** | § | **IN THE COUNTY CIVIL COURT** |
| | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 3** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **GALVESTON COUNTY, TEXAS** |

## DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S VERIFIED ORIGINAL ANSWER, SUBJECT TO DEFENDANT'S PLEA TO THE JURISDICTION, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("United Property,") in the above-entitled and numbered cause and files this, its Answer to Plaintiffs' Original Petition, subject to United Property's Plea to the Jurisdiction[1], which it will file shortly, and would respectfully show unto the Court the following:

## I.

## GENERAL DENIAL

United Property & Casualty Insurance Company asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs be required to prove their charges and allegations against United Property & Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

---

[1] Defendant reserves its right to challenge whether Plaintiffs have affirmatively demonstrated that the Court has subject matter jurisdiction to address Plaintiffs' claims.

## II.

## DENIAL OF CONDITION PRECEDENT

2.1     The Policy contains certain conditions that have not been satisfied that bar Plaintiffs' recovery, in whole or in part:

### A.     NO ACTION CLAUSE

2.2     The Policy specifically provides, as a condition to property loss coverage, that no suit can be brought against United Property unless the policy provisions have been complied with:

### C.     Duties After Loss

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

**5.**     Cooperate with us in the investigation of a claim;

**7.**     As often as we reasonably require:

**a.** Show the damaged property:
**b.** Provide us with records and documents we request and permit us to make copies;

**8.**     Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

**a.** The time and cause of loss;

**b.** The interests of all "insureds" and all others in the property involved and all liens on the property;

**c.** Other insurance which may cover the loss;

**d.** Changes in title or occupancy of the property during the term of the policy;

**e.** Specifications of damaged buildings and detailed repair estimates;

**f.** The inventory of damages personal property described in **6.** above;

**g.** Receipts for additional living expenses incurred and records that support the fair rental value loss;

\*\*\*

### F.    Appraisal

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to an umpire. A decision agreed to by any two will set the amount of loss.

\*\*\*

### H.    Suit Against Us

No action can be brought against us unless there has been full compliance with all the terms under Section **I** of this policy and the action is started within two years after the date of loss.

2.3    Both Plaintiffs' failure to submit a signed and sworn proof of loss within 60 days of United Property's request, as well as Plaintiffs' failure to comply with the Appraisal provision and complete the appraisal process, constitute a breach of the "no action" clause. Accordingly, Plaintiffs are barred from proceeding with their lawsuit and from recovering damages, attorneys' fees, interest or other amounts from United Property unless and until the policy conditions have been satisfied.

**B.    LOSS DURING THE POLICY PERIOD**

2.4    The Policy does not cover damages which occurred prior to Policy inception regardless of whether such damages were apparent at the time of the inception of the Policy or discovered at a later date. To the extent that any part of the loss which Plaintiffs complain did not occur during the applicable policy period, the Policy provides no coverage for same.

**C.    LOSS ABOVE THE DEDUCTIBLE**

2.5    United Property's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

## III.

## DEFENSES

3.1    Plaintiffs have failed to affirmatively allege a justiciable controversy within this Court's subject matter jurisdiction. Specifically, Plaintiffs state that they have made a demand for appraisal, Defendant has refused to participate in appraisal, and therefore, Plaintiffs seek an "order forcing Defendant to participate in appraisal."[2] Despite the fact that Defendant had agreed to participate in appraisal prior to the filing of this lawsuit, the Court should dismiss this case because Plaintiffs merely seek an advisory opinion from the Court, which is prohibited under Texas law.

3.2    United Property & Casualty Insurance Company denies that the required conditions precedent were performed and/or occurred.

---

[2] *See* Plaintiffs' Original Petition, at *Causes of Action*, ¶¶ 1-8.

3.3     The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom United Property had no control, including but not limited to Plaintiffs, therefore, United Property is not liable to Plaintiffs.

3.4     United Property issued a policy of insurance to Timothy Ranieri and Renee Burgess, and United Property adopts its terms, conditions and exclusions as if copied *in extenso*.

3.5     The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

3.6     The Policy does not cover loss caused by mold, fungus or wet rot.

3.7     The Policy does not cover damages caused by flood, surface water or water below the surface of the ground.

3.8     The Policy does not cover loss caused by constant or repeated seepage or leakage of water or steam or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years.

3.9     The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.

3.10     United Property is entitled to any credits or set-offs for prior payments by United Property or other third parties.

3.11     To the extent that some or all of Plaintiffs' claims may have been fully adjusted and payment tendered, Plaintiffs are only entitled to one satisfaction or recovery for their alleged damages.

3.12     To the extent that Plaintiffs' damages are determined to be the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

3.13    To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

## IV.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiffs are requested to disclose the information or material described in Rule 194.

## V.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, United Property & Casualty Insurance Company, respectfully prays that Plaintiffs take nothing by their suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which United Property & Casualty Insurance Company may be justly entitled.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*

Sarah R. Smith
Texas State Bar No. 24056346
Sarah C. Plaisance
Texas State Bar No. 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 18th day of March, 2019.

Eric B. Dick                                      ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

*/s/ Sarah R. Smith*_____
Sarah R. Smith

## **VERIFICATION**

STATE OF TEXAS        §
                                §
COUNTY OF HARRIS    §

     BEFORE ME, the undersigned authority, on this day personally appeared Sarah C. Plaisance,

who being by me first duly sworn did on her oath depose and say that every factual assertion

contained within Section II – Denial of Condition Precedent, Subsection A, as required by Tex. R.

Civ. P. 93(12), is true and correct.

_____
Sarah C. Plaisance

SUBSCRIBED AND SWORN TO BEFORE ME this March  18 , 2019

_____
Notary Public, State of Texas

_____
Printed Name of Notary

My Commission Expires:



Stephanie Valentz
My Commission Expires
03/12/2022
ID No. 11947977

Filed
3/21/2019 4:30 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

**CAUSE NO: CV-0081964**

| | | |
|---|---|---|
| TIMOTHY RANIERI AND RENEE BURGESS | § § § | IN THE COUNTY CIVIL COURT |
| VS. | § § | AT LAW NO. 3 |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | § § | GALVESTON COUNTY, TEXAS |

## NOTICE OF FILING NOTICE OF REMOVAL

Defendant, United Property & Casualty Insurance Company, filed a Notice of Removal in federal court at 4:10 p.m. on March 21, 2019.   The Notice of Removal is attached as Exhibit A. This action is now pending in the United States District Court for the Southern District of Texas, Galveston Division.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH

By: */s/ Sarah R. Smith*
Sarah R. Smith
Texas State Bar No. 24056346
Sarah C. Plaisance
Texas State Bar No. 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

4816-9505-3453.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 21st day of March, 2019.

Eric B. Dick                                    ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

/s/ Sarah R. Smith
Sarah R. Smith

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **TIMOTHY RANIERI AND** | § | |
| **RENEE BURGESS** | § | **CIVIL ACTION NO. 3:19-cv-00115** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |

---

### NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("United Property" or "Defendant"), Defendant herein, removes to this Court the state court action pending in the County Court at Law No. 3 of Galveston County, Texas, invoking this Court's diversity jurisdiction, on the grounds explained below.

### I.     BACKGROUND

1.     On September 24, 2018, Plaintiffs Timothy Ranieri and Renee Burgess ("Plaintiffs") filed the present action in the County Court at Law No. 3 of Galveston County, Texas, bearing Cause No. CV-0081964 (the "State Court Action") against United Property. *See* State Court Action Petition, attached hereto as **Exhibit 2**.

2.     United Property was served/received notice of this lawsuit on February 19, 2019. Thus, this Notice of Removal of the case to the United States District Court is timely filed by Defendant, as it is filed not more than thirty (30) days after service of the Petition on United Property, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.    BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

3.    Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because:  (1) there is complete diversity between Plaintiffs and United Property, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.    Complete diversity exists between Plaintiff and Ocean Harbor.**

4.    Plaintiffs' State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.    Plaintiffs are citizens of Texas. In their Petition, Plaintiffs allege that they are individuals who reside in Texas, own property in Dickinson, Texas, and own the policy of insurance issued by Defendant to cover that property.[1]

6.    United Property is not a citizen of the State of Texas. United Property is a foreign organization incorporated pursuant to the laws of the State of Florida and has its principle place of business is in Florida.

7.    Thus, there is complete diversity of citizenship between Plaintiffs and United Property.

**B.    Amount in Controversy Exceeds $75,000.**

8.    Plaintiffs' Original Petition states that Plaintiffs seek "monetary relief less than $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees." Plaintiffs go on to state that "specifically," they seek "damages less than $75,000.00 and will not accept any more than $75,000.00 *at this time*."[2] (Emphasis added). Further, although it is not mentioned or referenced anywhere within the body of Plaintiffs'

---

[1] *See* Plaintiffs' Original Petition, at ¶¶ 1, 4, 9, and 10.
[2] *Id*. at ¶ 6.

Petition, Exhibit E attached to the Petition, following 15 pages and four other exhibits, is a document which characterizes itself as a stipulation and states that the "total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interests and costs."[3] The exhibit goes on to state that the "total damages sought by Plaintiff…does not exceed $75,000.00 exclusive of interests and costs," "neither Plaintiff nor his/her attorney will accept an amount that exceeds $75,000.00 exclusive of interests in costs," nor will they "amend his/her petition after one year to plead an amount in controversy in excess of $75,000.00, exclusive of interest and costs," nor will they "authorize anyone on his/her behalf or his/her future heirs and/or assigns, to make such an amendment."[4] The final paragraph of the exhibit states that "Plaintiff and his/her attorney understand and agree that Plaintiff's recovery is limited to an amount less than $75,000.00 exclusive of interests and costs."[5] The exhibit, or alleged "stipulation", is not signed by either Plaintiff, but rather only by Plaintiffs' counsel of record, Eric Dick, and it is dated February 9, 2018, over seven months before the Petition was filed.[6]

9.      As an initial matter, the Petition itself states two different maximum amounts of damages. In Section V, Jurisdiction, the Petition states that the amount in controversy is "less than $100,000 or less", but also that Plaintiffs seek "damages less than $75,000.00 and will not accept any more than $75,000.00 *at this time*."[7] (Emphasis added). However, Texas law does not permit a plaintiff to plead a specific amount of damages.[8] Rule 47 of the Texas Rules of Civil Procedure requires an initial pleading to elect from among a pre-defined set of ranges of damages; the Rule does not permit a plaintiff to plead that plaintiff's damages are less than

---

[3] *See* Plaintiffs' Petition, at Exhibit E, ¶ 1.
[4] *Id*. at ¶¶ 2-4.
[5] *Id*. at ¶ 5.
[6] Plaintiffs' Petition, at Exhibit E.
[7] Plaintiffs' Petition, at ¶ 6.
[8] TEX. R. CIV. P. 47(b)-(c).

$75,000.00 or that plaintiff's damages do not exceed $75,000.00 at this time.[9] Here, Plaintiffs'
Original Petition fails to comply with Rule 47 of the Texas Rules of Civil Procedure. A bare
assertion in a pleading that damages are less than $75,000, "at this time," without more, is not
binding on Plaintiffs and does not determine the amount in controversy for purposes of federal
jurisdiction, especially when that assertion is preceded by a confusing statement that the amount
in controversy is "less than $100,000 or less."[10]

10.    "Where diversity of citizenship exists, the amount in controversy requirement is
met if (1) it 'is apparent from the face of the petition that the claims are likely to exceed $75,000,
or, alternatively, (2) the defendant sets forth 'summary judgment type evidence'' of facts in
controversy that support a finding of the requisite amount."[11] Thus, where the amount in
controversy is not facially apparent in the petition, courts may look past the pleadings to analyze
a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit, including
punitive damages.[12] Here, this analysis plainly sets the amount in controversy past the $75,000
threshold for this Court's jurisdiction.[13]

11.    Plaintiffs' pre-suit demand dated April 16, 2018, claims that "the specific amount

---

[9] *See* Plaintiffs' Original Petition, attached hereto in **Exhibit 2**, at ¶ 6; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); *Ford v. United Parcel Service, Inc. (Ohio)*, No. 3:14-cv-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (Fitzwater, J.) (There is no provision in Rule 47 permitting a plaintiff to plead for damages "not to exceed $74,000"); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) (Alvarez, J.) (Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000); *Manesh v. Nationwide General Insurance Company*, No. 5:17-CV-1213-DAE, 2018 WL 1887291, at *2 (W.D. Tex. Mar. 2, 2018) (Ezra, D.) (finding that the language in plaintiffs state court petition "damages are less than $75,000, exclusive of interest and costs," did not control because it violated TRCP 47 and constituted bad faith).

[10] *Ford v. United Parcel Service (Ohio)*, 2014 WL 41059565 at *4; *Manesh v. Nationwide General Insurance Company*, 2018 WL 1887291 at *2.

[11] *Real T LLC v. State Farm Fire and Cas. Co.*, No. 07-8754, at *1 (E.D. La. Nov. 18, 2008) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)) (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1990)).

[12] *See Villarreal v. State Farm Lloyds*, No. 7:15-CV-292, 2015 WL 5838876, at *2 (S.D. Tex. Oct. 7, 2015) (Alvarez, J.).

[13] *See* **Exhibit 3**, Plaintiffs' demand letter dated April 16, 2018; *see also* **Exhibit 4**, Plaintiffs' Sworn Statement in Proof of Loss, dated February 23, 2019; *see also Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807-08 (W.D. Tex. 2008) (Martinez, J.) (considering pre-suit demand to establish amount in controversy).

alleged to be owed by the insurer on the claim for damage to or loss of covered property" is $69,152.41 in replacement cost value, $41,491.45 on an actual cash value basis, and that their attorneys' fees and costs total $10,000.[14] More recently, Plaintiffs submitted a Sworn Statement in Proof of Loss, which was signed by both Plaintiffs and notarized on February 23, 2019—over one year after the document attached to Plaintiffs' Petition as Exhibit E was signed and five months after the Petition was filed.[15] In the Sworn Statement in Proof of Loss, Plaintiffs swear that the amount claimed to be owed to them under their policy with United Property is $86,634.[16] Plaintiffs' Petition asserts a cause of action for Breach of Contract and states that Plaintiffs seek to recover actual damages and attorneys' fees.[17]

12.     The Exhibit E attached to Plaintiffs' Petition should be disregarded by the Court and not considered for the purposes of diversity jurisdiction because it is ambiguous and unclear.[18] The alleged "stipulation" does not reference either Plaintiff by name, except for in the lawsuit caption; it is not referred to or otherwise mentioned in the body of the actual Petition; it is not signed by either Plaintiff; and it is dated February 9, 2018, which is over seven months before the lawsuit was actually filed.[19] When construing a stipulation, Texas courts determine the "intent of the parties from the language used in the entire agreement, examining the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitude of the parties with respect to the issue."[20]

13.     The Plaintiffs' intent in attaching exhibit E to their Petition is unclear. It appears that this was done by their counsel in attempt to undermine federal jurisdiction. Plaintiffs'

---

[14] *See* **Exhibit 3**.
[15] *See* **Exhibit 4**.
[16] *Id.*
[17] *See* Plaintiffs' Petition, at P. 13.
[18] *Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 822 (Tex. App.—Houston [1st Dist.] 1999) ("If the stipulation is ambiguous or unclear, it should be disregarded by the trial court.")
[19] *Id.* at Exhibit E.
[20] *Rosenboom*, 995 S.W.2d at 822.

Petition alleges the amount in controversy is less than $100,000, but also that the Plaintiffs' do not seek an amount in excess of "75,000, *at this time*." That language does not allude to the alleged "stipulation" attached by Plaintiffs' counsel nor does it state the parties intent to never seek more than $75,000 in this lawsuit. Rather, the "at this time" language provides Plaintiffs with an escape route in the event they can establish, throughout the course of this litigation, that their damages exceed $75,000, or in the event that a jury believes they are entitled to more than $75,000. Further, the attachment of exhibit E to the Petition provides Plaintiffs' counsel with an escape route in the event defense counsel decided to remove this case to federal court. This is even more evident in light of the Sworn Statement in Proof of Loss that was just submitted to United Property by Plaintiffs' counsel and was signed by both Plaintiffs and notarized on February 23, 2019, and swears that Plaintiffs' are claiming Defendant owes them $86,634 under the policy.[21]

14.    The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibits 2, 3,** and **4**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.   VENUE

15.    Venue for removal is proper in this district and division because this district embraces the County Court at Law No. 3 of Galveston County, Texas, the forum in which the removed action was pending.

### IV.   ATTACHMENTS

16.    United Property will promptly provide written notice to Plaintiffs through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiffs' counsel of record, and to the Clerk of the Court for the County Court at Law No. 3 of

---

[21] *See* **Exhibit 4**.

Galveston County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

17.     Copies of all pleadings, process, order, requests for trial by jury, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

18.     The following documents are being filed with this Court as exhibits to this Notice of Removal:

| | |
|---|---|
| **EXHIBIT 1** | **Index of Matters Being Filed;** |
| **EXHIBIT 2** | **All executed process in this case, including a copy of the Plaintiffs' Original Petition and a copy of Defendant's Original Answer;** |
| **EXHIBIT 3** | **Plaintiffs' Demand Letter;** |
| **EXHIBIT 4** | **Plaintiffs' Sworn Statement in Proof of Loss;** |
| **EXHIBIT 5** | **List of all Counsel of Record;** |
| **EXHIBIT 6** | **Civil Cover Sheet.** |

## V.     CONCLUSION

19.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant, United Property & Casualty Insurance Company, respectfully prays that the state court action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court and that this Court issue all necessary orders. United Property further requests any additional relief to which it may be justly entitled.

