United States District Court
Southern District of Texas
**ENTERED**
August 05, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:19-cv-00370

TIMOTHY RANNIERI AND RENEE BURGESS, *PLAINTIFFS*,

v.

UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, *DEFENDANT*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Before the court is the plaintiffs' motion to remand.[1] Having considered the parties' arguments and the applicable law, and for the reasons discussed below, the court grants the motion.

## I.   FACTUAL BACKGROUND

United Property and Casualty Insurance Company insured the plaintiffs, Timothy Rannieri and Renee Burgess' home in Dickinson.[2] The policy was effective for one year, beginning on June 9, 2017.[3] On August 26 of that year, Hurricane Harvey struck the Texas coast. The storm damaged the plaintiffs' home (and many others as

---

[1]   Dkt. 14.

[2]   *Id.* at 55–130 (homeowner's policy). Page-number citations to documents that the parties have filed refer to those that the court's electronic-case-filing system automatically assigns.

[3]   *See id.* at 55.

well). The plaintiffs timely notified United of their loss and filed a claim on their homeowner's policy.[4]

According to the plaintiffs, United assigned an adjuster who "was improperly trained, had inadequate knowledge of the type and scope of loss, have [sic] very little or no hands[-]on experience with construction, and was not qualified to prepare the underlying estimate for damages."[5] Unsatisfied with United's "lowball" estimate, the plaintiffs retained their own independent expert and sought to invoke the policy's appraisal process.[6]

## II.   PROCEDURAL HISTORY

On September 24, 2018, the plaintiffs sued United in state court,[7] asserting a single breach-of-contract claim for its alleged refusal to participate in the appraisal process.[8] While not couched as a separate claim, the plaintiffs also "demand" to invoke the policy's appraisal process.[9]

The plaintiffs' state-court petition is hardly a model of clarity.[10] But their pleadings are clear on one key point: "[Their] lawsuit is not about the *amount* of loss. . . . [I]t is about [United's] refusal to participate in the appraisal process and the actual

---

[4]     *Id.* at 11.

[5]     *Id.*

[6]     *See id.* at 85 (policy's appraisal clause).

[7]     *Timothy Ranieri and Renee Burgess v. United Prop. & Cas. Ins. Co.*, Cause No. CV-008964, in the County Court at Law No. 3, Galveston County, Texas.

[8]     Dkt. 14 at 9–18.

[9]     *Id.* at 14–17.

[10]     For instance, at one point, the plaintiffs purport to reserve their right to invoke the appraisal process; one page later, they demand to invoke the appraisal process; and three pages after that, they claim they already "invoked appraisal prior to filing this lawsuit." Dkt. 14 at 13–14, 17; *see also* footnote 50, *infra*.

damages [the] [p]laintiffs suffered in forcing [United] to participate in the appraisal process."[11] Moreover, their petition does not contain any of the causes of action one might generally expect to accompany a breach-of-contract claim on an insurance policy (*e.g.,* violations of the Texas Deceptive Trade Practices Act, Texas Insurance Code, or Prompt Payment of Claims Act).[12] Instead, the plaintiffs' pleaded damages are as follows: (1) actual damages suffered as a result of United's refusal to participate in the appraisal process; (2) actual damages and benefit of the bargain from United's refusal to pay proper policy benefits; (3) attorneys' fees incurred as a result of United's refusal to participate in the appraisal process; and (4) a court order requiring United to participate in the appraisal process.[13]

## A. United's First Attempt at Removal

On March 31, 2019, United timely removed the case to this court based on diversity jurisdiction.[14] The plaintiffs moved to remand based on a stipulation attached to their state-court petition, signed by their attorney, that "[n]either [the] [p]laintiff[s] nor [their] attorney will accept an amount that exceeds $75,000.00 exclusive of interest and costs."[15]

---

[11]   Dkt. 14 at 13 (emphasis in original).

[12]   *See id.* at 17.

[13]   *Id.* at 17.

[14]   *Ranieri, et al. v. United Property & Casualty Ins. Co.*, Civ. A. 3:19-cv-00115, in the United States District Court for the Southern District of Texas, Galveston Division (Hanks, J.).