DATE: March 21, 2019.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
    Sarah R. Smith
    Texas State Bar No. 24056346
    Sarah C. Plaisance
    Texas State Bar No. 24102361
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com
    sarah.plaisance@lewisbrisbois.com

    ATTORNEYS FOR DEFENDANT,
    UNITED PROPERTY & CASUALTY
    INSURANCE COMPANY

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on March 21, 2019, via e-filing addressed to:

Eric B. Dick                  *Via Eserve*
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

                          */s/ Sarah R. Smith*
                          Sarah R. Smith

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **TIMOTHY RANIERI AND** | § | |
| **RENEE BURGESS** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |

## INDEX OF MATTERS BEING FILED

1.     Notice of Removal

2.     **Exhibit 1** – Index of Matters Being Filed

3.     **Exhibit 2** – All executed process in this case, including a copy of the Plaintiffs' Original Petition and a copy of Defendant's Original Answer

4.     **Exhibit 3** – Plaintiffs' Demand Letter

5.     **Exhibit 4** – Plaintiffs' Sworn Statement in Proof of Loss

6.     **Exhibit 5** – List of All Counsel of Record

7.     **Exhibit 6** – Civil Cover Sheet

**EXHIBIT 1**

## Case Information

CV-0081964 | Timothy Ranieri, et al vs. United Property & Casualty Insurance Company

| Case Number | Court | Judicial Officer |
|---|---|---|
| CV-0081964 | County Court at Law No. 3 | Ewing, Jack |

| File Date | Case Type | Case Status |
|---|---|---|
| 09/24/2018 | Contract - Consumer/Commercial/Debt | Filed/Open |

## Party

**Plaintiff**
Ranieri, Timothy

Active Attorneys ▾
Lead Attorney
Dick, Eric B.
Retained

**Plaintiff**
Renee Burgess

Active Attorneys ▾
Lead Attorney
Dick, Eric B.
Retained

**Defendant**
United Property & Casualty Insurance Company

Address
Ct Corporation System - 1999 BRYAN Street, Suite 900
Dallas TX 75201-3136

Active Attorneys ▾
Lead Attorney
Smith, Sarah R.
Retained

**EXHIBIT 2**

## Events and Hearings

09/24/2018 Original Petition (OCA) ▾

Original Petition

09/24/2018 Case Cover Sheet ▾

Case Cover Sheet

Comment
e-mail citation to dickdidit911@gmail.com (citation paid)

09/26/2018 Status Conference ▾

Status Conference

09/26/2018 Citation - Service ▾

Anticipated Server
Private Process Server

Anticipated Method
In Person
Comment
e-mailed to dickdidit911@gmail.com

01/10/2019 Status Conference ▾

Judicial Officer(s)
Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack

Hearing Time
1:30 PM

Result
Failure to Appear - Unexcused

02/07/2019 Court Fax Transmission ▾

Court Fax Transmission

02/19/2019 Dismissal Docket ▾

Original Type
Dismissal Docket

**EXHIBIT 2**

Judicial Officer(s)
Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack

Hearing Time
9:30 AM

Result
Held

Comment
Missed Court Date: SC 1/10

03/18/2019 Original Answer ▾

Original Answer

04/11/2019 Status Conference ▾

Judicial Officer(s)
Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack

Hearing Time
1:30 PM

Comment
Retained from 2/19 DD. Must enter a DCO. FTA=dism

# Financial

Ranieri, Timothy
| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $263.00 |
| Total Payments and Credits | | | | $263.00 |
| 9/25/2018 | Transaction Assessment | | | $263.00 |
| 9/25/2018 | Payment | Receipt # 2018-16226-CC | Ranieri, Timothy | ($263.00) |

United Property & Casualty Insurance Company
| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $2.00 |
| Total Payments and Credits | | | | $2.00 |
| 3/19/2019 | Transaction Assessment | | | $2.00 |

**EXHIBIT 2**

| 3/19/2019 | Payment | Receipt #<br>2019-5434-<br>CC | United Property<br>& Casualty<br>Insurance<br>Company | ($2.00) |

## Documents

Original Petition

Case Cover Sheet

United Property & Casualty Insurance Company - Cit

Status Conference

Court Fax Transmission

Original Answer

**EXHIBIT 2**

# View Document - Case Cover Sheet

Pages: 1

Galveston County - County Court at Law No. 3

Filed
9/24/2018 5:41 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: CV-0081964          COURT *(FOR CLERK USE ONLY)*:

STYLED TIMOTHY RANIERI and RENEE BURGESS V. UNITED PROPERTY & CASUALTY INSUANCE COMPANY

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: ERIC B. DICK<br>DICK LAW FIRM,<br>ATTORNEY<br><br>Email:<br>dickdidit911@gmail.com | Plaintiff(s)/Petitioner(s):<br><br>TIMOTHY RANIERI and<br><br>RENEE BURGESS | ☑Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br>3701 BROOKWOODS DR.<br><br>City/State/Zip:<br>HOUSTON, TX 77092<br><br>Signature: | Telephone:<br>(832) 207-2007<br><br>Fax:<br>(713) 893-6931<br><br>State Bar No:<br>24064316 | Defendant(s)/Respondent(s):<br><br>UNITED PROPERTY & CASUALTY<br><br>INSURANCE COMPANY<br><br>[Attach additional page as necessary to list all parties] | Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law |
|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** / **Post-judgment Actions (non-Title IV-D)** |

*Debt/Contract*
- ☑Consumer/DTPA
- ☐Debt/Contract
- ☐Fraud/Misrepresentation
- ☐Other Debt/Contract

*Foreclosure*
- ☐Home Equity—Expedited
- ☐Other Foreclosure
- ☐Franchise
- ☐Insurance
- ☐Landlord/Tenant
- ☐Non-Competition
- ☐Partnership
- ☐Other Contract:

- ☐Assault/Battery
- ☐Construction
- ☐Defamation
*Malpractice*
- ☐Accounting
- ☐Legal
- ☐Medical
- ☐Other Professional Liability:

- ☐Motor Vehicle Accident
*Product Liability*
- ☐Asbestos/Silica
- ☐Other Product Liability List Product:

- ☐Other Injury or Damage:

- ☐Eminent Domain/ Condemnation
- ☐Partition
- ☐Quiet Title
- ☐Trespass to Try Title
- ☐Other Property:

**Related to Criminal Matters**
- ☐Expunction
- ☐Judgment Nisi
- ☐Non-Disclosure
- ☐Seizure/Forfeiture
- ☐Writ of Habeas Corpus— Pre-indictment
- ☐Other:

**Marriage Relationship**
- ☐Annulment
- ☐Declare Marriage Void
*Divorce*
- ☐With Children
- ☐No Children

**Other Family Law**
- ☐Enforce Foreign Judgment
- ☐Habeas Corpus
- ☐Name Change
- ☐Protective Order
- ☐Removal of Disabilities of Minority
- ☐Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐Enforcement
- ☐Modification—Custody
- ☐Modification—Other

**Title IV-D**
- ☐Enforcement/Modification
- ☐Paternity
- ☐Reciprocals (UIFSA)
- ☐Support Order

**Parent-Child Relationship**
- ☐Adoption/Adoption with Termination
- ☐Child Protection
- ☐Child Support
- ☐Custody or Visitation
- ☐Gestational Parenting
- ☐Grandparent Access
- ☐Parentage/Paternity
- ☐Termination of Parental Rights
- ☐Other Parent-Child:

| Employment | Other Civil |
|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: |

| Tax | Probate & Mental Health |
|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**
- ☐Appeal from Municipal or Justice Court
- ☐Arbitration-related
- ☐Attachment
- ☐Bill of Review
- ☐Certiorari
- ☐Class Action
- ☐Declaratory Judgment
- ☐Garnishment
- ☐Interpleader
- ☐License
- ☐Mandamus
- ☐Post-judgment
- ☐Prejudgment Remedy
- ☐Protective Order
- ☐Receiver
- ☐Sequestration
- ☐Temporary Restraining Order/Injunction
- ☐Turnover

**4. Indicate damages sought *(do not select if it is a family law case)*:**
- ☑Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☐Over $100, 000 but not more than $200,000
- ☐Over $200,000 but not more than $1,000,000
- ☐Over $1,000,000

Rev 2/13

**EXHIBIT 2**

## View Document - United Property & Casualty Insurance Company - Cit

Pages: 1

CITATION

DOCKET NO. CV-0081964

County Court at Law No. 3

Timothy Ranieri, et al

vs.

United Property & Casualty Insurance Company

FILE COPY

THE STATE OF TEXAS
COUNTY OF GALVESTON

TO:   United Property & Casualty Insurance Company - may be served by serving:

CT Corporation System
1999 Bryan Street Suite 900
Dallas TX 75201-3136

GREETING:

You have been sued. You may employ an attorney. **If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you.** Said written answer may be filed by mailing same to: Galveston County Clerk's Office, 600 59th Street, Suite 2001, Galveston, Texas 77551-4180. The case is presently before Honorable Jack Ewing, County Court at Law No. 3 of Galveston County, at the Galveston County Justice Center in Galveston, Texas.

SAID PLAINTIFF'S ORIGINAL PETITION WAS FILED ON SEPTEMBER 24, 2018, under DOCKET NO. CV-0081964, with the style of the cause being: Timothy Ranieri, et al  vs.  United Property & Casualty Insurance Company.
The name and address of the plaintiff or the attorney of record is: Eric B. Dick, Dick Law Firm PLLC 3701 Brookwoods Drive Houston TX 77092. A copy of Plaintiff's Original Petition together with case information statement accompany this citation and are made a part hereof.

If this citation is not served, it shall be returned unserved.

ISSUED UNDER MY HAND AND SEAL OF OFFICE, at Galveston, Texas, on this, the 26th day of September, 2018.

Dwight D. Sullivan, Galveston County Clerk
County Court at Law No. 3
Galveston County, Texas

By   /s/  Debra Marquez   Deputy
Debra Marquez

============================================================
OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___.M., and executed in _____ County, Texas by delivering to each of the with named person a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying true and correct copy of the Plaintiff's Original Petition, at the following times and places, to-wit:

| Name | Date | Time | Place |
|------|------|------|-------|
|      |      |      |       |

FEES - Serving                                   Name of Officer or Authorized Person

AMOUNT $_____   _____ County, Texas

                                    By _____ Deputy

Authorized Person's Verification:
On this day personally appeared_____, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
Sworn to and subscribed before me on this, the _____ day of _____, 20___.

_____
Notary Public
In and For the State of Texas

Notary's Name Printed: _____

Commission Expires: _____

2018 SEP 26 PM 3:14

COUNTY CLERK

**EXHIBIT 2**

Filed
9/24/2018 5:41 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

NO. _____.
CV-0081964

| | | |
|---|---|---|
| **TIMOTHY RANIERI and RENEE BURGESS,** | § | **IN THE COUNTY CIVIL COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **AT LAW NUMBER** _____. |
| | § | Galveston County - County Court at Law No. 3 |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY,** | § | |
| *Defendant* | § | **GALVESTON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TIMOTHY RANIERI and RENEE BURGESS (herein "Plaintiff"), who files this, its Original Petition, against UNITED PROPERTY & CASUALTY INSURANCE COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

### I.

### Preliminary Information and Definitions

1. Insured:           TIMOTHY RANIERI and RENEE BURGESS (herein "Plaintiff")

   Policy Number:      4310023712000 (herein "Policy")

   Claim Number:       2017TX030028 (herein "Claim" or "Claim Number")

   Date of Loss:       8/27/2017 (herein "Date of Loss")

   Insured Property:   2442 KINSDALE AVENUE, DICKINSON, TX 77539

                       (herein "Property" or "Insured Property")

   Insurer:            UNITED PROPERTY & CASUALTY INSURANCE COMPANY

                       (herein "Defendant")

                       Defendant's attorney for service is: CT CORPORATION SYSTEM

                       1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201-3136

### II.

**EXHIBIT 2**

### Discovery Control Plan

2. Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil

    Procedure.

**III.**

### Request for Expedited Trial Date

3. Plaintiff requests that the set the case for a trial date that is within 90 days after the discovery period in

    Rule 190.2(b)(1) ends.

**IV.**

### Parties

4. Plaintiff is an individual who resides in Texas.

5. Defendant is a "Foreign" company registered to engage in the business of insurance in the State of Texas.

    This Defendant may be served with process by in person or certified mail, return receipt requested, by

    serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or

    principal place of business of the company; or (2) leaving a copy of the process at the home office or

    principal business office of the company during regular business hours.

**V.**

### Jurisdiction

6. The court has jurisdiction over the cause of action because the amount in controversy is within the

    jurisdictional limits of the court and Plaintiff seeks monetary relief less than $100,000 or less, including

    damages or any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Specifically,

    Plaintiff seeks damages less than $75,000.00 and will not accept any more than $75,000.00 at this time.

7. The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the

    State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

**VI.**

### Venue

8. Venue is proper in GALVESTON County, Texas because the insured property is situated in

**EXHIBIT 2**

GALVESTON County, Texas and/or the contract was signed in GALVESTON County, Texas. TEX. CIV.

PRAC. & REM. CODE. § 15.032

## VII.

## Facts

9.  Plaintiff was the owner of the Policy issued by Defendant.

10. Plaintiff owns the insured property.

11. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff.

12. The Plaintiff suffered a significant loss with respect to the property at issue and may have suffered

    additional living expenses.

13. Plaintiff submitted its claim to Defendant with a Date of Loss for damage to the dwelling and contents of

    the home.

14. Defendant assigned a Claim Number to Plaintiff's claim.

15. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious

    knowledge and evidence of serious cosmetic and structural damage.

16. Defendant improperly paid Plaintiffs claim for replacement of the property, even though the policy

    provided coverage for losses such as those suffered by Plaintiff.

17. The person hired by Defendant to prepare an estimate on Plaintiff's property appeared to be an advocate

    for Defendant as he/she advocated for a minimal sum of damages Plaintiff sustained.

18. Furthermore, the adjuster hired by Defendant was improperly trained, had inadequate knowledge of the

    type and scope of loss, have very little or no hands on experience with construction, and was not qualified

    to prepare the underlying estimate for damages Plaintiff suffered.

19. As Defendant briefly inspected Plaintiff's home, it created a scope of damages that was significantly less

    than the amount of damages Plaintiff suffered.

20. Defendant has created this environment of hiring poorly trained adjusters so as to create estimates that are

    substantially less than what its insured's have actually suffered.

21. Therefore Defendant failed to properly adjust both claims and summarily improperly paid the claims with

**EXHIBIT 2**

obvious knowledge and evidence of serious cosmetic and structural damage – hoping that Plaintiff would

lack the knowledge of the amount of damage she actually suffered.

22. As Plaintiff strongly disagrees with the lowball scope of loss that Defendant's advocate prepared, Plaintiff

has invoked appraisal.

23. All conditions precedent upon the policy had been carried out and accomplished by Plaintiff.

24. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the

full claims in accordance with the terms of the policy was reasonably clear.

25. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which

a reasonable insurance company would have relied on to deny the full payment.

26. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is

representing Plaintiff in this cause of action.

27. Plaintiffs experience is not an isolated case.

28. The acts and omissions Defendant committed in this case, or similar acts and omission, occur with such

frequency that they constitute a general business practice of Defendant with regard to handling these types

of claims.

29. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the

expense of the policyholders.

30. Plaintiff anticipates that Defendant has and will continue to manipulate the claims process and appraisal

process in an effort to underpay or deny the claim.

31. Furthermore, Plaintiff anticipates that Defendant has or will require additional steps in claiming policy

benefits to which do not exist in the policy.

32. For example, Defendant routinely requires that Plaintiff prove that a dispute exists as to the claimed

benefits – even though Plaintiff has sent demand letters, invoked appraisal, and filed this lawsuit to force

the appraisal process.

33. Plaintiff anticipates that Defendant will require or attempt to require that Plaintiff sign a unilateral release

of claims against Defendant in order for Defendant to pay any appraisal award when the policy for

**EXHIBIT 2**

insurance benefits doesn't require that.

34. Specifically, Plaintiff anticipates that Defendant will require a unilateral release of claims against Defendant before issuing payment as a result of the appraisal process.

35. This behavior is strictly forbidden under Texas Insurance Code 541.060.

36. The above actions from Defendant show that it has no intent preform on the contract when performance is due – namely, to pay policy benefits after an insured has suffered a covered loss.

37. This lawsuit is not about the *amount* of loss. Indeed, it is about Defendant's refusal to participate in the appraisal process and the actual damages Plaintiff suffered in forcing Defendant to participate in the appraisal process.

38. Plaintiff reserves all rights to invoke appraisal under the terms of insurance and is filing this lawsuit to enforce its rights of appraisal.

**VIII.**

**Causes of Action:**

**COUNT 1:**

**Breach of Contract**

1. Plaintiff and Defendant have entered into a contract for insurance benefits.

2. One of the conditions in the policy is appraisal.

3. Plaintiff has timely invoked appraisal yet Defendant refuses to participate.

4. After numerous demands, Defendant has forced Plaintiff to file a lawsuit to make Defendant participate in appraisal.

5. Plaintiff seeks an order forcing Defendant to participate in appraisal.

6. Plaintiff seeks the actual damages she/he has suffered in forcing Defendant to participate in appraisal.

7. The purpose of appraisal is to determine the amount of an insured loss.  Appraisal is a remedy available under the applicable policy to determine the amount of loss when the parties disagree.

**EXHIBIT 2**

Plaintiff has invoked the appraisal clause of the policy.  Plaintiff seeks Defendant to abide by its own policy provision and asks the Court to order the parties to participate in appraisal.

**Appraisal Demand**

8. As set forth above, Plaintiff and Defendant do not agree on the amount of Plaintiff's losses.  Therefore, Plaintiff has sent notice to Defendant that Plaintiff named its appraiser and invoked the Policy's appraisal clause referenced above.

**Once Invoked Appraisal is Mandatory and Enforceable**

9. Texas courts specifically enforce the appraisal clause in property insurance policies and this Court has the authority to order the parties to participate in compliance with this policy condition.  *State Farm v. Johnson*, 290 S.W.3d 886 (Tex. 2009); *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002).  Since 1888, when the Texas Supreme Court decided *Scottish Union & National Ins. Co. v. Clancy*, Texas courts have regularly and consistently enforced appraisal clauses by ordering the parties to comply.  *See Clancy,* 8 S.W. 63 (Tex. 1888); *In re Allstate*, 85 S.W.3d at 196.

10. Texas has consistently recognized appraisal awards as binding and enforceable, and courts indulge every reasonable presumption to sustain them.  *See, e.g., Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Once invoked, appraisal is mandatory.

11. A party who refuses to engage in the process is subject to judicial compulsion.  Because the amount of loss must be determined in every property damage case, "appraisals should generally go forward without preemptive intervention by the courts."  *Johnson*, 290 S.W.3d at 894.  Therefore, a court faced with a motion to compel appraisal lacks any discretion to deny it, assuming the party has timely invoked the process and otherwise complied with the policy.  *In re Allstate County Mut. Ins. Co*., 85 S.W.3d 193 (Tex. 2002) (orig. proceeding).  *Johnson*, 290 S.W.3d at 888 ("While trial courts have some discretion as to the timing of an appraisal, they have no discretion to ignore a valid appraisal clause entirely."); *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo 1999, no pet.) (mandamus will issue against a failure to order an appraisal in the proper circumstances).  An appraisal clause binds

**EXHIBIT 2**

the parties to have the extent or amount of the loss determined in a particular way. *Johnson*, 290 S.W.3d at 895.

12. The appraisal clause is thus mandatory and non-revocable and is specifically enforceable by either party. *See, e.g., Standard Fire Ins. Co. v. Fraiman*, 514 S.W.2d 343, 344-46 (Tex. Civ. App.—Houston [14th Dist] 1974, no writ) (holding that an insured can enforce the appraisal provision against an unwilling insurer); *Laas v. State Farm Mut. Ins. Co.*, 2000 WL 1125287, at *4-5 (Tex. App.—Houston [14th Dist] 2000, pet. denied) (holding the trial court has power to appoint an umpire when the parties' appointed appraisers fail to do so).

13. In *Allstate*, the Texas Supreme Court explained that denying appraisal vitiates the insurer's ability to defend against a breach of contract claim because appraisal goes to the heart of such a claim. *Allstate*, 85 S.W.3d at 196. Accordingly, the *Allstate* Court granted mandamus relief when the trial court denied a motion to compel appraisal, finding that the denial constituted an abuse of discretion and that the insurer lacked an adequate remedy by appeal.