[15]   The full text of the plaintiffs' stipulation is as follows:

   1.   The total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

   2.   The total damages sought by the Plaintiff [sic] in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

On June 7, 2019, Judge George C. Hanks, Jr., granted the plaintiffs' motion to remand, correctly finding that the plaintiffs' binding stipulation defeated diversity jurisdiction.[16]

## B. Second Attempt at Removal

In September 2019, Burgess testified at her deposition that: (1) she was not aware of the stipulation limiting her potential recovery to $75,000; (2) she believes her damages exceed $75,000; (3) "[i]f [she] ever saw that limitation, [she] would not have agreed to it"; and (4) if such stipulation was attached to the petition, it was done so in error.[17]

Based on this testimony, United removed the case again.[18] United acknowledges that a defendant generally cannot remove a lawsuit more than one year after it was initiated; but it argues the plaintiffs' attorney acted in bad faith when he executed a stipulation without his client's knowledge or consent purporting to limit

---

3.  Neither Plaintiff [sic] nor his/her attorney will accept an amount that exceeds $75,000.00 exclusive of interest and costs.

4.  Neither Plaintiff [sic] of [sic] his/her attorney will amend his/her petition after one year to plead an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5.  Neither Plaintiff [sic] nor his/her attorney will authorize anyone on his/her behalf or his/her future heirs and/or assigns, to make such an amendment.

6.  Plaintiff [sic] and his/her attorney understand and agree that Plaintiff's [sic] recovery is limited to an amount less than $75,000.00 exclusive of interests and costs.

*Id.* at 34–35.

[16]    Civil Action No. 3:19-cv-00115, Docket Entry No. 17; *see also Mason v. Evanston Ins. Co.*, 3:19-CV-98, 2019 WL 2412558, at *1 (S.D. Tex. June 7, 2019) (Hanks, J.) (remanding based on a binding stipulation that the plaintiff will not accept damages in excess of $75,000); *Wen Wireless, Inc. v. Amguard Ins. Co.*, CV H-18-4493, 2019 WL 916701, at *1 (S.D. Tex. Feb. 25, 2019) (Lake, J.) (same); *Stephens v. GeoVera Specialty Ins. Co.*, 4:16-CV-02372, 2016 WL 10731946, at *2 (S.D. Tex. Dec. 20, 2016) (Ellison, J.) (same); *Mokhtari v. Geovera Specialty Ins. Co.*, CIV.A. H-14-3676, 2015 WL 2089772, at *1–2 (S.D. Tex. May 4, 2015) (Lake, J.) (same); *Williams v. Companion Prop. & Cas. Ins. Co.*, CIV.A. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (Rosenthal, J.) (same).

[17]    Dkt. 1–4 at 6–10 (87:14–87:17, 88:6–88:21, 93:2–93:4, 95:21–96:2).

[18]    Dkt. 1.

his clients' potential damages in a blatant attempt to evade federal jurisdiction.[19] According to United, Burgess' testimony that her damages exceed $75,000 establishes new grounds for removal affirmatively showing that the jurisdictional amount in controversy has been satisfied.

The plaintiffs counter that Burgess' testimony is irrelevant, and United's reliance on it is inappropriate, because the damages to which Burgess testified—what she believes to be the damages to her home caused by Hurricane Harvey—are neither pleaded nor sought in the underlying lawsuit.[20] Rather, the plaintiffs argue, "Burgess was testifying to damages for which [the plaintiffs] may later file suit (*or amend their current pleading*) to recover," and that "removal will not become ripe unless and until [the] [p]laintiffs *amends* [sic] their pleadings seeking recovery for damages to their home."[21]

In its sur-reply, United points to the plaintiffs' admission that they may amend their petition to seek more than $75,000 as further proof that "the purported 'binding stipulation' attached to their [p]etition is invalid, fraudulent, and should be disregarded in this [c]ourt's analysis of federal jurisdiction."[22] United adds that Burgess' "admission begs the conclusion that the sum claimed [by the plaintiffs] in their [p]etition was not pleaded in good faith and evidences [the] [p]laintiffs' manipulative tactics to avoid federal jurisdiction."[23]

---

[19]     *Id.* at 4-5.

[20]     Dkt. 14 at 5.

[21]     Dkt. 17 at 2 (emphasis added).

[22]     Dkt. 22 at 2.