14. The appraisal clause is a condition precedent to coverage for damages under property insurance policies. *State Farm v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009) ("…appraisal is intended to take place before suit is filed; [the Texas Supreme Court] and others have held that it is a condition precedent to suit."). The Policy contains provisions that specifically condition coverage actions on compliance by the insured with policy conditions such as the appraisal clause.

15. Pursuant to the appraisal clause and the suit against us clause, compliance with the appraisal process is a condition precedent to coverage and to the validity of Plaintiff's suit against Defendant. Either party can invoke appraisal. Both parties are bound by that invocation. Whether appraisal begins before or during litigation, the lawsuit must be abated. *Woodward v. Liberty Mut. Ins. Co.*, No. 3:09- CV-0228-G, 2010 WL 1186323 *3 (N.D. Tex. Mar. 26, 2010). "When one party to an insurance contract properly invokes the contract's appraisal clause ... a court should exercise its discretion to stay the suit pending completion of the appraisal." *Woodward*, 2010 WL 1186323 at *3; *see also In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[a] remedy to enforce a condition

**EXHIBIT 2**

precedent in its policy is abatement of the case"); *see also United Neurology, P A v. Hartford Lloyd's Ins. Co.,* No. H-10-4248, 2012 WL 423417 (S.D. Tex. Feb. 8, 2012) (abating case while the appraisal goes forward); *Rice v. Certain Underwriters at Lloyds*, Civ. A. No. H-10-4660, 2011 WL 240421 (S.D. Tex. Jan. 21, 2011) (abating case until appraisal process is complete).  There is no legal, contractual or case law support for an attempt to avoid the appraisal process.

16. If either party fails to comply with the appraisal clause, Plaintiff cannot recover under the Policy.  Further, because the respective appraisal clauses are binding upon the respective parties, there can be no breach of contract action for failure to pay amounts in excess of the award.  *Scottish Union & National Ins. Co. v. Clancy*, 8 S.W. 630, 632 (Tex. 1888); *Waterhill Cos. Ltd. v. Great American Assurance Co.*, 2006 WL 696577, slip op. at *2 (S.D. Tex. March 16, 2006); *Brownlow v. United States Automobile Ass'n*, 2005 WL 608252 (Tex. App.—Corpus Christi 2005, pet. denied); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied); P*rovidence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 878 (Tex. App.—San Antonio 1994, no writ).

17. The combination of the appraisal clause and the "suit against us" clause entitles either party to abatement of the insured's action until the completion of the appraisal.  *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo 1999, no pet) (the appraisal and no action clauses of the policy are unambiguous and enforceable, and the insureds could not sue before they complied with the appraisal clause).

18. The Policy provides a specific mechanism for resolution of disputes about the amount of loss.  That mechanism is appraisal, and it is binding on all parties.  As discussed by the courts in *Waterhill*, *Brownlow*, and *Breshears*, *supra*, if Defendant complies with the appraisal award, there can be no breach of contract, making Plaintiff's suit unnecessary.  Therefore, abatement of any further proceedings in this lawsuit pending completion of the appraisal process promotes judicial efficiency.  *See Slavonic,* 308 S.W.3d at 565; *see also Butler v Prop. & Cas. Ins. Co. of Hartford,* Civ. A. No H-10-3613, 2011 WL 2174965 (S.D. Tex. June 3, 2011) (holding that abatement of the case pending appraisal is appropriate and "in the interest of the efficient and inexpensive administration of justice").

**EXHIBIT 2**

## IX.

### **DAMAGES AND PRAYER**

19. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that

Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from

Defendant the following:

   a.  Actual damages that Plaintiff has suffered as a result of Defendant refusing to participate in

   appraisal;

   b.  Actual damages and benefit of the bargain from Defendant's refusal to pay proper policy benefits;

   c.  Attorney fees that Plaintiff has incurred as a result of Defendant refusing to participate in appraisal;

   and

   d.  A court order requiring Defendant to participate in appraisal

### X.

### **RESERVATION OF RIGHTS TO APPRAISAL PROCESS**

20. Plaintiff has invoked appraisal prior to filing this lawsuit.

21. Furthermore, by filing this Petition Plaintiff again invokes appraisal and renews its requests for appraisal

as further needed and maintains its rights to the appraisal process.

22. Plaintiff specifically reserve any rights to change, supplement, amend, and add or remove disputed items

to present to the Appraisal Panel as these items are discovered during the appraisal process.

23. In the event the appraisers are unable to select an umpire during the time period allotted, Defendant is

formally given notice that Plaintiff intends to ask this Court to select an *independent* umpire.

24. Defendant is given notice that this lawsuit is filed without any intent to waive any appraisal rights because

this lawsuit is not relating the *amount* of loss.

25. More specifically, this is a lawsuit brought to prevent Defendant from continuing in its attempts to avoid

participation in the appraisal process.

26. Plaintiff reserves all rights to seek any attorney fees and actual damages that Plaintiff incurred for having

this Court compel the appraisal process.

**EXHIBIT 2**

## XI.

## PLAINTIFF MAKES 194 REQUESTS TO DEFENDANT

27. Plaintiff makes 194.2 requests to Defendant.

28. In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all

documents, electronic information, and tangible items that the Defendant has in its possession, custody, or

control and may use to support Defendant's claims or defenses.


Respectfully Submitted,


**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
(713) 893-6931 Facsimile
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

**EXHIBIT 2**

**EXHIBIT "A"**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**I.**
**DEFINITIONS:**

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

4. The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

5. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

6. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

7. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

8. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

**II.**
**INSTRUCTIONS:**

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

**EXHIBIT 2**

# III.
# INTERROGATORIES

1. Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from the claim subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

ANSWER:

2. If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

ANSWER:

3. Identify by date, author, and result the reports generated as a result of your investigation.

ANSWER:

4. State the following concerning notice of claim and timing of payment:
   a. The date and manner in which you received notice of the claim
   b. The date and manner in which you acknowledged receipt of the claim
   c. The date and manner in which you commenced investigation of the claim
   d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
   e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

ANSWER:

5. Identify by date, amount and reason, the insurance payments made by you to the Plaintiff.

ANSWER:

6. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

ANSWER:

7. Do you contend that appraisal is improper in this matter?

ANSWER:

8. Do you contend that the Plaintiff has properly invoked appraisal?

**EXHIBIT 2**

9.   Do you contend that Defendant should not communicate to any umpire *ex parte*?

ANSWER:

10.  What relationship do you have, if any, with any umpire that you or your appraiser has suggested?

ANSWER:

11.  What relationship do you have, if any, of the umpire selected or appointed in this appraisal?

**EXHIBIT 2**

## EXHIBIT "B"
## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

### I.
### DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

4. The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

5. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

6. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

7. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

8. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

### II.
### INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

**EXHIBIT 2**

# PRODUCTION PROTOCOL RELATING TO
## ELECTRONICALLY STORED INFORMATION
## (ESI ATTENDANT TO DISCOVERY REQUESTS TO DEFENDANT)

1. "Information items" as used herein encompasses individual documents and records (including associated metadata) whether on paper or film, as discrete "files" stored electronically, optically, or magnetically or as a record within a database, archive, or container file. The term should be read broadly to include e-mails, messaging, word processed documents, digital presentations, and spreadsheets.

2. Consistent with Texas Rule of Civil Procedure 196.4, responsive electronically stored information (ESI) has been requested by Plaintiff in its native form; that is, in the form in which the information was customarily created, used, and stored by the native application employed by the producing party in the ordinary course of business. The producing party shall not produce in a format not requested and later assert that production as a basis of not producing in the requested format, except upon agreement by the parties prior to production or ordered by the Court. The parties are reminded of their obligation to confer and to make reasonable efforts to resolve disputes regarding production without court intervention. *See In re Weekly Homes, L.P.,* 295 S.W.3d 309 (Tex.2009); TEX. R. CIV. P. 192.4(b).

3. If it is infeasible or unduly burdensome to produce an item of responsive ESI in its native form, it may be produced in an agreed-upon near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure, or functionality as compared to the native form. Static image production formats serve as near-alternatives only for information items that are natively static images (i.e., photographs and scans). Any and all agreements between the parties on a non-native form of production shall occur prior to initial production and the agreements shall be in writing. If no agreement can be made between the parties, consistent with Texas Rule of Civil Procedure 196.4, Defendant(s) will object and file with the Court evidence that production in native or near-native form is unduly burdensome or requires extraordinary steps. In the event the Court determines that production in native or near-native format is infeasible, production shall be made in accordance with the instruction of this Protocol.

4. The table below supplies examples or agreed-upon native or near-native forms in which specific types of ESI should be produced:

| Source ESI | Native or Near Native Form or Forms Sought |
|---|---|
|  |  |
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |
| WordPerfect Documents | .WPD |
| Adobe Acrobat Documents | .PDF |

**EXHIBIT 2**

| Photographs | .JPG, .PDF |
|---|---|
| E-mail | Messages should be produced in a form or forms that |
| | readily support import into standard e-mail client |
| | programs; that is, the form of production should adhere to |
| | the conventions set out in RFC 5322 (the internet e-mail |
| | standard). For Microsoft Exchange or Outlook |
| | messaging, .PST format will suffice. Single message |
| | production formats like .MSG or .EML may be |
| | furnished, if source foldering data is preserved and |
| | produced. For Lotus Notes mail, furnish .NSF files or |
| | convert to .PST. If your workflow requires that |
| | attachments be extracted and produced separately from |
| | transmitting messages, attachments should be produced |
| | in their native forms with parent/child relationships to the |
| | message and container(s) preserved and produced in a delimited text file. |
| | |

5. Absent the showing of need, a party shall only produce reports from databases that can be generated in the ordinary course of business (i.e., without specialized programming skills), and these shall be produced in a delimited electronic format preserving field and record structures and names. The parties will meet and confer prior to initial production regarding programming database productions as necessary.

6. Information items that are paper documents or that require redaction shall be produced in static image formats, e.g., single-page .TIF or multipage .PDF images. If an information item contains color, the producing party shall not produce the item in a form that does not display color. The full content of each document will be extracted by optical character recognition (OCR) or other suitable method to a searchable text file produced with the corresponding page image(s) or embedded within the image file.

7. Parties shall take reasonable steps to ensure that text extraction methods produce usable, accurate, and complete searchable text.

8. Individual information items requiring redaction shall (as feasible) be redacted natively or produced in .PDF format and redacted using the Adobe Acrobat redaction feature. Redactions shall not be accomplished in a manner that serves to downgrade the ability to electronically search the unredacted portions of the item. To the extent a producing party asserts that production in .PDF format and redaction using the Adobe Acrobat redaction feature is unfeasible, the parties are directed to confer in an attempt to resolve any dispute without Court intervention. If the dispute cannot be resolved between the parties, the manner of production can be brought before the Court consistent with TEX. R. CIV. P. 196.4.

**EXHIBIT 2**

9.  Upon a showing of need, a producing party shall make a reasonable effort to locate and produce the native counterpart(s) of any .PDF or .TIF document produced. The parties agree to meet and confer prior to initial production regarding production of any such documents. This provision shall not serve to require a producing party to reveal redacted content.

10. Except as set out in this Protocol, a party need not produce identical information items in more than one form and shall globally de-duplicate identical items across custodians using each document's unique MD5 hash value. The content, metadata, and utility of an information item shall all be considered in determining whether information items are identical, and items reflecting different information shall not be deemed identical.

11. Production should be made using appropriate electronic media of the producing party's choosing provided that the production media chosen not impose undue burden or expense upon a recipient. All productions should be encrypted for transmission to the receiving party. The producing party shall, contemporaneously with production, supply decryption credentials and passwords to the receiving party for all items produced in an encrypted or password-protected form.

12. Each information item produced shall be identified by naming the item to correspond to a Bates identifier according to the following protocol:

- The first four (4) characters of the filename will reflect a unique alphanumeric designation identifying the party making the production

- The next nine (9) characters will be a unique, consecutive numeric value assigned to the time by the producing party. This value shall be padded with leading zeros as needed to preserve its length

- The final five (5) characters are reserved to a sequence beginning with an underscore(_) followed by a four digit number reflecting pagination of the item when printed to a paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.

- By way of example, a Microsoft Word document produced by Joe Johnson in its native form might be named: JJSN000000123.docx. Were the document printed out for use in deposition, page six of the printed item must be embossed with the unique identifier JJSN000000123_0006.

13. Information items designated Confidential may, at the Producing Party's option:

- Be separately produced on electronic production media prominently labeled confidential to comply with a Protective Order, if applicable.

- When any item so designated is converted to a printed format for any reason or

**EXHIBIT 2**

imaged format for use in any submission or proceeding, the printout or page image shall bear be labeled confidential on each page in a clear and conspicuous manner, but not so as to obscure content.

14. Producing party shall furnish a delimited load file supplying the metadata field values listed below for each information item produced (to the extent the values exist and as applicable)

**FIELD**

BeginBates

EndBates

BeginAttach

EndAttach

Custodian/Source

Source File Name

Source File Path

From/Author

To

CC

BCC

Date Sent

Time Sent

Subject/Title

Last Modified Date

Last Modified Time

Document Type

Redacted Flag (yes/no)

Hidden Content/Embedded Objects Flag (yes/no)

Confidential flag (yes/no)

**EXHIBIT 2**

MD5Hash value

Hash De-Duplicated Instances (by full path)

15. Each production should include a cross-reference load file that correlates the various files, images, metadata field values and searchable text produced.

16. Parties shall respond to each request for production by listing the Bates numbers/ranges or responsive documents produced, and where an information item responsive to these discovery requests has been withheld or redacted on a claim that it is privileged, the producing party shall furnish a privilege log in accordance with Texas Rule of Civil Procedure 193.3.

## III.
## REQUEST FOR PRODUCTION OF DOCUMENTS

1. The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

RESPONSE:

2. If you seek to recover attorney's fees in this lawsuit, please produce your attorney fee agreement, your attorney fee statements and invoices, any time-keeping records kept by you or your attorney, and your checks for payment of attorney's fees or expenses.

RESPONSE:

3. The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

RESPONSE:

4. A certified copy of the insurance policy pertaining to the claims involved in this suit.

RESPONSE:

5. For the last two years, your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of claims in Texas.

RESPONSE:

6. Contracts between you and the appraiser hired by you in this matter.

RESPONSE:

**EXHIBIT 2**

7. The emails, instant messages, and internal correspondence pertaining to Plaintiff's underlying claim.

RESPONSE:

8. The Plaintiff's file from the office of their insurance agent.

RESPONSE:

9. The documents reflecting reserves applied to the subject claim.

RESPONSE:

10. For the past three years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

11. For the last three years, the managerial bonus or incentive plan for managers responsible for claims.

RESPONSE:

12. The Complaint Log required to be kept by you for complaints in Texas filed over the past three years.

RESPONSE:

13. As relating to this underlying lawsuit, produce the responses, including all documents you have received, to all requests you have made for Deposition by Written Questions.

RESPONSE:

14. If you are requesting Plaintiff pay for your costs and/or expenses incurred as a result of this litigation, produce all invoices, statements, payment vouchers, payment records, checks, and proof of payment of all costs and/or expenses that you are claiming Plaintiff should be responsible for.

RESPONSE:

15. Your preferred umpire list.

RESPONSE:

**EXHIBIT 2**

## EXHIBIT "C"
## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

## I.
## DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against DEFENDANT in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of the claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against DEFENDANT in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against DEFENDANT in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

**EXHIBIT 2**

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

PLAINTIFF serves these requests for admissions on DEFENDANT, as allowed by Texas Rule of Civil Procedure 198.

## III.
## REQUESTS FOR ADMISSION

1.      PLAINTIFF has invoked the appraisal.

ANSWER:

2.      DEFENDANT has a preferred list of umpires.

ANSWER:

3.      PLAINTIFF has not waived its rights to appraisal.

ANSWER:

4.      DEFENDANT has refused to participate in appraisal.

ANSWER:

5.      PLAINTIFF has demanded appraisal prior to filing this lawsuit.

ANSWER:

6.      The insurance policy at issue has an appraisal provision.

ANSWER:

7.      DEFENDANT is not seeking for PLAINTIFF to pay for DEFENDANT'S attorney fees.

ANSWER:

8.      DEFENDANT is not seeking for PLAINTIFF to pay for DEFENDANT'S costs associated with this lawsuit.

ANSWER:

**EXHIBIT 2**

**EXHIBIT "D"**
**PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES**

NOW COMES Plaintiff who files this, its Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

**I.**

Plaintiff may call the following experts who are is retained:

1.  Eric Dick, LL.M.
    **DICK LAW FIRM, PLLC**
    3701 Brookwoods Dr.
    Houston, Texas 77092
    (832) 207-2007
    (713) 893-6931 Fax

The above attorneys may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred or recoverable by any party to this lawsuit. Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims. The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

Information regarding Eric Dick:

| | |
|---|---|
| College: | Thomas M. Cooley |
| Degree: | Juris Doctorate |
| Distinctions: | Cum Laude |
| College: | University of Alabama |
| Degree: | Masters of Laws and Letters |

Notable information: Interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history. Named by Super Lawyers as a Rising Star. Elected as Harris County Department of Education Trustee. Elected as Vice President of the Board for Harris County Department of Education.

Mr Dick's report and resume, if not attached, will be provided to Defendant and are incorporated by reference.

The mental impressions and opinions are that fees and costs associated with this litigation are reasonable, necessary and customary in this county and surrounding counties. A reasonable fee to be charged in this case is $450.00 per hour in consideration with several factors, including:

- The nature and complexity of the case;
- The nature of the services provided by counsel;

**EXHIBIT 2**

- The time required for trial;
- The amount of money involved;
- The client's interest that is at stake;
- The responsibility imposed on counsel;
- The skill and expertise involved; and
- Those matters enumerated in State Bar Rule 1.04(b) (1)-(8), which are:
  - The time and labor required, the novelty and difficulty of the questions presented and the skill required to perform the legal services properly;
  - The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer;
  - The fee customarily charged in the locality for similar legal services;
  - The amount involved and the results obtained;
  - The time limitations imposed by the client or the circumstances;
  - The nature and length of the professional relationship with the client;
- The experience, reputation and ability of the lawyer or lawyers performing the service.

## II.

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## III.

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

## V.

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

## VI.

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## VII.

**EXHIBIT 2**

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

## VIII.

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric Dick, LLM
TBN: 24064316
**DICK LAW FIRM, PLLC**
3701 Brookwoods Dr.
Houston, Texas 77092
(832) 207-2007 Telephone
(713) 893-6931 Facsimile
eric@dicklawfirm.com

**EXHIBIT 2**

CAUSE NO. __CV-0081964__

| TIMOTHY RENIERI and | § | IN THE COUNTY CIVIL COURT |
|---|---|---|
| RENEE BURGESS | § | |
| *Plaintiff,* | § | |
| | § | AT LAW NUMBER _____ |
| v. | § | |
| UNITED PROPERTY & CASUALTY | § | Galveston County - County Court at Law No. 3 |
| INSURANCE COMPANY | § | |
| *Defendants.* | § | GALVESTON COUNTY, TEXAS |

**EXHIBIT E**

COMES NOW Plaintiff by and through his/her attorney, who stipulates as follows:

1.     The total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

2.     The total damages sought by the Plaintiff in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

3.     Neither Plaintiff nor his/her attorney will accept an amount that exceeds $75,000.00 exclusive of interest and costs.