[23]     *Id.*

## III.    Applicable Law

## A. Removal Jurisdiction

A defendant may remove an action from state court to federal court if the action is one over which the federal court possesses subject-matter jurisdiction.[24] The removing party "bears the burden of establishing the facts necessary to show that [subject-matter] jurisdiction exists."[25] In the event a defendant's removal is based on diversity jurisdiction, as in the case at bar, a district court will refuse jurisdiction unless the defendant can prove all necessary jurisdictional facts by a preponderance of the evidence.[26] All ambiguities and "doubts regarding whether removal jurisdiction is proper [will] be resolved against federal jurisdiction."[27]

Section 1446(b) allows a defendant to file successive removals based on different factual bases.[28] In such a case, a party must file its notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[29] Deposition testimony is a form of "other paper" that can make a suit removable under section 1446(b).[30]

---

[24]    *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see* 28 U.S.C. § 1441(a).

[25]    *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[26]    *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

[27]    *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[28]    *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[29]    28 U.S.C. § 1446(b).

[30]    *S.W.S. Erectors, Inc.*, 72 F.3d at 494.

## B. Timeliness of Removal

Even when a case which was not initially removable becomes removable, the right to remove is not absolute. If it has been more than one year since the action commenced, the case may not be removed "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[31]

Courts in this circuit have not settled on a clear standard for determining bad faith in the section 1446(c)(1) context.[32] The Fifth Circuit, however, has provided some guidance: "When it comes to bad faith . . . the question is what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'"[33] Other courts have likewise focused on whether a plaintiff's conduct amounts to manipulation of the removal rules in an effort to prevent removal.[34]

## C. Effect of Damages Stipulation on Removal

If a plaintiff binds itself to collect an amount in damages below the jurisdictional amount in controversy necessary to exercise diversity jurisdiction, then a defendant cannot invoke removal jurisdiction because the amount-in-controversy

---

[31]    28 U.S.C. § 1446(c)(1); *see Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292–93 (5th Cir. 2019), as revised (Aug. 23, 2019) ("Congress created an exception to this [one-year] time bar where 'the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.'").

[32]    *See Bennett v. United Rentals (N. Am.), Inc.*, 3:19-CV-00270, 2019 WL 5293544, at *4 (S.D. Tex. Oct. 18, 2019).

[33]    *Hoyt*, 927 F.3d at 293 (emphasis in original).

[34]    *Jones v. Ramos Trinidad*, 380 F. Supp. 3d 516, 521 n.50 (E.D. La. 2019) (collecting cases); *see, e.g.*, *Bennett*, 2019 WL 5293544, at *4–5.

requirement is not satisfied.[35] "The rationale behind this clear-cut rule is simple: it is legally certain that the action will not implicate an amount in controversy large enough to confer jurisdiction of the federal courts."[36]

## IV.   Analysis

For the purposes of the removal statute, state law determines when an action is commenced.[37] In Texas, an action commences when the suit is filed in the office of the clerk.[38] The plaintiffs filed the underlying lawsuit on September 24, 2018.[39] United did not remove the action until November 6, 2019.[40] Accordingly, unless the court finds the plaintiffs acted in bad faith to prevent removal, this court lacks subject-matter jurisdiction over the dispute and must remand.

United argues the "[p]laintiffs' counsel acted in bad faith by attaching an invalid stipulation to the [o]riginal [p]etition, purporting to limit his clients' potential damages without their knowledge or consent . . . ."[41] But the court must first determine whether the stipulation at issue is binding. If so, the question of whether the plaintiffs acted in bad faith to defeat federal jurisdiction is moot.[42]

---

[35]   *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 214 (E.D. Tex. 1996).

[36]   *Id.*; *accord Espinola-E v. Coahoma Chem. Co., Inc.*, 248 F.3d 1138 (5th Cir. 2001) ("a binding stipulation that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction").

[37]   *Taylor v. Bailey Tool & Mfg. Co.*, 744 F.3d 944, 947 n.4 (5th Cir. 2014).

[38]   Tex. R. Civ. P. 22.

[39]   Dkt. 14 at 9–18 (state-court petition).

[40]   Dkt. 1.

[41]   *Id.* at 5.

[42]   Courts in this district have routinely held stipulations identical to the one at issue preclude a federal court from exercising diversity jurisdiction. *See, e.g., Williams*, 2013 WL 2338227, at *2–3; *Mokhtari*, 2015 WL 2089772, at *2.