4.     Neither Plaintiff of his/her attorney will amend his/her petition after one year to plead an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5.     Neither Plaintiff nor his/her attorney will authorize anyone on his/her behalf or his/her future heirs and/or assigns, to make such an amendment.

6.     Plaintiff and his/her attorney understand and agree that Plaintiff's recovery is limited to an amount less than $75,000.00 exclusive of interest and costs.

Signed on February 9, 2018

**DICK LAW FIRM, PLLC**

_____

**EXHIBIT 2**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
(713) 893-6931 Facsimile
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

**EXHIBIT 2**

Filed
3/18/2019 10:43 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

## CAUSE NO: CV-0081964

| | | |
|---|---|---|
| **TIMOTHY RANIERI AND RENEE BURGESS** | § | **IN THE COUNTY CIVIL COURT** |
| | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 3** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **GALVESTON COUNTY, TEXAS** |

## DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S VERIFIED ORIGINAL ANSWER, SUBJECT TO DEFENDANT'S PLEA TO THE JURISDICTION, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("United Property,") in the above-entitled and numbered cause and files this, its Answer to Plaintiffs' Original Petition, subject to United Property's Plea to the Jurisdiction[1], which it will file shortly, and would respectfully show unto the Court the following:

## I.

## GENERAL DENIAL

United Property & Casualty Insurance Company asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs be required to prove their charges and allegations against United Property & Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

---

[1] Defendant reserves its right to challenge whether Plaintiffs have affirmatively demonstrated that the Court has subject matter jurisdiction to address Plaintiffs' claims.

**EXHIBIT 2**

## II.

## <u>DENIAL OF CONDITION PRECEDENT</u>

2.1     The Policy contains certain conditions that have not been satisfied that bar Plaintiffs' recovery, in whole or in part:

### A.     NO ACTION CLAUSE

2.2     The Policy specifically provides, as a condition to property loss coverage, that no suit can be brought against United Property unless the policy provisions have been complied with:

### C.     Duties After Loss

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

**5.**     Cooperate with us in the investigation of a claim;

**7.**     As often as we reasonably require:

**a.** Show the damaged property:
**b.** Provide us with records and documents we request and permit us to make copies;

**8.**     Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

**a.** The time and cause of loss;

**b.** The interests of all "insureds" and all others in the property involved and all liens on the property;

**c.** Other insurance which may cover the loss;

**d.** Changes in title or occupancy of the property during the term of the policy;

**EXHIBIT 2**

**e.** Specifications of damaged buildings and detailed repair estimates;

**f.** The inventory of damages personal property described in **6.** above;

**g.** Receipts for additional living expenses incurred and records that support the fair rental value loss;

\*\*\*

**F.    Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to an umpire. A decision agreed to by any two will set the amount of loss.

\*\*\*

**H.    Suit Against Us**

No action can be brought against us unless there has been full compliance with all the terms under Section **I** of this policy and the action is started within two years after the date of loss.

2.3    Both Plaintiffs' failure to submit a signed and sworn proof of loss within 60 days of United Property's request, as well as Plaintiffs' failure to comply with the Appraisal provision and complete the appraisal process, constitute a breach of the "no action" clause. Accordingly, Plaintiffs are barred from proceeding with their lawsuit and from recovering damages, attorneys' fees, interest or other amounts from United Property unless and until the policy conditions have been satisfied.

**EXHIBIT 2**

### B.    LOSS DURING THE POLICY PERIOD

2.4     The Policy does not cover damages which occurred prior to Policy inception regardless of whether such damages were apparent at the time of the inception of the Policy or discovered at a later date. To the extent that any part of the loss which Plaintiffs complain did not occur during the applicable policy period, the Policy provides no coverage for same.

### C.    LOSS ABOVE THE DEDUCTIBLE

2.5     United Property's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

### III.

### DEFENSES

3.1     Plaintiffs have failed to affirmatively allege a justiciable controversy within this Court's subject matter jurisdiction. Specifically, Plaintiffs state that they have made a demand for appraisal, Defendant has refused to participate in appraisal, and therefore, Plaintiffs seek an "order forcing Defendant to participate in appraisal."[2] Despite the fact that Defendant had agreed to participate in appraisal prior to the filing of this lawsuit, the Court should dismiss this case because Plaintiffs merely seek an advisory opinion from the Court, which is prohibited under Texas law.

3.2     United Property & Casualty Insurance Company denies that the required conditions precedent were performed and/or occurred.

---

[2] *See* Plaintiffs' Original Petition, at *Causes of Action*, ¶¶ 1-8.

**EXHIBIT 2**

3.3     The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom United Property had no control, including but not limited to Plaintiffs, therefore, United Property is not liable to Plaintiffs.

3.4     United Property issued a policy of insurance to Timothy Ranieri and Renee Burgess, and United Property adopts its terms, conditions and exclusions as if copied *in extenso*.

3.5     The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

3.6     The Policy does not cover loss caused by mold, fungus or wet rot.

3.7     The Policy does not cover damages caused by flood, surface water or water below the surface of the ground.

3.8     The Policy does not cover loss caused by constant or repeated seepage or leakage of water or steam or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years.

3.9     The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.

3.10    United Property is entitled to any credits or set-offs for prior payments by United Property or other third parties.

3.11    To the extent that some or all of Plaintiffs' claims may have been fully adjusted and payment tendered, Plaintiffs are only entitled to one satisfaction or recovery for their alleged damages.

3.12    To the extent that Plaintiffs' damages are determined to be the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

**EXHIBIT 2**

3.13    To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

## IV.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiffs are requested to disclose the information or material described in Rule 194.

## V.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, United Property & Casualty Insurance Company, respectfully prays that Plaintiffs take nothing by their suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which United Property & Casualty Insurance Company may be justly entitled.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
        Sarah R. Smith
        Texas State Bar No. 24056346
        Sarah C. Plaisance
        Texas State Bar No. 24102361
        24 Greenway Plaza, Suite 1400
        Houston, Texas 77046
        Telephone: 713.659.6767
        Facsimile: 713.759.6830
        sarah.smith@lewisbrisbois.com
        sarah.plaisance@lewisbrisbois.com

        ATTORNEYS FOR DEFENDANT,
        UNITED PROPERTY & CASUALTY
        INSURANCE COMPANY

**EXHIBIT 2**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 18th day of March, 2019.

Eric B. Dick                                   ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

                                    */s/ Sarah R. Smith*_____
                                    Sarah R. Smith

**EXHIBIT 2**

## <u>VERIFICATION</u>

STATE OF TEXAS              §
                           §
COUNTY OF HARRIS           §


BEFORE ME, the undersigned authority, on this day personally appeared Sarah C. Plaisance,

who being by me first duly sworn did on her oath depose and say that every factual assertion

contained within Section II – Denial of Condition Precedent, Subsection A, as required by Tex. R.

Civ. P. 93(12), is true and correct.


_____
Sarah C. Plaisance

SUBSCRIBED AND SWORN TO BEFORE ME this March __18__, 2019

_____
Notary Public, State of Texas

_____
Printed Name of Notary


My Commission Expires:



**EXHIBIT 2**

FILE COPY

## County Court at Law No. 3 of Galveston County, Texas

### Case Information Statement

September 26, 2018

The case information statement is for administrative purposes only. It shall be filed with the parties' original pleadings and shall be served upon all other parties to the action.

*********************************************************************************************************

Style:

Timothy Ranieri, et al

vs.

United Property & Casualty Insurance Company

Cause No. CV-0081964  Filed 09/24/18

## Status Conference Set For

## 01/10/19 @ 1:30 P.M.

*********************************************************************************************************

| | |
|---|---|
| _____ | _____ |
| **Attorney for Petitioner or Pro Se** | **Attorney for Respondent or Pro Se** |
| _____ | _____ |
| **State Bar Number** | **State Bar Number** |
| _____ | _____ |
| **Address** | **Address** |
| _____ | _____ |
| **Phone Number** | **Phone Number** |
| _____ | _____ |
| **Fax Number** | **Fax Number** |

*********************************************************************************************************

Briefly describe the case including any special characteristics that may warrant extended discovery or accelerated disposition. If complex or expedited track requested, explain why. Attach additional sheets if necessary.

**Estimated time for Discovery** _____      **Estimated time for Trial** _____

**Level 1**          **Level 2**          **Level 3**

**Signature of Attorney or Pro Se Party:** _____      **Date** _____

Only attorney(s) or Pro Se Party(ies) are to be present at Conference
You may submit a Docket Control Order in lieu of appearance at the status conference.

## Failure to appear at status conference may result in case being Dismissed for Want of Prosecution

**Please Fill Out and Return**

FILED

2018 SEP 26  PM 3: 14

COUNTY CLERK
GALVESTON TEXAS

**EXHIBIT 2**





# County Court at Law No. 3

Galveston, County, Texas

## Jack Ewing
### Judge

# NOTICE OF CASE SETTING/ACTION

February 04, 2019

ERIC B. DICK
DICK LAW FIRM PLLC
3701 BROOKWOODS DRIVE
HOUSTON TX 77092

FAX: 713-893-6931

Email: ERIC@DICKLAWFIRM.COM

CASE NUMBER:   CV-0081964

CASE STYLE:   TIMOTHY RANIERI, ET AL

VS.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE:              February 19, 2019

TIME:              9:30 AM

TYPE OF SETTING/ACTION: DISMISSAL DOCKET
**FAILURE TO APPEAR AT THIS HEARING WILL RESULT IN DISMISSAL OF CASE**
**MISSED COURT DATE: STATUS CONFERENCE 01/10/2019**

FROM:     /s/ Celeste Huffstetler /s/
              Celeste Huffstetler
              COURT COORDINATOR
              COUNTY COURT AT LAW NO.3
              600 59TH ST, 2nd FLOOR
              GALVESTON, TX 77551
              (409) 621-7920

RETURN TO FAX NO.: (409) 765-3154

**CONFIDENTIALITY NOTE**

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you.

**EXHIBIT 2**

# FAX CONFIRMATION

**Result: Failure**

ENAILED

## Sent by:

Name:               Fax Sender
Voice Number:
Fax Number:
RightFax ID:        WALKUP

## Sent to:

Name:               Fax User
Company:
Number/Address:     7138936931
Voice Number:
Remote CSID:        Unknown

---



**County Court at Law No. 3**
Galveston, County, Texas

**Jack Ewing**
Judge

### NOTICE OF CASE SETTING/ACTION

February 04, 2019

ERIC B. DICK                                    FAX: 713-893-6931
DICK LAW FIRM PLLC
3701 BROOKWOODS DRIVE
HOUSTON TX 77092

CASE NUMBER:  CV-0081964

CASE STYLE    TIMOTHY RANIERI, ET AL

VS.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE:         February 19, 2019

TIME:         9:30 AM

TYPE OF SETTING/ACTION: DISMISSAL DOCKET
FAILURE TO APPEAR AT THIS HEARING WILL RESULT IN DISMISSAL OF CASE
MISSED COURT DATE: STATUS CONFERENCE 01/10/2019

FROM:         /s/ Celeste Huffstetler /s/
              Celeste Huffstetler
              COURT COORDINATOR
              COUNTY COURT AT LAW NO.3
              600 59TH ST, 2ND FLOOR
              GALVESTON, TX 77551
              (409) 621-7920
                                    RETURN TO FAX NO.: (409) 765-3154

CONFIDENTIALITY NOTE

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you.

## Details:

Type:               Fax

Cover Sheet:        has a cover page
Body Pages:         1

Billing Code #1:
Billing Code #2:

Unique ID:          WAL5C584A78BE39
Fax Channel:        12

Scanning Device:    172.21.16.49

Scanned at:         02/04/19 14:21:43
Submitted at:       02/04/19 14:21:44
Completed at:       02/04/19 14:43:35

**EXHIBIT 2**

# Xerox WorkCentre 5330
## Transmission Report

Date & Time : 02/06/2019 2:10 PM
Page : 1(Last Page)

The job has been sent.

Job Date & Time          02/06/2019 2:10 PM



### County Court at Law No. 3
Galveston, County, Texas

**Jack Ewing**
Judge

## NOTICE OF CASE SETTING/ACTION

February 04, 2019

ERIC B. DICK
DICK LAW FIRM PLLC                    FAX: 713-893-6931
3701 BROOKWOODS DRIVE                  Email: ERIC@DICKLAWFIRM.COM
HOUSTON TX 77092

CASE NUMBER:   CV-0081964

CASE STYLE:    TIMOTHY RANIERI, ET AL

VS.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE:          February 19, 2019

TIME:          9:30 AM

TYPE OF SETTING/ACTION: DISMISSAL DOCKET
**FAILURE TO APPEAR AT THIS HEARING WILL RESULT IN DISMISSAL OF CASE**
MISSED COURT DATE: STATUS CONFERENCE 01/10/2019

FROM:    /s/ Celeste Huffstetler /s/
         Celeste Huffstetler
         COURT COORDINATOR
         COUNTY COURT AT LAW NO.3
         600 59TH ST, 2ND FLOOR
         GALVESTON, TX 77551
         (409) 621-7920
                                    RETURN TO FAX NO.: (409) 765-3154

CONFIDENTIALITY NOTE

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you.

| Date & Time Sent | Recipient Information | Result |
|---|---|---|
| 02/06/2019 2:10 PM | eric@dicklawfirm.com | Completed |

## FILED

2019 FEB -7 AM 8:35

Dwight D. Sullivan

COUNTY CLERK
GALVESTON COUNTY, TEXAS

**EXHIBIT 2**



April 16, 2018

<u>**Demand Letter and Invocation of Appraisal**</u>

Insured: TIMOTHY RANIERI AND RENEE BURGESS
Policy Number: 2017TX030028
Claim Number: 4310023712000
Date of Loss: 08/27/2017
Insured Property: 2442 KINSDALE AVE, DICKINSON, TEXAS 77539

Insurer: UPC INSURANCE

**I.**
<u>**Demand Letter**</u>

As a result of an insured peril, my client has suffered significant damage to their home. We have attached an estimate performed by an independent expert which outlines the damages that my client has suffered. This estimate is substantially different from the amount of loss that you believe my client suffered. We believe that your adjuster did not perform an adequate inspection or was not adequately trained.

Nonetheless, my client is claiming the *specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property* as follows that are subject to any prior payments and any applicable deductible:

1. $69,152.41 Recoverable Cost Value
2. $27,660.96 Recoverable Depreciation (if available)
3. $41,491.45 Actual Cash Value
4. $10,000 in Attorney fees and costs

You are put on notice that we are demanding immediate payment of Actual Cash Value (minus any applicable deductible) plus $10,000 in attorney fees and costs. In the event my client repairs their property, we will demand immediate payment any recoverable depreciation.

**II.**
<u>**Notice**</u>

Pursuant to *Texas Business and Practice Code* § 17.505 and *Texas Insurance Code* § 541.154, you are entitled to notice as a prerequisite to filing a claim under the Deceptive Trade Practices Act and Texas Insurance Code.  This letter serves this notice requirement.

**DICK LAW FIRM, PLLC**
3701 Brookwoods, TX 77092
(844) 447-3234; (713)893-6931(fax)
www.dicklawfirm.com

**EXHIBIT 3**

## III.
## Statement of the Acts or Omissions Giving Rise to the Claim

You failed to perform your contractual duty to adequately compensate my client under the terms of your insurance policy.

You failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished. This behavior equates to breach of the insurance contract between you and my client.

You misrepresented to my client that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. This behavior equates to violations of the Texas Insurance Code.

You failed to make an attempt to settle my client's claims in a fair manner, although they were aware of liability to my client under the insurance policy. Your behavior equates to violations of the *Texas Unfair Competition and Unfair Practices Act.* See: TEX. INS. CODE. Section 541.060(2).

You failed to explain to my client the reasons for your offer of an inadequate settlement. Specifically, you failed to offer my client adequate compensation, without any explanations why full payment was not being made.

You did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did you provide any explanation for the failure to adequately settle my client's claim. Your behavior equates to violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(3).

You failed to affirm or deny coverage of my client's claims within a reasonable time. Specifically, my client did not receive timely indication of acceptance or rejection, regarding the **full and entire** claims, in writing from you. This conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(4).

You refused to fully compensate my client, under the terms of the policy, even though you failed to conduct a reasonable investigation. Specifically, you performed an outcome-oriented investigation of my client's claim, which resulted in a biased, unfair and inequitable evaluation of my client's losses on the property. This behavior by you constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(7).

You failed to meet your obligations under the Texas Insurance Code regarding acknowledging my client's claims, beginning investigations to my client's claims and requesting all information reasonably necessary to investigate my client's claim within fifteen (15) days of receiving notice of my client's claims. Your conduct constitutes violations of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE. Section 542.055.

You failed to accept or deny my client's **full and entire** claims within fifteen (15) business days of receiving all required information. Your conduct constitutes a violation of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE. Section 542.056.

You failed to meet your obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, you have delayed full payment of My client's claims longer than allowed and, to date, my client have not yet received full payment for the claims. Your conduct constitutes a violation of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE. Section 542.055.

From and after the time my client's claims were presented to you, the liability for you to pay the full claims in accordance with the terms of the policy was reasonably clear. However, you have refused to pay my client in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Your conduct constitutes breaches of the common law duty of good faith and fair dealing.

As a result of your acts and omissions, my client was forced to retain the undersigned attorney.

My client's experience is not an isolated case. Your acts and omissions here, or similar acts and omissions, occur with such frequency that they constitute your general business practice with regard to handling these types of claims. Your entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

Your conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

Your unfair practice of misrepresenting to my client material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

Your unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Your liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

Your unfair settlement practice of failing to promptly provide my client with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

Your unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claims of my client or to submit a reservation of rights to my client, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060, and 541.061.

Your unfair settlement practice, as described above, of refusing to pay my client's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and

deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060, and 541.061.

## IV.
### Invocation of Appraisal & Demand that Insurer Participate in Appraisal

After reviewing the estimate prepared by the independent expert, we believe that there is dispute as to the amount of loss. In that regard, the insurance policy allows our client to resolve this dispute through the appraisal process.

Consider this written notice required pursuant to the appraisal clause in the contract of insurance and claim number referenced above as necessary to trigger your duty to name an appraiser and participate in the appraisal process.

In the event that you do not immediately name your appraiser as required in the insurance policy, consider this notice that we fully intend to file a lawsuit to force you to participate in appraisal. We will ask for $10,000 in attorney fees and costs for filing the lawsuit, having you served, and attending any hearing.

In the event that an umpire must be appointed by a local court because of an impasse between the appraisers, consider this notice that we intend to file a petition to appoint an umpire in either the county civil court or district court where the property is located.