## A. Whether the Stipulation is Binding

The plaintiffs' assertion that they are seeking less than the jurisdictional amount remains presumptively correct unless United can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount necessary to implicate federal jurisdiction.[43] The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pleaded.[44] The defendant must instead produce evidence that *establishes* the actual amount in controversy exceeds $75,000.[45]

A defendant can satisfy this burden if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."[46]

Here, only the latter is in play. United has produced Burgess' deposition transcript, in which she testified that she was not aware of the stipulation limiting her potential recovery to $75,000 and that, if such a stipulation was attached to her state-court petition, it was done so in error.[47] The plaintiffs counter that Burgess' testimony "is wholly irrelevant to removal because it is unrelated to [the] [p]laintiffs' claims for damages in the active pleadings."[48] Pointing toward their state-court petition, the

---

[43]   *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[44]   *Id.* (emphasis in original).

[45]   *Id.* (emphasis added).

[46]   *Ford v. United Parcel Serv., Inc. (Ohio)*, 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (quoting *Manguno*, 276 F.3d at 723).

[47]   Dkt. 16–2 at 12–13, 15–16 (92:20–93:4, 95:21–96:2).

[48]   Dkt. 14 at 4.

plaintiffs argue: "This lawsuit is not about the *amount* of loss. . . . [I]t is about [United's] refusal to participate in the appraisal process and the actual damages [the] [p]laintiff[s] suffered in forcing [United] to participate in the appraisal process."[49]

The court finds United's argument unpersuasive. The plaintiffs' state-court petition does not include a claim for the alleged damage to or loss of covered property.[50] And "[t]he possibility that [a] plaintiff *may* in the future seek or recover more damages is insufficient to support federal jurisdiction *now*."[51] So, even assuming

---

[49] *See id.* at 13 (emphasis in original).

[50] United argues Burgess' testimony is relevant to the damages sought by the plaintiffs because, in their petition, they expressly request "[a]ctual damages and benefit of the bargain from [United's] refusal to pay proper policy benefits." Dkt. 16 at 2; *see* Dkt. 14 at 17 (state-court petition). But the facts pleaded in the petition directly contradict this type of relief. *See, e.g.*, Dkt. 14 at 13 ("This lawsuit is not about the *amount* of loss. . . . [I]t is about [United's] refusal to participate in the appraisal process and the actual damages [the] [p]laintiff[s] suffered in forcing [United] to participate in the appraisal process." (emphasis in original)), ("[The] [p]laintiff [sic] seeks the actual damages she/he has suffered in forcing [United] to participate in appraisal."), at 17 ("[United] is given notice that this lawsuit is filed without any intent to waive any appraisal rights because this lawsuit is not relating [sic] the *amount* of loss." (emphasis in original)), ("More specifically, this is a lawsuit brought to prevent [United] from continuing in its attempts to avoid participation in the appraisal process.").

"Inadvertence in pleading, though inartful, cannot create a basis for federal jurisdiction unsupported by the factual allegations underlying the asserted claim or claims." *Beery Advisors, LLC v. Strategic Aviation LLC*, CV 18-8213, 2019 WL 2724042, at *4 (E.D. La. July 1, 2019); *see generally Ashley v. Sw. Bell Tel. Co.*, 410 F. Supp. 1389, 1392 (W.D. Tex. 1976) ("Neither artful or inartful pleading, nor inadvertence, mistake, or fraud can keep the Federal Courts from their appointed task of reaching the real nature of the claim asserted in plaintiff's complaint . . . .").

Since section 1441(c) was intended to restrict, not enlarge, removal rights, "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957) (citing *Healy v. Ratta*, 292 U.S. 263, 270 (1934) and *Aetna Ins. Co. v. Chi., R. I. & P. R. Co.*, 229 F.2d 584, 586 (10th Cir. 1956)); *see Greer v. MAJR Fin. Corp.*, 105 F. Supp. 2d 583, 591 n.6 (S.D. Miss. 2000) (same) (citations omitted); *Brown v. N.J. Mfrs. Ins. Grp.*, 322 F. Supp. 2d 947, 950 (M.D. Tenn. 2004) (same) (citations omitted).