Pursuant to the terms and conditions of the insurance policy, My client names its appraiser as:

SCOTT BERKENKAMP
BK APPRAISALS
SBERKENKAMP@BKAPPRAISALS.NET
Phone: (832) 272-0272
*Appraiser*

Best regards,

**DICK LAW FIRM, PLLC**
Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
3701 Brookwoods Dr.
Houston, Texas 77092
(844) 447-3234 Office
(713) 893-6931 Facsimile
eric@dicklawfirm.com
**ATTORNEY FOR THE INSURED**

DICK LAW FIRM, PLLC
3701 Brookwoods, TX 77092
(844) 447-3234; (713)893-6931(fax)
www.dicklawfirm.com

**EXHIBIT 3**

## SWORN STATEMENT IN PROOF OF LOSS

Amount of Policy at time of loss: $ 352,000
Inception Date: 06/09/17
Policyholder Name: TIMOTHY RANIERI & RENEE BURGESS
Agent: N/A
To the: UPC CO.

Policy Number: 43 10023711200 00
Expiration Date: 06/09/2018
Claim Number:

At time of loss, by the above indicated policy of insurance you insured __RESIDENCE__ against loss by __WINDSTORM__ to the property described in Schedule "A", according to the terms and conditions of the said policy and all forms, endorsements, transfers, and assignments attached thereto.

1. **Time and Origin**: A __WINDSTORM__ loss occurred about _____ on 08/26/2017
   The cause and origin of said loss were: __HURRICANE CAUSED WIND & FLOODING__
   (time)      (date)

2. **Occupancy**: The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever: __RESIDENCE TO INSUREDS__ .

3. **Title and Interest**: At the time of the loss the interest of your insured in the property described therein was __MORTGAGED__ No other person or persons had any interest therein or incumbencies except: __MORTGAGE CO.__ .

4. **Changes**: Since the said policy was issued there has been no assignment thereof, or changes of interest, use, occupancy, possession, or exposure of the property described, except: __MORTGAGE LIEN RELEASED__ .

5. **Total Insurance**: The total amount of insurance upon the property described by this policy was, at the time of loss, $ __352,000__ , as more particularly specified in the apportionment attached under Schedule "C", besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

**6. Actual Cash Value of said property at the timed of loss,**   $ 315,000

**7, The Whole Loss and Damage was**   $ 227,284

**8. Less Amount of Deductible or Coinsurance Penalty**   $ 7,040

**9. The Amount Claimed under the above numbered policy is**   $ 86,634

The said loss did not originate by any act, design, or procurement on the part of your insured or its affiliates. Any other information that maybe required will be furnished and considered a part of this proof. In consideration of any payment made pursuant to this proof the undersigned hereby assigns and transfers to the Company named above and agrees that said Company is subrogated to each and all claims and demands against any persons, firms or corporations arising from or connected with such loss or damages to the extent of such payments. The undersigned agrees that he will assist the Company on the prosecution of such claims and will execute any and all papers necessary in effecting recovery. The furnishing of this blank or the preparation of the above by a representative of the above insurance company is not a waiver of any rights.

SIGNATURE OF INSURED                    SIGNATURE OF INSURED

On this __23rd__ day of __February__ , 20 19 , Before me personally appeared __TIMOTHY RANIERI & RENEE BURGESS__ to me known to be the person described herein, and who executed the foregoing instrument and acknowledged that __THEY__ voluntarily executed the same.

My term expires __March 9th__ , 20 20

NOTARY PUBLIC

EBENEZER ANENE III
Notary ID # 126437293
My Commission Expires
March 9, 2020

**Pursuant to s. 817.234, Florida Statutes, any person who, with the intent to injure, defraud, or deceive any insurer or insured, prepares, presents, or causes to be presented a proof of loss or estimate of cost or repair of damaged property in support of a claim under an insurance policy knowing that the proof of loss or estimate of claim or repairs contains any false, incomplete, or misleading information concerning any fact or thing material to the claim commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, Florida Statutes.**

EXHIBIT 4

## SCHEDULE "A" - POLICY FORM

Policy Form No. _HO3_____     Dated _06/09/2017_____

Item 1. $ _86,634_____ on _UPC_____

Item 2. $ _140,650_____ on _FLOOD INS._____

Item 3. $ _____ on _____

Item 4 $. _____ on _____

Situated: _____

Coinsurance, Average, Distribution, or Deductible Clauses, if any

_____APPLIED_____

_____

Loss, if any, Payable to

__OWNER/INSUREDS – (RANIERI & BURGESS)_____

_____

### SCHEDULE "B"
### STATEMENT OF ACTUAL CASH VALUE AND LOSS DAMAGE

|  |  | ACTUAL CASH VALUE | | LOSS AND DAMAGE | |
|---|---|---|---|---|---|
|  | SEE SCHEDULE A |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
| Totals: |  |  |  |  |  |

### SCHEDULE "C" – APPORTIONMENT

| POLICY NO. | EXPIRES | COMPANY NAME | ITEM NO. | | | ITEM NO. | | |
|---|---|---|---|---|---|---|---|---|
|  |  |  | INSURES | PAYS | | INSURES | PAYS | |
|  | SEE SCHEDULE A |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
| Totals: |  |  |  |  |  |  |  |  |

EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **TIMOTHY RANIERI AND** | § | |
| **RENEE BURGESS** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |

---

### LIST OF ALL COUNSEL OF RECORD

---

Sarah R. Smith
Texas State Bar No. 24056346
Sarah C. Plaisance
Texas State Bar No. 24102361
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com
*Attorneys for Defendant*
*United Property & Casualty Insurance Company*


Eric B. Dick, LLM
Texas State Bar No. 24064316
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
Telephone: (832) 207-2007
Facsimile: (713) 893-6931
eric@dicklawfirm.com
*Attorney for Plaintiffs*

**EXHIBIT 5**

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

*EXHIBIT 6*

United States District Court
Southern District of Texas

**ENTERED**

June 07, 2019

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

**COUNTY COURT AT LAW NO. 3**
**OF GALVESTON COUNTY**

CV81918

| | | |
|---|---|---|
| TIMOTHY RANIERI, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-115 |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER REMANDING CASE

The plaintiffs brought this action against Defendant United Property & Casualty Insurance Company ("United") in Galveston County Court at Law No. 3. United removed the case, invoking this Court's diversity jurisdiction; and the plaintiffs have moved to remand based on their stipulation filed in state court that the amount in controversy is less than the jurisdictional minimum set out in 28 U.S.C. § 1332(a). The Court **GRANTS** the motion to remand[1] and **ORDERS** that this case is **REMANDED** to Galveston County Civil Court at Law No. 3.

### Analysis

"A [defendant] may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v.*

---

[1] The plaintiffs' counsel did not comply with the Court's pre-motion conference requirement, which extends to motions to remand. *See* Hanks Procedures 6.B. The Court ordinarily strikes noncompliant motions to remand but will rule on this motion in the interest of efficiency because United has filed a response. Moreover, the Court is confident that counsel for the plaintiffs will not repeat his mistake: after filing this motion to remand, the plaintiffs' counsel had to seek a pre-motion conference in another case (case number 3:19-CV-98) after the Court struck his motion to remand in that case.

1 / 3

*Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see* 28 U.S.C. § 1441(a). However, the defendant then "bears the burden of establishing the facts necessary to show that [subject matter] jurisdiction exists." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In the event a defendant asserts removal on diversity grounds specifically, a district court will refuse jurisdiction unless the defendant can prove all necessary jurisdictional facts by "a preponderance of the evidence." *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). All ambiguities and "doubts regarding whether removal jurisdiction is proper [will] be resolved against federal jurisdiction." *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The parties concede that complete diversity exists, so the Court only needs to decide whether the $75,000 requirement is met in order to determine if it has jurisdiction over this case. *See* 28 U.S.C. § 1332(a). United argues that removal was proper because the parties are completely diverse and the amount in controversy exceeds $75,000 (Dkt. 12 at p. 3). The plaintiffs seek remand based on a binding stipulation attached to their state-court petition, which states that the amount in controversy does not exceed $75,000 and that "[n]either Plaintiff nor his/her [sic] attorney will accept an amount that exceeds $75,000 exclusive of interest and costs" (Dkt. 1-2 at p. 32).

In the Fifth Circuit, it is well settled that "a binding stipulation that a plaintiff will not accept damages in excess of the [$75,000] defeats diversity jurisdiction." *Espinola-E v. Coahoma Chem. Co.*, Nos. 98-60240, 98-60454, 98-60467, 98-60510, 98-60646, 2001 U.S. App. LEXIS 32198, at *3-4 (5th Cir. Jan. 19, 2001); *see Williams v. Companion*

*Prop. & Cas. Ins. Co.*, No. 4:13-cv-733, 2013 U.S. Dist. LEXIS 75125, at *4-5 (S.D.

Tex. May 27, 2013) (Rosenthal, J.); *see also Mokhtari v. Geovera Specialty Ins. Co.*, No.

4:14-cv-3676, 2015 U.S. Dist. LEXIS 57941, at *2 (S.D. Tex. 2015) (Lake, J.); *see also*

*Stephens v. Geovera Specialty Ins. Co.*, No. 4:16-cv-2372, at 3 (S.D. Tex. December 20,

2016) (Ellison, J.). The plaintiffs have provided such a stipulation here (Dkt. 1-2 at p.

32). Accordingly, the amount in controversy requirement is not met and the Court does

not have subject-matter jurisdiction over this dispute. "Should Plaintiff[s] amend [their]

state-court petition in the future in a way that somehow negates [Plaintiffs'] existing

stipulation not to accept damages in excess of the jurisdictional limit, Defendant may

seek to remove again at that time." *See Mokhtari*, 2015 U.S. Dist. LEXIS 57941, at *5.

### Conclusion

For the foregoing reasons, the Court **GRANTS** the plaintiffs' motion to remand

(Dkt. 10). Accordingly, the Court **ORDERS** this case to be **REMANDED** to Galveston

County Court at Law No. 3.[2] The Clerk of the Court is directed to send a certified copy of

this order via certified mail, return receipt requested, to the County Clerk of Galveston

County, Texas and the Clerk of Galveston County Court at Law No. 3.

SIGNED at Galveston, Texas, this 7th day of June, 2019.

George C. Hanks Jr.
United States District Judge

FILED

2019 JUN 11  PM 3: 42

---

[2] The state-court cause number is CV-0081964.

3 / 3

**CERTIFIED MAIL**

7016 1970 0000 9183 2860

CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
601 ROSENBERG, ROOM 411
GALVESTON, TEXAS 77550

**Galveston County Clerk**
**722 Moody**
**Galveston, TX 77550**

77550-231801

$ 006.80
PITNEY BOWES
JUN 07 2019
0001996034
MAILED FROM ZIP CODE 77550



# County Court at Law No. 3

Galveston, County, Texas

## Jack Ewing
Judge

# NOTICE OF CASE SETTING/ACTION

June 13, 2019

ERIC B. DICK                                                    FAX: 713-893-6931
DICK LAW FIRM PLLC
3701 BROOKWOODS DRIVE
HOUSTON TX 77092

CASE NUMBER:    CV-0081964

CASE STYLE:    TIMOTHY RANIERI, ET AL

VS.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE:             June 25, 2019

TIME:             9:30 AM

TYPE OF SETTING/ACTION: STATUS CONFERENCE JUDGE


FROM:    /s/ Celeste Huffstetler /s/
         Celeste Huffstetler
         COURT COORDINATOR
         COUNTY COURT AT LAW NO.3
         600 59TH ST, 2nd FLOOR
         GALVESTON, TX 77551
         (409) 621-7920
                                      RETURN TO FAX NO.: (409) 765-3154

---

### CONFIDENTIALITY NOTE

**The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you.**

# FAX CONFIRMATION

**Result: Success**

## Sent by:

| | |
|---|---|
| Name: | Fax Sender |
| Voice Number: | |
| Fax Number: | |
| RightFax ID: | WALKUP |

## Sent to:

| | |
|---|---|
| Name: | Fax User |
| Company: | |
| Number/Address: | 7138936931 |
| Voice Number: | |
| Remote CSID: | 17138936931 |



County Court at Law No. 3
Galveston, County, Texas

**Jack Ewing**
Judge

**NOTICE OF CASE SETTING/ACTION**

June 13, 2019

ERIC B DICK                                          FAX  713-893-6931
DICK LAW FIRM PLLC
3701 BROOKWOODS DRIVE
HOUSTON TX  77092

CASE NUMBER    CV-0061964

CASE STYLE    TIMOTHY RANIERI, ET A..

VS.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE.                    June 25, 2019

TIME                     9 30 AM

TYPE OF SETTING/ACTION: STATUS CONFERENCE JUDGE

FROM        /s/ Celeste Huffstutler /s/
            Celeste Huffstutler
            COURT COORDINATOR
            COUNTY COURT AT LAW NO 3
            600 59TH ST, 2ND FLOOR
            GALVESTON, TX 77551
            (409) 621-7920
                                RETURN TO FAX NO  (409) 765-3154

CONFIDENTIALITY NOTE

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you.

## Details:

| | |
|---|---|
| Type: | Fax |
| Cover Sheet: | has a cover page |
| Body Pages: | 1 |
| Billing Code #1: | |
| Billing Code #2: | |
| Unique ID: | WAI.5D020688AD3B |
| Fax Channel: | 15 |
| Scanning Device: | 172.21.16.49 |
| Scanned at: | 06/13/19 08:17:13 |
| Submitted at: | 06/13/19 08:17:12 |
| Completed at: | 06/13/19 08:41:42 |



# County Court at Law No. 3
Galveston, County, Texas

## Jack Ewing
Judge

# NOTICE OF CASE SETTING/ACTION

June 13, 2019

SARAH R. SMITH                                    FAX: 713-759-6830
24 GREENWAY PLAZA SUITE 1400
HOUSTON TX  77046

CASE NUMBER:    CV-0081964

CASE STYLE:     TIMOTHY RANIERI, ET AL

VS.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE:           June 25, 2019

TIME:           9:30 AM

TYPE OF SETTING/ACTION: STATUS CONFERENCE JUDGE


FROM:    /s/ Celeste Huffstetler /s/
         Celeste Huffstetler
         COURT COORDINATOR
         COUNTY COURT AT LAW NO.3
         600 59TH ST, 2nd FLOOR
         GALVESTON, TX 77551
         (409) 621-7920

                         RETURN TO FAX NO.: (409) 765-3154

---

**CONFIDENTIALITY NOTE**

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you.

# FAX CONFIRMATION

**Result: Success**

## Sent by:

Name:      Fax Sender
Voice Number:
Fax Number:
RightFax ID:      WALKUP

## Sent to:

Name:      Fax User
Company:
Number/Address:      7137596830
Voice Number:
Remote CSID:      17137596830

---



**County Court at Law No. 3**
Galveston, County Texas

**Jack Ewing**
Judge

**NOTICE OF CASE SETTING/ACTION**

June 13, 2019

SARAH R. SMITH      FAX 713-756-6830
24 GREENWAY PLAZA SUITE 1400
HOUSTON TX 77046

CASE NUMBER    CV-0081964

CASE STYLE:    TIMOTHY RANIERI, ET AL

VS

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE:      June 25, 2019

TIME:      9:30 AM

TYPE OF SETTING/ACTION: STATUS CONFERENCE JUDGE

FROM    /s/ Celeste Huffstetler /s/
     Celeste Huffstetler
     COURT COORDINATOR
     COUNTY COURT AT LAW NO 3
     600 59TH ST, 2ND FLOOR
     GALVESTON, TX 77551
     (409) 621-7920
                 RETURN TO FAX NO (409) 766-3154

**CONFIDENTIALITY NOTE**

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you

## Details:

Type:      Fax

Cover Sheet:      has a cover page
Body Pages:      1

Billing Code #1:
Billing Code #2:

Unique ID:      WAL5D02067EAD3A
Fax Channel:      5

Scanning Device:      172.21.16.49

Scanned at:      06/13/19 08:17:00
Submitted at:      06/13/19 08:17:01
Completed at:      06/13/19 08:17:08

Filed
7/8/2019 2:13 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

## CAUSE NO. CV-0081964

| | | |
|---|---|---|
| TIMOTHY   RANIERI   AND RENEE BURGESS, | § § | IN THE COUNTY CIVIL COURT |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | AT LAW NUMBER 3 |
| | § | |
| UNITED PROPERTY & | § | |
| CASUALTY INSURANCE | § | |
| COMPANY, | § | |
| *Defendant.* | § | GALVESTON COUNTY, TEXAS |

## MOTION TO QUASH NOTICE OF DEPOSITION OF TIMOTHY RANIERI AND FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** TIMOTHY RANIERI, ("Movant" herein), and requests the Court to quash a NOTICE OF DEPOSITION OF TIMOTHY RANIERI and issue a protective order in connection therewith, and would show the following:

### I.

On or about July 5, 2019, UNITED PROPERTY & CASUALTY INSURANCE COMPANY purportedly served TIMOTHY RANIERI with a NOTICE OF DEPOSITION OF TIMOTHY RANIERI (attached hereto as "Exhibit A").

### II.

Under the Texas Rules of Civil Procedure, Movant has only three (3) business days to file a Motion to Quash.  Therefore, this Motion is being filed within three business days after the date of receipt of the deposition notice.

### III.

At this time, Movant requests that the Court quash the NOTICE OF DEPOSITION OF TIMOTHY RANIERI, in accordance with Rule 199.4, because the NOTICE OF DEPOSITION

OF TIMOTHY RANIERI was not properly served upon Movant.  Movant would specifically show that the date and time for the deposition notice is at a date and time that was not agreed to by the parties.

## IV.

Movant generally objects to the NOTICE OF DEPOSITION OF TIMOTHY RANIERI as follows:

a. Movant was not given sufficient advance notice of the deposition.

b. Movant objects to the date and time of the proposed deposition.

c. Movant objects to the place of the taking of the proposed deposition.

d. Movant's attorney is not available on the date and time of the proposed deposition.

## V.

A trial court has broad discretion to protect a party with a protective order.  Movant asks the Court to exercise its discretion and grant a protective order because it is necessary to protect Movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights.

## VI.

In the interest of justice, Movant requests that a protective order be entered as follows:

a. The deposition rescheduled for a time, date and place convenient for Movant and Plaintiff's counsel.

## VII.

Rule 199.4 of the Texas Rules of Civil Procedure provides as follows:

A party or witness may object to the time and place designated for an oral deposition by

2

Motion for Protective Order or by Motion to Quash the notice of deposition.  If the Motion is filed by the third business day after service of the notice of deposition, an objection to the time and place of a deposition stays the oral deposition until the motion can be determined.