The court finds that the plaintiffs' phrasing in the petition's prayer creates an ambiguity in pleading—that is, while the allegations do not support actual or benefit-of-the-bargain damages for United's alleged refusal to pay "proper policy benefits," the prayer nevertheless refers to such damages. Given the court's charge to construe the removal statute strictly and resolve ambiguous or inartful pleadings in favor of remand, the court finds the plaintiffs' errant reference to United's alleged refusal to "pay proper policy benefits" does not create diversity jurisdiction.

[51] *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (emphasis added); *accord De Aguilar*, 47 F.3d at 1411. The *Burns* court required the removing defendant prove to a "legal certainty" that the plaintiff's claim exceeded the jurisdictional threshold. *See id.* at 1095. In 2011, the standard was lowered

the stipulation is unenforceable, United has still failed to show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount necessary to exercise diversity jurisdiction.

But the court also finds United has failed to establish that the stipulation is unenforceable. The deposition testimony upon which United relies plainly shows that Burgess did not claim the *damages at issue in the underlying lawsuit* exceed the jurisdictional minimum. Instead, as demonstrated below, United's counsel uses an apples-to-oranges comparison, equating the plaintiffs' live breach-of-contract claim— for United's alleged refusal to participate in the appraisal process—to any and all future claims the plaintiffs might assert against United for damages to their home or United's handling of their claim.

> **Q:** And you're aware that the [p]etition limits your – or includes a stipulation that limits your potential recovery in this lawsuit to $75,000?
>
> **A:** No.[52]
>
> ***
>
> **Q:** Are you aware that the [p]etition includes a stipulation purporting to bind you legally to damages -- or I'm sorry --potential recovery of $75,000 or less?
>
> *** discussion between counsel ***
>
> **A:** No
>
> **Q:** Okay.
>
> **A:** And if I am, it's in error.

---

by statutory amendment to the "preponderance of the evidence" standard the court applies in this case. *See* 28 U.S.C. § 1446(c)(2)(B).

[52]    Dkt. 16–2 at 7 (87:14–87:17).

**Q:**    It's in error to limit your damages?

**A:**    Yes, ma'am.

**Q:**    And why do you -- what makes you say that?

**A:**    Because my damages are fluid. My damages are a lot more now than they were six months after Harvey.[53]

*** discussion between counsel ***

**Q:**    Are you aware that [your petition] includes a cause of action for breach of contract against [United]?

**A:**    I would have to assume that it certainly would. I have not read that.

**Q:**    Right. And do you think that [United] breached the contract of insurance?

**A:**    I can't tell you letter for letter what the contract of insurance contains --

**Q:**    But --

**A:**    But I would say, as a policyholder, did [United] breach the contract? You betcha, absolutely.

**Q:**    And I am not trying to trick you.

**A:**    I understand, but I'm just saying I can't -- I can't tell you what the contract says, but as a policyholder who has paid them a lot of money, yes.

**Q:**    And so, in what way do you think they breached the contract, in your opinion?

**A:**    In my opinion as a policyholder --

**Q:**    Yes ma'am.

**A:**    -- and nothing more --

---

[53]    *Id.* at 8 (88:6–88:21).

**Q:**     Yes, ma'am.

**A:**     -- I believe they had an obligation to pay a claim for damages that I received.

**Q:**     Okay. And you were not aware that the [p]etition includes that statement, that your damages are limited to $75,000, right? Here is the stipulation that's in your [p]etition.[54]

                    *** discussion between counsel ***

**Q:**     Were you aware that that stipulation or that statement, those statements, were in your [p]etition?[55]

                             ***

**A:**     I know, but I know how this happened, and I -- If I ever saw that limitation, I would not have agreed to it.

**Q:**     Okay.

**A:**     But I don't know how it reads and what it means, because I am not an attorney.[56]

Burgess' testimony concerns the damage to the plaintiffs' home purportedly caused by Hurricane Harvey. Her statement that she "would not have agreed to the stipulation" is taken out of context, given that the underlying lawsuit does not include a claim for those damages. United likewise misconstrues the plaintiffs' interrogatory response (in which they state "the actual cash value of all property [they] are claiming to be damaged or destroyed as a result of Harvey" is $75,292.35[57]) and the plaintiffs'

---

[54]     *Id.* at 10–11 (90:14–91:18).