Movant is asserting its rights under Rule 199.4 in requesting that the deposition be automatically stayed.  Counsel for Movant also reserves the right to file and/or lodge additional objections to this deposition notice.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Movant requests that the Court quash the above-described Notice of Deposition, that a protective order be entered herein as requested hereinabove, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

Dick Law Firm, PLLC

Eric Dick, LL.M.
Texas Bar #24064316
(844) 447-3234 Telephone
3701 Brookwoods Dr.
Houston, TX 77092
eric@dicklawfirm.com
**Attorney for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 8, 2019 a true and correct copy of the above pleading was served by the undersigned to parties or its attorney of record in a manner appropriate under Texas Rules of Civil Procedure.

_____
Eric Dick, LL.M.

CAUSE NO: CV-0081964

| | | |
|---|---|---|
| TIMOTHY RANIERI AND RENEE BURGESS | § § § | IN THE COUNTY CIVIL COURT |
| VS. | § § | AT LAW NO. 3 |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | § § § | GALVESTON COUNTY, TEXAS |

**DEFENDANT'S NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF PLAINTIFF, TIMOTHY RANIERI**

TO:  Plaintiffs, Timothy Ranieri and Renee Burgess, by and through their attorney of record, Eric B. Dick, Dick Law Firm, PLLC, 3701 Brookwoods Drive, Houston, TX 77092.

PLEASE TAKE NOTICE that the oral deposition of Plaintiff, Timothy Ranieri, will be taken on **Thursday, August 22, 2019 at 10:00 a.m.,** at Dick Law Firm, 3701 Brookwoods Drive, Houston, Texas 77092, before a court reporter lawfully authorized to take the deposition.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_____/s/ Sarah R. Smith_____
Sarah R. Smith
Texas Bar No:  24056346
Sarah C. Plaisance
Texas Bar No: 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

**Attorneys for Defendant, United Property & Casualty Insurance Company**

# EXHIBIT A

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on July 5, 2019, via electronic mail addressed to:

Eric B. Dick                    ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, TX 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

*/s/ Sarah R. Smith*
Sarah R. Smith

CAUSE NO. CV-0081964

| | | |
|---|---|---|
| TIMOTHY   RANIERI   AND RENEE BURGESS, | § | IN THE COUNTY CIVIL COURT |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | AT LAW NUMBER 3 |
| | § | |
| **UNITED PROPERTY &** | § | |
| **CASUALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | GALVESTON COUNTY, TEXAS |

## ORDER ON PLAINTIFF'S MOTION TO QUASH
## NOTICE OF DEPOSITION OF TIMOTHY RANIERI

After considering Plaintiff's Motion to Quash Notice of Deposition of TIMOTHY RANIERI and for Protective Order, the Court finds there is good and sufficient cause for the Motion and that the Motion should be **GRANTED**.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Motion is hereby in all things GRANTED.

SIGNED on _____.


_____
JUDGE PRESIDING


APPROVED AS TO FORM ONLY:

*/s/ Eric B. Dick*_____
Eric B. Dick, LL.M.
SBN: 24064316
3701 Brookwoods Dr.
Houston, Texas 77092
(844) 447-3234 Telephone
eric@dicklawfirm.com

Filed
7/8/2019 2:15 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

## CAUSE NO. CV-0081964

| | | |
|---|---|---|
| TIMOTHY RANIERI AND RENEE BURGESS, | § § | IN THE COUNTY CIVIL COURT |
|    *Plaintiff,* | § § | |
| v. | § § | AT LAW NUMBER 3 |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY, | § § § § | |
|    *Defendant.* | § | GALVESTON COUNTY, TEXAS |

## MOTION TO QUASH NOTICE OF DEPOSITION OF RENEE BURGESS AND FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** RENEE BURGESS, ("Movant" herein), and requests the Court to quash a NOTICE OF DEPOSITION OF RENEE BURGESS and issue a protective order in connection therewith, and would show the following:

### I.

On or about July 5, 2019, UNITED PROPERTY & CASUALTY INSURANCE COMPANY purportedly served RENEE BURGESS with a NOTICE OF DEPOSITION OF RENEE BURGESS (attached hereto as "Exhibit A").

### II.

Under the Texas Rules of Civil Procedure, Movant has only three (3) business days to file a Motion to Quash. Therefore, this Motion is being filed within three business days after the date of receipt of the deposition notice.

### III.

At this time, Movant requests that the Court quash the NOTICE OF DEPOSITION OF RENEE BURGESS, in accordance with Rule 199.4, because the NOTICE OF DEPOSITION OF

1

RENEE BURGESS was not properly served upon Movant.  Movant would specifically show that the date and time for the deposition notice is at a date and time that was not agreed to by the parties.

**IV.**

Movant generally objects to the NOTICE OF DEPOSITION OF RENEE BURGESS as follows:

      a.      Movant was not given sufficient advance notice of the deposition.

      b.      Movant objects to the date and time of the proposed deposition.

      c.      Movant objects to the place of the taking of the proposed deposition.

      d.      Movant's attorney is not available on the date and time of the proposed deposition.

**V.**

A trial court has broad discretion to protect a party with a protective order.  Movant asks the Court to exercise its discretion and grant a protective order because it is necessary to protect Movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights.

**VI.**

In the interest of justice, Movant requests that a protective order be entered as follows:

      a.      The deposition rescheduled for a time, date and place convenient for Movant and Plaintiff's counsel.

**VII.**

Rule 199.4 of the Texas Rules of Civil Procedure provides as follows:

A party or witness may object to the time and place designated for an oral deposition by Motion for Protective Order or by Motion to Quash the notice of deposition.  If the Motion is filed

by the third business day after service of the notice of deposition, an objection to the time and place of a deposition stays the oral deposition until the motion can be determined.

Movant is asserting its rights under Rule 199.4 in requesting that the deposition be automatically stayed.  Counsel for Movant also reserves the right to file and/or lodge additional objections to this deposition notice.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Movant requests that the Court quash the above-described Notice of Deposition, that a protective order be entered herein as requested hereinabove, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

Dick Law Firm, PLLC

Eric Dick, LL.M.
Texas Bar #24064316
(844) 447-3234 Telephone
3701 Brookwoods Dr.
Houston, TX 77092
eric@dicklawfirm.com
**Attorney for Plaintiff**

3

## CERTIFICATE OF SERVICE

I certify that on July 8, 2019 a true and correct copy of the above pleading was served by the undersigned to parties or its attorney of record in a manner appropriate under Texas Rules of Civil Procedure.

Eric Dick, LL.M.

CAUSE NO: CV-0081964

| | | |
|---|---|---|
| TIMOTHY RANIERI AND RENEE BURGESS | § § § | IN THE COUNTY CIVIL COURT |
| VS. | § § | AT LAW NO. 3 |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | § § § | GALVESTON COUNTY, TEXAS |

**DEFENDANT'S NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF PLAINTIFF, RENEE BURGESS**

TO:   Plaintiffs,  Timothy Ranieri and Renee Burgess, by and through their attorney of record, Eric B. Dick, Dick Law Firm, PLLC, 3701 Brookwoods Drive, Houston, TX 77092.

PLEASE TAKE NOTICE that the oral deposition of Plaintiff, Renee Burgess, will be taken on **Thursday, August 22, 2019 at 12:00 p.m.,** or immediately following the deposition of Plaintiff, Timothy Ranieri, at Dick Law Firm, 3701 Brookwoods Drive, Houston, Texas 77092, before a court reporter lawfully authorized to take the deposition.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**


_____/s/ Sarah R. Smith_____
Sarah R. Smith
Texas Bar No:  24056346
Sarah C. Plaisance
Texas Bar No: 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

**Attorneys for Defendant, United Property & Casualty Insurance Company**

**EXHIBIT A**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on July 5, 2019, via electronic mail addressed to:

Eric B. Dick                 ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, TX 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

*/s/ Sarah R. Smith*
Sarah R. Smith

CAUSE NO. CV-0081964

| | | |
|---|---|---|
| TIMOTHY RANIERI AND RENEE BURGESS, | § | IN THE COUNTY CIVIL COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | AT LAW NUMBER 3 |
| | § | |
| UNITED PROPERTY & | § | |
| CASUALTY INSURANCE | § | |
| COMPANY, | § | |
| *Defendant.* | § | GALVESTON COUNTY, TEXAS |

## ORDER ON PLAINTIFF'S MOTION TO QUASH NOTICE OF DEPOSITION OF RENEE BURGESS

After considering Plaintiff's Motion to Quash Notice of Deposition of RENEE BURGESS and for Protective Order, the Court finds there is good and sufficient cause for the Motion and that the Motion should be **GRANTED**.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Motion is hereby in all things GRANTED.

SIGNED on _____.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

*/s/ Eric B. Dick*_____
Eric B. Dick, LL.M.
SBN: 24064316
3701 Brookwoods Dr.
Houston, Texas 77092
(844) 447-3234 Telephone
eric@dicklawfirm.com

Filed
7/11/2019 12:47 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

CAUSE NO: CV-0081964

| | | |
|---|---|---|
| TIMOTHY RANIERI AND RENEE BURGESS | § § § | IN THE COUNTY CIVIL COURT |
| VS. | § § | AT LAW NO. 3 |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | § § § | GALVESTON COUNTY, TEXAS |

## NOTICE OF ORAL HEARING

Please take notice that Plaintiff's, Renee Burgess, *Motion to Quash Notice of Deposition of Renee Burgess and for Protective Order* is set for oral hearing on **Wednesday, July 17, 2019 at 9:30 a.m.,** in County Civil Court at Law No. 3, 600 59th Street, Suite 2205, Galveston, Texas 77551-4180.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

 /s/ Sarah R. Smith
Sarah R. Smith
Texas Bar No: 24056346
Sarah C. Plaisance
Texas Bar No: 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:(713) 759-6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com
**ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above pleading has been forwarded

pursuant to the Texas Rules of Civil Procedure on this 11th day of July, 2019.


Eric B. Dick                            ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*


                                         */s/ Sarah R. Smith*
                                         Sarah R. Smith

Filed
7/11/2019 12:47 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

CAUSE NO: CV-0081964

| | | |
|---|---|---|
| TIMOTHY RANIERI AND RENEE BURGESS | § § § | IN THE COUNTY CIVIL COURT |
| VS. | § § | AT LAW NO. 3 |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | § § § | GALVESTON COUNTY, TEXAS |

## NOTICE OF ORAL HEARING

Please take notice that Plaintiff's, Timothy Ranieri, *Motion to Quash Notice of Deposition of Timothy Ranieri and for Protective Order* is set for oral hearing on **Wednesday, July 17, 2019 at 9:30 a.m.,** in County Civil Court at Law No. 3, 600 59th Street, Suite 2205, Galveston, Texas 77551-4180.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

 */s/ Sarah R. Smith*
Sarah R. Smith
Texas Bar No: 24056346
Sarah C. Plaisance
Texas Bar No: 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:(713) 759-6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com
ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY INSURANCE
COMPANY

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above pleading has been forwarded

pursuant to the Texas Rules of Civil Procedure on this 11th day of July, 2019.

Eric B. Dick                                      ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

                                              */s/ Sarah R. Smith*
                                              Sarah R. Smith

CAUSE NO: CV-0081964

| | | |
|---|---|---|
| TIMOTHY RANIERI AND RENEE BURGESS | §<br>§<br>§ | IN THE COUNTY CIVIL COURT |
| VS. | §<br>§ | AT LAW NO. 3 |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | §<br>§ | GALVESTON COUNTY, TEXAS |

## DISCOVERY AND DOCKET CONTROL ORDER

1. **AUGUST 15, 2019**     New parties shall be joined and served by this date.

2. **OCTOBER 15, 2019**     Experts for all Plaintiffs shall be designated by this date.*

3. **NOVEMBER 15, 2019**     Experts for all other parties shall be designated by this date (30 days after date Plaintiff's experts are ordered to be designated).*

**\*Any party designating a testifying expert witness is ORDERED to provide no later than the dates set for such designation, the information set forth in Rule 194.2(f) and a written report prepared by the expert setting the substance of the experts' opinions, unless a deposition is taken of the expert. An expert not designated prior to the ordered deadlines shall not be permitted to testify absent a showing of good cause.**

4. **DECEMBER 15, 2019**  Discovery shall be completed by this date. Discovery deadlines are controlled by designation of the case. Counsel may, by written agreement, continue discovery beyond this deadline. However, continuation of discovery beyond this deadline shall not delay the trial date.

5. **NOVEMBER 1, 2019**     Pleadings must be amended or supplemented by this date, except by written agreement of all parties.

6. **JANUARY 15, 2020**   Mediation shall be completed by this date. Objections to mediation must be filed no later than four (4) weeks before this date. If parties cannot agree as to a mediator then the parties shall notify the court and one will be appointed.

7. **JANUARY 15, 2020**     All dispositive motions shall be filed no later than 30 days prior to trial. If a party desires a hearing, then a request for oral hearing is to be submitted along with the accompanying motion.

8. **FEBRUARY 10, 2020**   (Fourteen (14) days prior to trial). Deadline to file all motions, *except* motions in limine and dispositive motions. If a party desires a hearing, then a request for oral hearing is to be submitted along with the accompanying motion. A

1

Filed
07/15/2019 09:30:28
Dwight D. Sullivan
County Clerk
Galveston County, Texas

motion for continuance must be filed **at least seven (7) days prior to the pre-trial conference date.**

9. _____02/14/2020_____ Pre-Trial Conference will be held at 10:00 a.m. Trial counsel or pro-se parties are ordered to attend and to be prepared to discuss all aspects of the case and trial. **<u>Failure to appear will be grounds for dismissal for want of prosecution.</u>** A motion for continuance must be filed **at least seven (7) days prior to the pre-trial conference date.**

10. _____N/A_____ Trial by jury is set for two-week docket beginning on this date. Prior to commencement of voir dire, parties are ordered to exchange the following and discuss what the parties will agree to and what issues are contested:

> Proposed jury instructions and questions
> Motions in Limine
> Exhibit lists and exhibits. Exhibits are to be labeled in accordance with the Court's "Procedures for Exhibits for Trials and Hearings"
> Witness lists (inform court at earliest opportunity of scheduling problems)

11. _____02/24/2020_____ Trial before Court is set for one-week docket beginning on this date. Prior to commencement of trial, parties are ordered to exchange exhibit lists and exhibits, and witness lists. All exhibits are to be labeled and numbered in accordance with the Court's "Procedures for Exhibits for Trials and Hearings." Inform court at earliest opportunity of witness scheduling problems, if any.

Signed by:
**DICK LAW FIRM**                                  **LEWIS BRISBOIS BISGAARD & SMITH, LLP**


_/s/ Eric B. Dick_____                             _/s/ Sarah R. Smith_____
Eric B. Dick, LLM                                  Sarah R. Smith
Texas Bar No. 24064316                             Texas Bar No. 24056346
3701 Brookwoods Drive                              Sarah C. Plaisance
Houston, Texas 77092                               Texas Bar No. 24102361
(832) 207-2007 Telephone                           24 Greenway Plaza, Ste. 1400
(713) 893-6931 Facsimile                           Houston, Texas 77046
eric@dicklawfirm.com                               (713) 659-6767 Telephone
                                                   (713) 759-6830 Facsimile
**ATTORNEY FOR PLAINTIFFS**                        Sarah.Smith@lewisbrisbois.com
**TIMOTHY RANIERI AND**                            Sarah.Plaisance@lewisbrisbois.com
**RENEE BURGESS**

                                                   **ATTORNEYS FOR DEFENDANT,**
                                                   **UNITED PROPERTY & CASUALTY**
                                                   **INSURANCE COMPANY**

SIGNED this <u>12th</u> day of _____July_____, 2019.

_____
JACK D. EWING, JUDGE
COUNTY COURT AT LAW NO. 3

Signed: 7/12/2019 04:31 PM

Filed
07/15/2019 09:30:32
Dwight D. Sullivan
County Clerk
Galveston County, Texas

Filed
7/15/2019 3:58 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

NO. **CV-081964** .

| | | |
|---|---|---|
| **TIMOTHY RANIERI and RENEE BURGESS,** | § | **IN THE COUNTY CIVIL COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **AT LAW NUMBER** **3** . |
| | § | |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY,** | § | |
| *Defendant* | § | **GALVESTON COUNTY, TEXAS** |

### PLAINTIFF'S FIRST AMENDED DESIGNATION OF EXPERT WITNESSES

NOW COMES, Plaintiff who files this, it's Amended Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

**I.**

Plaintiff may call the following experts who are not retained:

1. Richard Gadrow
   30719 Meadow Edge Drive
   Magnolia, Texas 77354
   *General Contractor/Estimator*

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, loss cause (ie: hail, storm, etc), and value of Plaintiff's property and similar property. He may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim.

Said expert will base opinions on his respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property. His estimates will be supplemented and are incorporated by reference.

He is an estimator who is expected to testify regarding his investigation and handling of Plaintiff's claim, including the cause, origin, scope of damage and costs of repair. He will testify that he properly identified and estimated the scope and amount of damage made the basis of Plaintiff's claim subject to this lawsuit.

His opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

His is expected to opine the following: (1) the insured location sustained covered wind and/or hail damage during the effective policy period and the proper scope of repairs to address the aforementioned damages is reflected in the estimate previously produced or to be produced ; (2) evidence of covered damages warranting replacement of the estimated damages was obvious and reasonably clear during his site inspection and an insurance carrier adjusting this claim reasonably and in good faith either knew or should have known to identify and accept coverage

for the aforementioned reasonably clear damages; (3) to the extend Defendant failed to acknowledge and accept coverage for the aforementioned reasonably clear damage, Defendant adjusted this claim in bad faith; (4) Defendant did not fully indemnify the insured for his/her loss and he/she has not been paid to restore the insured's property back to pre-loss condition; and (5) the insured was underpaid for this claim and Defendant knew or should have known that its claim decision constituted an unfair denial because evidence of covered damages warranting further coverage at all times was reasonably clear during its claim investigation.

Plaintiff will supplement documents for a complete statement of this experts findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions [1 SEP]

His report and resume will be supplemented if not attached.

Additional information he used in making any opinions, if any, will be supplemented if not attached.

   2.  Ray Choate
       541 County Road 4106
       Crandall, Texas 75114
       *Appraiser*

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, loss cause (ie: hail, storm, etc), and value of Plaintiff's property and similar property.  He may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim.

Said expert will base opinions on his respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property.  His estimates will be supplemented and are incorporated by reference.

He is an appraiser who is expected to testify regarding his investigation and handling of Plaintiff's claim, including the cause, origin, scope of damage and costs of repair. He will testify that he properly identified and estimated the scope and amount of damage made the basis of Plaintiff's claim subject to this lawsuit.

His opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

He may opine the following: (1) the insured location sustained covered wind and/or hail damage during the effective policy period and the proper scope of repairs to address the aforementioned damages is reflected in the estimate previously produced or to be produced ; (2) evidence of covered damages warranting replacement of the estimated damages was obvious and reasonably clear during his site inspection and an insurance carrier adjusting this claim reasonably and in good faith either knew or should have known to identify and accept coverage for the aforementioned reasonably clear damages; (3) to the extend Defendant failed to acknowledge

and accept coverage for the aforementioned reasonably clear damage, Defendant adjusted this claim in bad faith; (4) Defendant did not fully indemnify the insured for his/her loss and he/she has not been paid to restore the insured's property back to pre-loss condition; and (5) the insured was underpaid for this claim and Defendant knew or should have known that its claim decision constituted an unfair denial because evidence of covered damages warranting further coverage at all times was reasonably clear during its claim investigation.