[55]     *Id.* at 12 (92:20–92:22).

[56]     *Id.* at 13 (93:2–93:7).

[57]     *See* Dkt. 16–4 at 4–5.

sworn proof of loss (which states the amount claimed under the policy is $86,634[58])
as proof that the damages at issue exceed the jurisdictional minimum.

Notably, Burgess' most relevant answer to the question before the court—
whether her deposition testimony vitiates the binding stipulation—is cut short
because United includes only an excerpt of the transcript. But even Burgess' partial
answer drives home the point that when she stated her damages exceed $75,000, she
was not referring to the damages at issue in the underlying lawsuit:

> **Q:** What is your understanding of the appraisal process pursuant to
> the insurance contract?
>
> **A:** I don't know the appraisal process as not being an appraiser or in
> the insurance business. What I understand [of] the appraisal
> process has come from my appraiser, where he says -- [United's]
> appraiser comes out, [my appraiser] comes out, they go around
> and they look at everything and they talk, and if they agree, "You
> give me this and I'll give you that," and if they don't agree, they
> bring a mediator out and he does that. But if you don't like what
> the mediator says, if either side doesn't like it, *then it goes
> forward in a legal action*. We're not bound, the way I understand
> it, by just three guys on -- [end of deposition excerpt][59]

On balance, United has not persuaded the court that Burgess' testimony either
voids the binding stipulation or shows by a preponderance of the evidence that the
amount in controversy is greater than $75,000.[60]

---

[58]     Dkt. 16–6 at 24.

[59]     Dkt. 16–2 at 18 (98:13–98:25) (emphasis added).

[60]     *De Aguilar*, 47 F.3d at 1412.

## B. Any Future Amendment by the Plaintiffs

As for United's concern that the plaintiffs may later amend their petition to include claims for the damages about which Burgess testified,[61] this fear is misplaced. The express terms of the stipulation—which the court finds valid and enforceable— preclude the plaintiffs from amending their petition "after one year" to plead an amount in controversy in excess of $75,000, exclusive of interests and costs.[62] Moreover, as Judge Sim Lake observed in *Mokhtari*, the stipulation's prohibition against amending the plaintiffs' petition "after one year to plead an amount in controversy in excess of $75,000" is a red herring.[63] "Had the provision been omitted, [the] [p]laintiff[s] could presumably amend the petition at any time, to the extent permitted by the Texas Rules of Civil Procedure, but [the] [p]laintiff[s] would still be bound by the $75,000 cap in the stipulation."[64] Stated differently, if the plaintiffs do amend their state-court petition to include additional claims, their recovery is capped at $75,000, exclusive of interests and costs—full stop.[65]

It is possible (and, indeed, likely) the plaintiffs will assert claims against United for the damages about which Burgess testified. But those damages are not currently

---

[61]    In their reply brief, the plaintiffs ominously state, "Burgess was testifying to damages for which [the] [p]laintiffs may later file suit (*or amend their current pleadings*) to recover," and that "removal will not become ripe unless and until [the] [p]laintiffs *amends* [sic] their pleadings seeking recovery for damages to their home." Dkt. 17 at 2 (emphasis added).

[62]    Dkt. 1–2 at 92 ("Neither Plaintiff [sic] of [sic] his/her attorney will amend his/her petition after one year to plead an amount in controversy in excess of $75,000.00, exclusive of interests and costs.").

[63]    *See Mokhtari*, 2015 WL 2089772, at *2.

[64]    *Id.*

[65]    *See id.*

at issue.[66] Thus, since the jurisdictional amount in controversy is not satisfied, the court cannot exercise diversity jurisdiction and must remand.[67]

***

For the foregoing reasons, the court grants the plaintiffs' motion to remand. Accordingly, this action is remanded to Galveston County Court at Law No. 3. The clerk of court shall mail a certified copy of this order to the Galveston County Clerk. *See* 28 U.S.C. § 1447(c).

Signed on Galveston Island on this, the 5th day of August, 2020.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

[66]     *See* Dkt. 14 at 9–17 (state-court petition).

[67]     *See Burns*, 31 F.3d at 1097 ("The possibility that plaintiff *may* in the future seek or recover more damages is insufficient to support federal jurisdiction *now*." (emphasis added)); *accord De Aguilar*, 47 F.3d at 1411.