Plaintiff will supplement documents for a complete statement of this experts findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions ⌈1⌉

His report and resume will be supplemented if not attached.

Additional information he used in making any opinions, if any, will be supplemented if not attached.

> 3.  Michel Fleming
>     1345 Campbell Road, # 100
>     Houston, Texas 77055
>     *Umpire*

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, loss cause (ie: hail, storm, etc), and value of Plaintiff's property and similar property.  He may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim.

Said expert will base opinions on his respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property.  His estimates will be supplemented and are incorporated by reference.

He is an umpire who is expected to testify regarding his investigation and handling of Plaintiff's claim, including the cause, origin, scope of damage and costs of repair. He will testify that he properly identified and estimated the scope and amount of damage made the basis of Plaintiff's claim subject to this lawsuit.

His opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

He may opine the following: (1) the insured location sustained covered wind and/or hail damage during the effective policy period and the proper scope of repairs to address the aforementioned damages is reflected in the estimate previously produced or to be produced ; (2) evidence of covered damages warranting replacement of the estimated damages was obvious and reasonably clear during his site inspection and an insurance carrier adjusting this claim reasonably and in good faith either knew or should have known to identify and accept coverage for the

aforementioned reasonably clear damages; (3) to the extend Defendant failed to acknowledge and accept coverage for the aforementioned reasonably clear damage, Defendant adjusted this claim in bad faith; (4) Defendant did not fully indemnify the insured for his/her loss and he/she has not been paid to restore the insured's property back to pre-loss condition; and (5) the insured was underpaid for this claim and Defendant knew or should have known that its claim decision constituted an unfair denial because evidence of covered damages warranting further coverage at all times was reasonably clear during its claim investigation.

Plaintiff will supplement documents for a complete statement of this experts findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions ⸤SEP⸥

His report and resume will be supplemented if not attached.

Additional information he used in making any opinions, if any, will be supplemented if not attached.

Plaintiff may supplement with any additional data.

    4.  Robert W. Von Dohlen
        112 West 4th Street
        Houston, Texas 77007
        *Bad Faith Expert*

Said expert will base opinions on his respective training, education, experience, and review of the reports, insurance application, claim file, and data, and other documents previously produced or to be produced in this case.

The above-named witnesses may be called to testify as insurance professional with regard to what a reasonable and prudent insurance adjuster and/or insurance company would have done in processing the insurance claim subject to this lawsuit.  More so, what actions taken by an insurance company and its agents constitute good faith and/or bad faith.  Said expert will base opinions on their respective training, education, experience, and review of the insurance policy application, data, and other documents previously produced or to be produced in this case.

He is a licensed attorney and licensed adjuster who is expected to testify regarding his investigation and Defendant's handling of Plaintiff's claim. It is expected that he will testify that the Defendant did not exercise good faith while adjusting Plaintiff's claim.

He will testify that it is his experience that an insurance company while acting in good faith will look for ways that an insurance policy will pay benefits. Basically, he will testify that it is common practice for insurance companies to give policy holders the benefit of the doubt. His opinions are that the underlying claim was handled in bad faith because Defendant was looking for ways to avoid paying policy benefits. More specifically, that a sign of an insurance company acting in bad faith is when they give little to no weight as to the facts and circumstances as depicted by the insured. Finally, he will testify that the insurance carrier participated in appraisal in bad faith.

His opinions are within his claim report, deposition, and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and reviewing the handling of the claim.

The above-named witnesses may be also called to testify as insurance professional and legal expert with regard to what constitutes a valid defense of fraud. More specifically, he will testify that the Defendant would be incorrect is claiming fraud because there is a lack of materiality and/or there no material evidence showing intent to deceive on behalf of the insured.

Plaintiff will supplement documents for a complete statement of his findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions.

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, cause, and value of Plaintiff's property and similar property.  He may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim.  He may also provide an opinion as to the causation of damages. Said experts will base opinions on their respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property.  His estimates will be supplemented and are incorporated by reference.

His report and resume, if any, will be supplemented if not attached.

Additional information he used in making any opinions will be supplemented

5. Pooya Koohbanani
   1001 Belleview Street, Suite 308
   Dallas, Texas 75215

The above-named witnesses may be called to testify with regard to the causation, nature, existence of damage at the insured property Said expert will base opinions on their respective training, education, experience, and review of the reports, and data, and other documents previously produced or to be produced in this case.  His reports, if not attached, with be produced and are incorporated by reference. His resume is available at the above indicated website.

His opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

Pooya M. Koohbanani is an engineer who is expected to opine as follows: an event (ie: hail or high winds) occurred at the insured location during the policy period and said event caused damaged to the insured property.

Plaintiff will supplement documents, if not attached, for a complete statement of Pooya M.

Koohbanani's findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions.

Plaintiff may call the following experts who are retained:

6.  Eric Dick, LL.M.
    Rogelio Garcia (of Counsel)
    Chris Carmona (of Counsel)
    Joe Synoradzki (of Counsel)
    Dick Law Firm, PLLC
    3701 Brookwoods Dr.
    Houston, Texas 77092
    (832) 207-2007
    (713) 893-6931 Fax
    www.dicklawfirm.com

The above attorneys may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred or recoverable by any party to this lawsuit.  Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims.  The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

Information regarding Eric Dick:

| | |
|---|---|
| College: | Thomas M. Cooley |
| Degree: | Juris Doctorate |
| Distinctions: | Cum Laude |
| College: | University of Alabama |
| Degree: | Masters of Laws and Letters |

Notable information:  Interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history. Named by Super Lawyers as a Rising Star.

Mr Dick's report and resume, if not attached, will be provided to Defendant and are incorporated by reference.

The mental impressions and opinions are that fees and costs associated with this litigation are reasonable, necessary and customary in this county and surrounding counties.  A reasonable fee to be charged in this case is $350.00 to 750.00 per hour in consideration with several factors,

including:

- The nature and complexity of the case;
- The nature of the services provided by counsel;
- The time required for trial;
- The amount of money involved;
- The client's interest that is at stake;
- The responsibility imposed on counsel;
- The skill and expertise involved; and
- Those matters enumerated in State Bar Rule 1.04(b) (1)-(8), which are:
  - The time and labor required, the novelty and difficulty of the questions presented and the skill required to perform the legal services properly;
  - The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer;
  - The fee customarily charged in the locality for similar legal services;
  - The amount involved and the results obtained;
  - The time limitations imposed by the client or the circumstances;
  - The nature and length of the professional relationship with the client;
- The experience, reputation and ability of the lawyer or lawyers performing the service.

Plaintiff may call the following expert who is not retained:

7. Greg Degeyter
   9898 Bissonnet, Suite 620
   Houston, Texas 77036
   *Meteorologist*
   (713) 505-0524

The above-named witnesses may be called to testify as weather events with regard to the nature, existence of wind and hail at the insured property Said expert will base opinions on their respective training, education, experience, and review of the reports, and data, and other documents previously produced or to be produced in this case.  His reports, if not attached, with be produced and are incorporated by reference.

Greg Degeyter is a meteorologist who is expected to testify that hail or high winds occurred at the insured location during the policy period.

Greg Degeyter's opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

Plaintiff will supplement documents, if not attached, for a complete statement of Greg Degeyter findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions.

**II.**

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

**III.**

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

**IV.**

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

**V.**

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

**VI.**

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

**VII.**

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

**VIII.**

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on July 15, 2019.

**Eric B. Dick**

Filed
7/16/2019 10:55 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

CAUSE NO: CV-0081964

| | | |
|---|---|---|
| **TIMOTHY RANIERI AND RENEE BURGESS** | § § § | **IN THE COUNTY CIVIL COURT** |
| **VS.** | § § | **AT LAW NO. 3** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | § § § | **GALVESTON COUNTY, TEXAS** |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTIONS TO QUASH DEPOSITIONS AND FOR PROTECTIVE ORDERS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("United Property" or "Defendant"), Defendant in the above-entitled and numbered cause and files this, its Response to Plaintiff, Timothy Ranieri's, *Motion to Quash Notice of Deposition of Timothy Ranieri and for Protective Order*, and to Plaintiff, Renee Burgess', *Motion to Quash Notice of Deposition of Renee Burgess and for Protective Order* (collectively "Plaintiffs' Motions"), and would respectfully show unto the Court the following:

### I.

1.     Plaintiffs' counsel made no attempt to resolve this matter prior to filing the Motions to Quash for Protective Orders. Therefore, he is in violation of Texas Rule of Civil Procedure 191.2.

### II.

2.     This lawsuit arises from an insurance dispute wherein Plaintiffs claim Defendant failed to pay the amount owed under their homeowners' policy for damages to their home allegedly caused by a storm-event. Defendant simply seeks to depose both Plaintiffs in order to obtain information relevant to their claims, as is its right under the Texas Rules of Civil

Procedure. This matter is currently set for trial for the one-week period beginning February 24, 2020.

3.     By correspondence dated June 27, 2019, Defendant requested to take the Plaintiffs' depositions, and offered several dates the undersigned counsel could be available for same. *See* **Exhibit A**. The letter stated that if no respond was received by July 5, 2019, the depositions would be set for August 22, 2019, beginning at 10:00 a.m., to take place at the office of Plaintiffs' counsel. **Exhibit A**. Plaintiffs did not respond to the letter, therefore, on July 5, 2019, Defendant served Plaintiffs, through counsel, with notices setting their depositions for August 22, 2019. *See* **Exhibit B**.

4.     On July 8, 2019, without attempting to confer with Defendant,  Plaintiffs filed the instant Motions to Quash and for Protective Orders "generally objecting" to the deposition notices on grounds that they were not properly served, and the date, times, and location of the depositions are inconvenient. (*See* Plaintiffs' Motions, pp. 2.) Plaintiffs' Motions further assert, without factual support, that protective orders are necessary to protect Plaintiffs from "undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." (*Id.*).

5.     For the reasons discussed herein, Plaintiffs did not meet their burdens in establishing that the properly noticed depositions should be quashed or that Plaintiffs are entitled to protection from same. *See* TEX. R. CIV. P. 192.6(b). Thus, Defendant respectfully requests that the Court deny Plaintiffs' Motions and require the depositions move forward as noticed on August 22, 2019, beginning at 10:00 a.m., at the office of Plaintiffs' counsel, or a location mutually agreed upon by the Parties within ten (10) days of the entry of the Court's Order denying Plaintiffs' Motions.

### III.    ARGUMENTS & AUTHORITIES

6.    The purpose of discovery is to seek the truth, so disputes may be decided by what facts are revealed, not by what facts are concealed. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 555 (Tex. 1990). Discovery may be obtained about any matter relevant to the subject matter of the case. Tex. R. Civ. P. 192.3(a). Information is discoverable as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

7.    Defense counsel attempted to confer with Plaintiffs' counsel regarding Plaintiffs' availability for their depositions, but received no response. **Exhibit A**. Thus, Defendant noticed the depositions to occur over 48 days after the notices were served. **Exhibit B**. Rather than offering alternative dates for the depositions, Plaintiffs' moved to quash the deposition notices and sought protection from same, arguing that (1) the notices were not properly served upon the Plaintiffs; (2) Plaintiffs were not given sufficient advance notice of the depositions; (3) the date and times of the depositions were not agreed to by Plaintiffs or their counsel; (4) the place of the depositions (the office of Plaintiffs' counsel) is inconvenient; and (5) Plaintiffs' counsel is not available on the date and times of the depositions. (*See* Plaintiffs' Motions, pp. 2.) Plaintiffs' Motions further argue, without factual support, that protective orders are necessary to protect Plaintiffs from "undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." (*Id.*) Plaintiffs seek protective orders which reschedule the depositions for a "time, date and place more convenient" for Plaintiffs' and their counsel, but do not offer any alternative dates or places for the depositions to occur. (*Id.*)

#### A.    Plaintiffs' Motions to Quash Should be Denied

8.    Because the undersigned counsel attempted (unsuccessfully) to seek Plaintiffs' input and secure mutually agreeable times for their depositions, Plaintiffs' conclusory statements

that the date, times, and place of the depositions are inconvenient are not legitimate grounds for quashing the depositions.

9.      Plaintiffs further complain that they were not given "sufficient advance notice" of the depositions. Rules 199.2(a) and (b)(2) of the Texas Rules of Civil Procedure state that notice of deposition must be served a reasonable time before the date of deposition. "As a general rule, ten days' notice should be reasonable, but depending on the circumstances, a shorter time might also be reasonable." Michol O'Connor et al., *O'Connor's Texas Rules--Civil Trials* (2010), Chapter 6, Part F, § 4.5. Defendant's deposition notices gave Plaintiffs 48 days' notice, far in excess of the generally accepted ten days' notice.

10.     Plaintiffs also argue that the notices were not properly served. However, as shown in **Exhibit B**, Defendant served the deposition notices to Plaintiffs' counsel electronically through eFileTexas.gov, to the email address listed for Plaintiffs' counsel in the Plaintiffs' Original Petition, in accordance with Rule 21a(1) of the Texas Rules of Civil Procedure.

11.     Next, Plaintiffs state that the location of the depositions is inconvenient, but do not offer an alternative location for the depositions to occur. While this lawsuit is set in Galveston, Texas, Defendant noticed the depositions to occur at the office of Plaintiffs' counsel, which is located in Houston, Texas. Defendant will gladly amend the deposition notices to take place in Galveston or Dickinson, where the Plaintiffs' reside, as prescribed by Rule 199.2(b)(2) of the Texas Rules of Civil Procedure.

12.     Because Defendant's deposition notices were reasonable as to time and place, and Defendant has agreed to amend the notices to occur in Galveston or Dickinson, Texas, Defendant respectfully asks the court to deny Plaintiffs' Motions to Quash.

**B.**     **Plaintiffs' Motions for Protective Orders Should be Denied**

13.     Plaintiffs ask the Court to enter a protective order, "as follows: The deposition[s] rescheduled for a time, date and place convenient for Movant[s] and Plaintiff's counsel." (*See* Plaintiffs' Motions, at pp. 2.) Plaintiffs, however, do not state with any reasonable specificity what time, date, or place would be convenient for them and their counsel. Aside from making the conclusory statements that Plaintiffs need to be protected from "undue burden, unnecessary expense, harassment, annoyance or invasion of personal, constitutional, or property rights," Plaintiffs have not explained how the noticed depositions will constitute undue burden, unnecessary expense, harassment, or annoyance, or exactly what personal, constitutional, or property rights Plaintiffs anticipate being violated.

14.     To prove undue burden, the party resisting discovery cannot simply make conclusory allegations that the requested discovery is unduly burdensome. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999). To support a motion for protect order, the movant must attach evidence and "must show particular, specific and demonstrable injury by facts sufficient to justify a protective order." *Masinga v. Whittington*, 792 S.W.2d 940 (Tex. 1990); *In re Amaya*, 34 S.W.3d 354, 367-7 (Tex. App.—Waco 2001, orig. proceeding).

15.     Plaintiffs provide absolutely no facts in their motions, and therefore, cannot show particular, specific and demonstrable injury, as is required by Texas law. Accordingly, Defendant respectfully asks the court to deny Plaintiffs' Motions for Protective Orders.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant, United Property & Casualty Insurance Company, respectfully prays that this Court deny Plaintiff, Timothy Ranieri's, *Motion to Quash Notice of Deposition of Timothy Ranieri and for Protective Order*, and Plaintiff, Renee Burgess', *Motion to Quash Notice of Deposition of Renee Burgess and for Protective Order* and

require the depositions move forward as noticed, on August 22, 2019, beginning at 10:00 a.m., at the office of Plaintiffs' counsel, or a location mutually agreed upon by the Parties within ten (10) days of the entry of the Court's Order denying Plaintiffs' Motions. Defendant further prays for this Court to award it its reasonable expenses and costs incurred in responding to Plaintiffs' Motions, any and all such further relief it may be deemed justly entitled.

Respectfully Submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Sarah R. Smith*

Sarah R. Smith
Texas State Bar No. 24056346
Sarah C. Plaisance
Texas State Bar No. 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 16th day of July, 2019.

Eric B. Dick                                    ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

/s/ Sarah R. Smith
Sarah R. Smith

# EXHIBIT A



**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Sarah R. Smith
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Sarah.Smith@lewisbrisbois.com
Direct: 832.460.4622

Sarah C. Plaisance
Sarah.Plaisance@lewisbrisbois.com
Direct: 346-241-4950

June 27, 2019

File No. 39552.168

Eric Dick
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092

**VIA FACSIMILE AND ELECTRONIC MAIL**
Fax: (713) 893-6931
E-Mail: eric@dicklawfirm.com
dickdidit911@gmail.com

Re: Cause No. CV-0081964; *Timothy Ranieri and Renee Burgess v. United Property & Casualty Ins. Co.*; in the County Court at Law No. 3 of Galveston County, Texas

Dear Mr. Dick:

I would like to schedule the depositions of Plaintiffs, Timothy Ranieri and Renee Burgess, and currently have the following dates available:

August 12, 2019; August 15, 2019; August 22, 2019; and August 23, 2019

Please let me know which one of these dates works best for you and your clients. These dates can only be held until **July 5, 2019**. If I have not heard back from you by that time, I will notice Plaintiffs' depositions to occur on Thursday, August 22, 2019, to begin at 10:00 AM in your office.

Thank you for your anticipated cooperation in this regard and I look forward to hearing from you soon.

Very truly yours,

 */s/ Sarah C. Plaisance*

Sarah C. Plaisance with
LEWIS BRISBOIS BISGAARD & SMITH LLP

SCP/

cc: Sarah R. Smith (firm)

**Plaisance, Sarah**

| | |
|---|---|
| **From:** | Plaisance, Sarah |
| **Sent:** | Thursday, June 27, 2019 11:20 AM |
| **To:** | eric@dicklawfirm.com; Deanna Dick |
| **Cc:** | Smith, Sarah; VanHoose, Ronnette; Ityonzughul, Shayla |
| **Subject:** | Ranieri v. UPC - Plaintiffs' depositions |
| **Attachments:** | Ranieri - Letter to OC re Plaintiffs' Depositions .pdf |

Counsel,

Please see the attached correspondence.

Thank you,
Sarah



**Sarah C. Plaisance**
**Attorney**
Sarah.Plaisance@lewisbrisbois.com

**T: 346.241.4950  F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046  |  LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

1

# EXHIBIT B

## Proof of Service

This Proof of Service serves as notice that eService submission below has been delivered to the recipients below at the indicated time.

**Submission ID :** 34911725

**SubmittedDate :** 07/05/19 02:16 PM CDST

**Jurisdiction :** Galveston County - County Court at Law No. 3

**Case Number :** CV-0081964

**Case Style :** Timothy Ranieri, et alvs.United Property & Casualty Insurance Company

**Case Matter Number :** 39552-168

**Client :**

### eServed Document Detail(s)

| Filing Code | Document | | | | Type |
|---|---|---|---|---|---|
| Service Only | **Document Name** | | **Type** | **Security** | eServe |
| | Stamped__Notice of Deposition to Plaintiff Ranieri.pdf | | | | |

**Service Status :**

| Status Code | Name | Email | Served | Opened |
|---|---|---|---|---|
| Sent | Eric Dick | eric@dicklawfirm.com | 07/05/19 02:17 PM CDST | 07/07/19 09:39 PM CDST |

filetime

**Filing Details**

| | |
|---|---|
| Submission Id: 34911725 | |
| Submission Date and Time: 07/05/19 02:16 PM | |
| Submission Status: served | |
| Filing Acceptance Date and Time: 07/05/19 02:17 PM | |
| Clerk Notes: | |
| Filing Comments: | |

**Case Information**

Case Title: Timothy Ranieri, et alvs.United Property & Casualty Insurance Company
Location: Galveston County - County Court at Law No. 3
Court: Galveston County - County Court at Law No. 3
Case Category: Civil - Contract
Case Type: Debt/Contract - Debt Collection
Case Number: CV-0081964

Client ID: 39552-168
Attorney: Sarah Plaisance
Filer: Shayla Ityonzughul
Payment Account: Comerica - Kraeger

**Parties**

| Party Type | Name | Attorney |
|---|---|---|
| Plaintiff | Timothy Ranieri | |
| Defendant | United Property & Casualty Insurance Company | Sarah Plaisance |
| Plaintiff | Renee Burgess | |

**Filing**

| Filing Code | Document | | | Type |
|---|---|---|---|---|
| Service Only | | | | eServe |
| | **Document Name** | **Type** | **Security** | |
| | Notice of Deposition to Plaintiff Ranieri.pdf | Lead Document | Does not contain sensitive data | |
| | Stamped__Notice of Deposition to Plaintiff Ranieri.pdf | | | |

**Court Services Requested**

**Firm Service Contacts**

| Name | Email Address |
|---|---|
| Sarah Smith | Sarah.Smith@lewisbrisbois.com |
| Ronnette VanHoose | Ronnette.VanHoose@lewisbrisbois.com |
| Sarah Plaisance | Sarah.Plaisance@lewisbrisbois.com |

**Filing eService Recipients**

| Status Code | Name | Email | Served | Opened |
|---|---|---|---|---|
| Sent | Eric Dick | eric@dicklawfirm.com | 07/05/19 02:17 PM CDST | 07/07/19 09:41 PM CDST |

**Fax Service**

| Name | Number | Pages | Status | Last Delivery Attempt | Response |
|---|---|---|---|---|---|

© 2019 FileTime. All rights reserved.

**Fees Breakdown**

**Court Fees**

| | |
|---|---|
| Filing Fee | $0.00 |
| **Total Fee For This Filing** | **$0.00** |
| **Submission Fees** | |
| eFiling Manager Convenience Fee | $0.09 |
| FileTime Service Fee | $2.99 |
| Sales Tax on FileTime Fee | $0.25 |
| **Total Submission Fees** | **$3.33** |
| **Total Fees for this Submission** | **$3.33** |

**Credit Card Information Breakdown**

**Your credit card statement will show:**

**Pleading**

| | |
|---|---|
| Jurisdiction (TXEFILE) | $0.00 |
| eFiling Manager (Tyler (TX)file Conv Fee) | $3.33 |

Billing Time and Date:   07/05/19 02:17 PM

⊖Print

## Proof of eService

This Proof of eService serves as notice that the following service below has been successfully sent to the individual(s) indicated below



Fast and Reliable ═══

RE: Client ID - 39552-168
Dear Shayla,

Your eService to:
- Recipient – Eric Dick
- Firm –
- Recipient Number –
- Recipient Email – eric@dicklawfirm.com
- Case Number - CV-0081964
- Jurisdiction - Galveston County - County Court at Law No. 3

| Filing Details | | | | |
|---|---|---|---|---|
| **Filing Code** | **Document** | | | **Type** |
| Service Only | **Document Name** | **Type** | **Security** | eServe |
| | Notice of Deposition Plaintiff Renee Burgess.pdf (/Filing/ViewDocument/6286627? filingId=2796472&fileName=Notice%20of%20Deposition%20Plaintiff%20%20Renee%20Burgess.pdf) | | | |
| | Stamped__Notice of Deposition Plaintiff Renee Burgess.pdf (/Filing/ViewDocument/6321372? filingId=2796472&fileName=Stamped__Notice%20of%20Deposition%20Plaintiff%20Renee%20Burgess.pdf) | | | |

Was successfully delivered on 07/05/19 02:17 PM CDST.

Thanks for using FileTime eService.

**Contact Us**
800-658-1233
Support@FileTime.com (mailto:Support@FileTime.com)
**FileTime**
PO Box 34165 | San Antonio TX 78265 | 800-658-1233

CAUSE NO: CV-0081964

| | | |
|---|---|---|
| **TIMOTHY RANIERI AND RENEE BURGESS** | § § § | **IN THE COUNTY CIVIL COURT** |
| **VS.** | § § | **AT LAW NO. 3** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | § § § | **GALVESTON COUNTY, TEXAS** |

---

### DEFENDANT'S NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF PLAINTIFF, TIMOTHY RANIERI

---

TO:   Plaintiffs, Timothy Ranieri and Renee Burgess, by and through their attorney of record, Eric B. Dick, Dick Law Firm, PLLC, 3701 Brookwoods Drive, Houston, TX 77092.

PLEASE TAKE NOTICE that the oral deposition of Plaintiff, Timothy Ranieri, will be taken on **Thursday, August 22, 2019 at 10:00 a.m.,** at Dick Law Firm, 3701 Brookwoods Drive, Houston, Texas 77092, before a court reporter lawfully authorized to take the deposition.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_____/s/ Sarah R. Smith_____
Sarah R. Smith
Texas Bar No:  24056346
Sarah C. Plaisance
Texas Bar No: 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

**Attorneys for Defendant, United Property & Casualty Insurance Company**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on July 5, 2019, via electronic mail addressed to:

Eric B. Dick                                          ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, TX 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

                                                        */s/ Sarah R. Smith*
                                                        Sarah R. Smith

CAUSE NO: CV-0081964

| | | |
|---|---|---|
| TIMOTHY RANIERI AND RENEE BURGESS | § § § | IN THE COUNTY CIVIL COURT |
| VS. | § § | AT LAW NO. 3 |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | § § § | GALVESTON COUNTY, TEXAS |

**DEFENDANT'S NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF PLAINTIFF, RENEE BURGESS**

TO:    Plaintiffs,  Timothy Ranieri and Renee Burgess, by and through their attorney of record, Eric B. Dick, Dick Law Firm, PLLC, 3701 Brookwoods Drive, Houston, TX 77092.

PLEASE TAKE NOTICE that the oral deposition of Plaintiff, Renee Burgess, will be taken on **Thursday, August 22, 2019 at 12:00 p.m.,** or immediately following the deposition of Plaintiff, Timothy Ranieri, at Dick Law Firm, 3701 Brookwoods Drive, Houston, Texas 77092, before a court reporter lawfully authorized to take the deposition.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_____/s/ Sarah R. Smith_____
Sarah R. Smith
Texas Bar No:  24056346
Sarah C. Plaisance
Texas Bar No: 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

**Attorneys for Defendant, United Property & Casualty Insurance Company**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on July 5, 2019, via electronic mail addressed to:

Eric B. Dick                    ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, TX 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

*/s/ Sarah R. Smith*
Sarah R. Smith

CAUSE NO: CV-0081964

| | | |
|---|---|---|
| **TIMOTHY RANIERI AND RENEE BURGESS** | § § | **IN THE COUNTY CIVIL COURT** |
| | § | |
| **VS.** | § | **AT LAW NO. 3** |
| | § | |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | § § | **GALVESTON COUNTY, TEXAS** |

## ORDER ON PLAINTIFFS' MOTIONS TO QUASH AND FOR PROTECTIVE ORDERS

On this day came to be considered Plaintiff, Timothy Ranieri's, *Motion to Quash Notice of Deposition of Timothy Ranieri and for Protective Order*, and to Plaintiff, Renee Burgess', *Motion to Quash Notice of Deposition of Renee Burgess and for Protective Order* (collectively "Plaintiffs' Motions"), and after considering the pleadings on file, the Motions, the Response, and the arguments of counsel, the Court is of the opinion that the Motions should in all respects be **DENIED**. *

**IT IS, THEREFORE, ORDERED** that Plaintiff, Timothy Ranieri's, *Motion to Quash* ~~Notice of Deposition of Timothy Ranieri and for Protective Order~~ is ~~in all things~~ **DENIED**. It is further ORDERED that Plaintiff, Renee Burgess', *Motion to Quash Notice of Deposition of Renee Burgess and for Protective Order* is ~~in all things~~ **DENIED** in port as to the Motion for Protective order. *

*in part as to the motion for protective order GRANTED in part as to Plaintiffs Motions to quash.*

IT IS FURTHER ORDERED that ~~Plaintiffs' depositions move forward as noticed on August 22, 2019, beginning at 10.00 a.m., at the office of Plaintiffs' counsel, or a location mutually agreed upon by the Parties within ten (10) days of the entry of this Order.~~

no later than August 15, 2019, the parties agree to a date, time and location for Plaintiffs' depositions to occur by September 30, 2019.

4814-6001-8844.1

~~IT IS FURTHER ORDERED that Defendant be awarded the reasonable costs incurred in~~

~~responding to Plaintiffs' Motions to Quash and for Protective Orders, in the amount of~~

~~$~~ .

SIGNED this 17ᵗʰ day of July, 2019.

_____
PRESIDING JUDGE

FILED

2019 JUL 17 PM 2:27

_Dwight A. Sullivan_
COUNTY CLERK

4814-6001-8844.1

Filed
10/15/2019 1:34 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

NO. CV-0081964

| | | |
|---|---|---|
| TIMOTHY RANIERI and RENEE BURGESS, | § | IN THE COUNTY CIVIL COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | AT LAW NUMER 3 |
| | § | |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY, | § | |
| *Defendant* | § | GALVESTON COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED DESIGNATION OF EXPERT WITNESSES

NOW COMES, Plaintiff who files this, it's Amended Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

**I.**

Plaintiff may call the following experts who are not retained:

1. Richard Gadrow
   30719 Meadow Edge Drive
   Magnolia, Texas 77354
   *General Contractor/Estimator*

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, loss cause (ie: hail, storm, etc), and value of Plaintiff's property and similar property. He may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim.

Said expert will base opinions on his respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property. His estimates will be supplemented and are incorporated by reference.

He is an estimator who is expected to testify regarding his investigation and handling of Plaintiff's claim, including the cause, origin, scope of damage and costs of repair. He will testify that he properly identified and estimated the scope and amount of damage made the basis of Plaintiff's claim subject to this lawsuit.

His opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

His is expected to opine the following: (1) the insured location sustained covered wind and/or hail damage during the effective policy period and the proper scope of repairs to address the aforementioned damages is reflected in the estimate previously produced or to be produced ; (2) evidence of covered damages warranting replacement of the estimated damages was obvious and reasonably clear during his site inspection and an insurance carrier adjusting this claim reasonably and in good faith either knew or should have known to identify and accept coverage

for the aforementioned reasonably clear damages; (3) to the extend Defendant failed to acknowledge and accept coverage for the aforementioned reasonably clear damage, Defendant adjusted this claim in bad faith; (4) Defendant did not fully indemnify the insured for his/her loss and he/she has not been paid to restore the insured's property back to pre-loss condition; and (5) the insured was underpaid for this claim and Defendant knew or should have known that its claim decision constituted an unfair denial because evidence of covered damages warranting further coverage at all times was reasonably clear during its claim investigation.

Plaintiff will supplement documents for a complete statement of this experts findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions ⌊SEP⌋

His report and resume will be supplemented if not attached.

Additional information he used in making any opinions, if any, will be supplemented if not attached.

2. Ray Choate
   541 County Road 4106
   Crandall, Texas 75114
   *Appraiser*

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, loss cause (ie: hail, storm, etc), and value of Plaintiff's property and similar property.  He may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim.

Said expert will base opinions on his respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property.  His estimates will be supplemented and are incorporated by reference.

He is an appraiser who is expected to testify regarding his investigation and handling of Plaintiff's claim, including the cause, origin, scope of damage and costs of repair. He will testify that he properly identified and estimated the scope and amount of damage made the basis of Plaintiff's claim subject to this lawsuit.

His opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

He may opine the following: (1) the insured location sustained covered wind and/or hail damage during the effective policy period and the proper scope of repairs to address the aforementioned damages is reflected in the estimate previously produced or to be produced ; (2) evidence of covered damages warranting replacement of the estimated damages was obvious and reasonably clear during his site inspection and an insurance carrier adjusting this claim reasonably and in good faith either knew or should have known to identify and accept coverage for the aforementioned reasonably clear damages; (3) to the extend Defendant failed to acknowledge

and accept coverage for the aforementioned reasonably clear damage, Defendant adjusted this claim in bad faith; (4) Defendant did not fully indemnify the insured for his/her loss and he/she has not been paid to restore the insured's property back to pre-loss condition; and (5) the insured was underpaid for this claim and Defendant knew or should have known that its claim decision constituted an unfair denial because evidence of covered damages warranting further coverage at all times was reasonably clear during its claim investigation.

Plaintiff will supplement documents for a complete statement of this experts findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions.

His report and resume will be supplemented if not attached.

Additional information he used in making any opinions, if any, will be supplemented if not attached.

   3. Robert W. Von Dohlen
      112 West 4th Street
      Houston, Texas 77007
      *Bad Faith Expert*

Said expert will base opinions on his respective training, education, experience, and review of the reports, insurance application, claim file, and data, and other documents previously produced or to be produced in this case.

The above-named witnesses may be called to testify as insurance professional with regard to what a reasonable and prudent insurance adjuster and/or insurance company would have done in processing the insurance claim subject to this lawsuit.  More so, what actions taken by an insurance company and its agents constitute good faith and/or bad faith.  Said expert will base opinions on their respective training, education, experience, and review of the insurance policy application, data, and other documents previously produced or to be produced in this case.

He is a licensed attorney and licensed adjuster who is expected to testify regarding his investigation and Defendant's handling of Plaintiff's claim. It is expected that he will testify that the Defendant did not exercise good faith while adjusting Plaintiff's claim.

He will testify that it is his experience that an insurance company while acting in good faith will look for ways that an insurance policy will pay benefits. Basically, he will testify that it is common practice for insurance companies to give policy holders the benefit of the doubt. His opinions are that the underlying claim was handled in bad faith because Defendant was looking for ways to avoid paying policy benefits. More specifically, that a sign of an insurance company acting in bad faith is when they give little to no weight as to the facts and circumstances as depicted by the insured. Finally, he will testify that the insurance carrier participated in appraisal in bad faith.

His opinions are within his claim report, deposition, and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and reviewing the handling of the claim.

The above-named witnesses may be also called to testify as insurance professional and legal expert with regard to what constitutes a valid defense of fraud. More specifically, he will testify that the Defendant would be incorrect is claiming fraud because there is a lack of materiality and/or there no material evidence showing intent to deceive on behalf of the insured.

Plaintiff will supplement documents for a complete statement of his findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions.

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, cause, and value of Plaintiff's property and similar property.  He may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim.  He may also provide an opinion as to the causation of damages. Said experts will base opinions on their respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property.  His estimates will be supplemented and are incorporated by reference.

His report and resume, if any, will be supplemented if not attached.

Additional information he used in making any opinions will be supplemented

4. Pooya Koohbanani
   1001 Belleview Street, Suite 308
   Dallas, Texas 75215

The above-named witnesses may be called to testify with regard to the causation, nature, existence of damage at the insured property Said expert will base opinions on their respective training, education, experience, and review of the reports, and data, and other documents previously produced or to be produced in this case.  His reports, if not attached, with be produced and are incorporated by reference. His resume is available at the above indicated website.

His opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

Pooya M. Koohbanani is an engineer who is expected to opine as follows: an event (ie: hail or high winds) occurred at the insured location during the policy period and said event caused damaged to the insured property.

Plaintiff will supplement documents, if not attached, for a complete statement of Pooya M. Koohbanani's findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions.

Plaintiff may call the following experts who are retained:

5. Eric Dick, LL.M.
   Chris Carmona (of Counsel)
   Joseph Synoradzki (of Counsel)
   Dick Law Firm, PLLC
   3701 Brookwoods Dr.
   Houston, Texas 77092
   (832) 207-2007
   www.dicklawfirm.com

The above attorneys may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred or recoverable by any party to this lawsuit. Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims. The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

Information regarding Eric Dick:

| | |
|---|---|
| College: | Thomas M. Cooley |
| Degree: | Juris Doctorate |
| Distinctions: | Cum Laude |
| College: | University of Alabama |
| Degree: | Masters of Laws and Letters |

Notable information: Interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history. Named by Super Lawyers as a Rising Star.

Mr Dick's report and resume, if not attached, will be provided to Defendant and are incorporated by reference.

The mental impressions and opinions are that fees and costs associated with this litigation are reasonable, necessary and customary in this county and surrounding counties. A reasonable fee to be charged in this case is $450.00 per hour in consideration with several factors, including:

- The nature and complexity of the case;
- The nature of the services provided by counsel;
- The time required for trial;
- The amount of money involved;
- The client's interest that is at stake;
- The responsibility imposed on counsel;
- The skill and expertise involved; and
- Those matters enumerated in State Bar Rule 1.04(b) (1)-(8), which are:

- o The time and labor required, the novelty and difficulty of the questions presented and the skill required to perform the legal services properly;
- o The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer;
- o The fee customarily charged in the locality for similar legal services;
- o The amount involved and the results obtained;
- o The time limitations imposed by the client or the circumstances;
- o The nature and length of the professional relationship with the client;
- The experience, reputation and ability of the lawyer or lawyers performing the service.

Plaintiff may call the following expert who is not retained:

6. Greg Degeyter
   9898 Bissonnet, Suite 620
   Houston, Texas 77036
   *Meteorologist*
   (713) 505-0524

The above-named witnesses may be called to testify as weather events with regard to the nature, existence of wind and hail at the insured property Said expert will base opinions on their respective training, education, experience, and review of the reports, and data, and other documents previously produced or to be produced in this case.  His reports, if not attached, with be produced and are incorporated by reference.

Greg Degeyter is a meteorologist who is expected to testify that hail or high winds occurred at the insured location during the policy period.

Greg Degeyter's opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

Plaintiff will supplement documents, if not attached, for a complete statement of Greg Degeyter findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions.

**II.**

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

**III.**

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

**IV.**

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

**V.**

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

**VI.**

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

**VII.**

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

**VIII.**

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on October 15, 2019, a true and correct copy of the above was served to parties of record in a method appropriate under Texas Rules of Civil Procedure.

Eric Dick
Texas Bar #24064316